UPS
O+9 /µo

------------------------------

**Docket No: 13-4076**

------------------------------

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE THIRD CIRCUIT

### JOHN PAUL OPOKU

*Plaintiff -Appellant*

### V.

## EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES; KIMBERLY GRIFFIN; SUZANNE MARTINEZ; CHRISTINA   JOY F. GRESE

*Defendants-Appellees*

------------------------------

## APPELLANT OPENING BREIF

## OF JOHN PAUL OPOKU

------------------------------

## APPEAL FROM THE JUDGMENT OF DISMISSAL OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### District Court Docket: 12-3457

## ENTERED ON SEPTEMBER 25, 2013

## HONORABLE PETRESE B TUCKER

I

------------------------------------

John Paul Opoku

2110 Bronx Park East 2A

Bronx, NY 10462

Tel.: 718-829-8978

Email: johnopk42@aol.com

(PRO SE)


Ms. Claudia M. Tesoro,                              Brian W. Shaffer

21 South 12th ST, Philadelphia,          1701 Market Street

3rd Floor, PA 19107 – 3604.              Philadelphia, PA 19103- 2901

(Counsel for Griffin                                (Counsel for ECFMG & Grese)

and Martinez)                                        Appellees


## TABLE OF CONTENTS

Page (s)

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION……………………...…………………… 1

STATEMENT OF ISSUES…....……………………………………………  2 - 4

STATEMENT OF RELATED CASES AND PROCEEDINGS………………....  4

STATEMENT OF CASE …………….....…………………..……………….4 - 8

STATEMENT OF FACTS ……………………………………….......8 - 10

STANDARD OF REVIEW………………………………………………...10 - 11

SUMMARY OF ARGUMENT…………………………………………...… 11

ARGUMENT…………………………………… ……………11 - 29

CONCLUSION…………………………………………………………..30

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## ATTACHMENT TO BRIEF

**VOL. 1 of APPENDIX**…………………….…………………… ………APP - 1

(Vol. 1 is joined to AOB)

**VOL. 2 of APPENDIX** ……………………………………………….APP -2

(Vol. 2 is separate from AOB)

## TABLE OF CITATIONS

Adickes v. S.H Kress & Co. 398 U.S 144. 90 S. Ct. 1598…………………..…...23

An-Tiv-Michigan Technological University, 493 F. Supp. 1137……………..……..30

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)………………………………… ......16

Barry Young v. Tom Corbett, case number 09-2220, on April 29,

2009, Third Circuit Court of PA…..…………………………...……………….22

Bell Atl. Corp. v. Twombly, 550 U.S 544, 555 (2007)………………………… …..16

Bounds v. Smith 430 U.S. 817.821 (1977)………………………..……………...16

Bray v. Alexandra Women's Health Clinic 113 S. ct. 733 (1993)…………..……26

Carollo v. Forty-Eight Insulation, Inc, 442 Pa. 283, 276 A. 2d 513 (1971)……....16

Daniels v. City of New York. 291 AD 2d 260 (2002)...................................27

Dennis v. Sparks. 449 U.S. 24. 101 S Ct, 183 ........................................23

Evancho v. Fisher, 423 F. 3d 347, 353 (3d Cir. 2005).................................22

Feld v. Merriam, 485 A.2d.742, 747-48 (Pa 1984) ...................................19

Filartiga v. Pena-Irala 630F. 2d 876 (1980)...........................................27

Floyd v. City of New York. 739 F Supp. 2d 376 (2010)..............................27

Gomez v. Toledo (1980, U.S)

64 L Ed 2d 572, 100S. Ct. 1920.....................................................15, 30

Grant v. Kingswood Apts, 2001 WL 1178796, at *5 (E.D. Pa. Oct. 2, 2001........19

Griffen v. Breckridge, 403 U.S 88, 102 (1971)........................................26

Hansen v. Anderson, 113 Or App 216, 218, 831 p2d 717 (1992)....................16

Miller by Miller v. Leljedal, 71 Pa. Cmwlth. 372, 452 A. 2d 540 (1980)...........16

Osborn v. Bank of the United States 22 U.S 738.................................25, 28

Pension Benefit Guaranty Corp v. White Control Indus, Inc,

1998 F.2d1192, 11992, 1196 -97 (3rd Cir. 1993)....................................17

Picking v. Pennsylvania Railway, (151 F2d 240)................................15, 30

Reesler v. Jones Motor Co., inc., 337 Pa.

Super. 602, 487A. 2d 424 (1985).....................................................17

Rod v. Dellarciprette, 845 F. 2d. 1195, 1207 (3d Cir 1988)..........................22

Ricci v. Destefano, 530 F. 3d 87 (06/29/09; case No. 07-1428) .....................20

Saucher v. Katz, 533 U.S. 194 (2001)...................................................28

Stringer v. Car Data Inc, 314 Or 576, 584, 841 P2d 1183 (1992) ...................23

Tom Morello Const. Co. Inc v. Saving Loan Assn'n,

280 Pa. Super. 329, 421 A. 2d 747(1980)..............................................16

Walter Process Equipment v. Food Machinery382 U.S 172 (1965……..………...30

Wheeler v. Johns-Mansville Corp,

342 Pa. Super. 473, 493 A. 2d. 120 (1985). …………………………………......16

## STATUTES

Alien Tort Statute (ATS) of 1789………………………………………….24, 27

18 U.S.C 242…………………………………………………………….…...23

18 U.S.C 1001…………………………………………………………….…...23

18 U.S.C 1291……………………………………………………………….....1

18 U.S.C 1503………………………………………………………………...21, 23

18 U.S.C 1621……………………………………………………..…….…...23

18 U.S.C 1513…………………………………………………….…………...23

28 U.S.C. § 1391…………………………………………………………...…...1

28 U.S.C §1331…………………………………………………………….......1

§ 35 of the Judiciary Act of 1789 1 Sat 73, 92………………………...……..........15

42 U.S.C. §§   1983 ……………………………...……………………..1, 22, 23, 25, 26

42 U.S.C § 1985… …………………………………..……………….....1, 23, 25, 26

Title VII……………………………………………………………...………...20, 23

## TEABLE OF OTHER AUTHORITIES

3rd Circuit Local Appellate Rules 27.3…………………………………………..14

3rd Circuit Local Appellate Rules, Rule 28.1 (a)(2)………………………......…..4

Fed R. Civ.  P. Rule 4 (b) (1) (B)……………………………………………….5, 12

<u>Fed R. Civ. P. Rule 4</u>…………………………………………………..11, 29

<u>Fed. R. Civ. P Rule 6 (d)</u> …………………...…………………………..11, 29

<u>Federal Rules of Civil Procedure Rule 15 (a) (2)</u>……………………………15

<u>Fed. Rule of Civ. P. Rule 60 (b) (1)</u>…………………….…………………...30

<u>Local Civil Rule, Rule 7.1 (c)</u>…………………………………..……....14

<u>Local Rules of Civil Procedure Rule 7.1 (d)</u>……………………..…....14, 15

<u>Pennsylvania Rules of Civ. P. 403</u>……………………………..………5, 12

## APPELLANT'S OPENING BREIF

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

The United States District Court for the Eastern District of Pennsylvania had jurisdiction over this matter under 28 U.S.C § 133l and the action commenced pursuant to 42 U.S.C. §§ 1983 & 1985 regarding Federal Question, 440 other civil rights. This Court has jurisdiction over this matter under U.S.C. 28 § 1391 regarding Federal Question, 3440 other civil rights. The District Court entered final judgment of dismissal on September 25, 2013 to close the case 12-3457. Appeal is taken from the final judgment pursuant to 28 § 1291. (Doc 19)(App.-1- B)

This appeal arises from a final judgment and the order that Defendants Education Commission for Foreign Medical Graduates and Christina Grese's motion to dismiss complaint for failure to State a Claim (App-2- I) (Doc 5), and Kimberly Griffin and Suzanne Martinez's Motion to dismiss for failure to State a Claim. (App-2- J (Doc 10) are granted. Plaintiff Opoku's Motion to Amend the Memorandum of Law in Opposition to ECFMG and Grese's Motion to Dismiss Complaint (App-2-M) (Doc 17) is denied. The Clerk of Court Shall Mark the Above Captioned Matter Closed for Statistical Purpose. (App-1- B) (Doc19).

## **STATEMENT OF ISSUES PRESENTED FOR REVIEW**

The following issues were presented for review and arise from the District Court's final judgment in the above captioned matter (Doc 19) (App-1-B), and are the basis of Plaintiff Opoku's request for review by the U.S Court of Appeals for the Third Circuit:

1. Whether the conclusion embodied in the order and decree that Defendants Education Comm[ission] '- ' for Foreign Medical Graduates and Christina Grese's Motion to Dismiss for Failure to State a Claim (App-2-I) ( Doc 5), and Defendants Kimberly Griffin and Suzanne Martinez's Motion to Dismiss for Failure to State a Claim (App-2-J (Doc 10) are supported by the substantial evidence embodied in Plaintiff Opoku's Doc 15, ( App-2-K) pp. 1- 21, Doc 16 (App- 2-L), pp. 1- 22, and Doc 17 (App-2-M, pp. 1- 21).

2. Whether the District Court's decision is constitutional since it approves the abrogation of certain portions of the United States' Constitution by the defendants, as enhanced in Plaintiff Opoku's motions in opposition to the defendants' motions to dismiss complaint. (Doc 5: App- 2- I, p.1); (Doc 10: App-2-J, p.20); (Doc 15: App-2- K, pp. 10 -21), (Doc 17: App-2-M, pp. 1-21 )

3. Whether the District Court's decision sets a precedence that overthrows legal authorities and precedence relevant to this case, as established by higher Courts, including that of the Third Circuit Court, and therefore the District Court erred, as a matter of law. See Doc15(App-2 – K), pp. 10 – 20); Doc 17 (App-2- M), pp.1 & 8 -21

4. Whether the District Court's decision is in *clear error* since it sets precedence that automatically approves and authorizes parties represented by counsels to explicitly amend the Federal Rules of Civil Procedures through trumped up technicalities when feel confronted by non-lawyer pro se litigant, who deprived of representation by the defendants, has no choice but to appear as Pro se to defend basic human and civil rights. See Doc 5 (App- 2- I), p. 1); (Doc 9, pp. 3- 4); Doc 17 (App-2-M), pp. 10 – 14); Doc 15 (App-2- K), pp. 1 – 9); & Doc 11, pp.1-3).

5. Whether the District Court would have been able to arrive at its conclusion to grant the defendants' motions to dismiss had it not deny Plaintiff Opoku's "Motion to Amend the Memorandum of Law in Opposition to ECFMG and Grese's Motion to Dismiss Complaint" Doc 17 (App-2- M), pp. 1-21), which provides some more clarity of the factual and legal

enhancement of the evidence embodied in the **Doc 16 (App-2-L)** it was meant to replace. (Doc 5: App-2- I); Doc 5-1 pp. 22, & Doc 17 (App - 2- M), pp. 1-21)

## STATEMENT OF RELATED CASES
## AND PROCEEDINGS

Plaintiff Opoku declares to the best of his knowledge and recollection, in accordance with the <u>3rd Circuit Local Appellate Rules, Rule 28.1 (a) (2),</u> that no part of this case or proceeding on appeal before this court has been before this court previously, nor is Plaintiff Opoku aware of any case that is in any way related to, completed, pending, or about to be presented before this court or any other court or agency, state, or federal.

## STATEMENT OF CASE
(See Docket Entries for Case 12-3457: App-1-D)

Plaintiff Opoku filed complaint (Doc 1: App-2- G, pp. 1- 37) on June 19, 2012 at the District Court for the Eastern District of Pennsylvania against the defendants ECFMG, Grese, Griffin, and Martinez, pleading (a) intentional deprivation of rights and privileges guaranteed and protected by the Constitution of the United States, (b) intentional affliction of emotional distress by way of defrauding, exploitation, retaliation, discrimination, marginalization, and

obstruction of justice, (c) intentional deprivation of due process, and (d) intentional deprivation of the right to be represented by an attorney. (Doc 1) (App-2-G), p. 34.

Additional pleading for summary judgment for default arose in the course of the proceedings at the District Court when all four defendants neglected to keep the 24 days deadline stipulated by Federal Rules of Civil Procedure Rule 6 (d). See Doc 14 (App – 1- C); (Doc 5: App-2- I); & Doc 17 (App - 2- M), pp. 1-21) (Doc 5: App- 2- I, p. 1); (Doc 9, pp. 3- 4); Doc 17 (App-2-M), pp. 10 – 14); (Doc 15: App- 2- K, pp. 1 – 9); & Doc 11, pp.1-3).

Plaintiff prayed the District Court for relief in punitive and compensatory damages from the Defendants in an amount of a total of $42, 000,000.00 (Forty-two million U.S Dollars) along with express apologies and injunctions to end the marginalization, retaliation and discrimination. Doc 1 (App-2- G), pp. 36-37)

Service of summonses was properly made and completed on all four defendants on June 27, 2012 by certified mail ("USPS EXPRESS MAIL") in accordance with Fed R. Civ. P. Rule 4 (b) (1) (B) and Pennsylvania Rules of Civ. P. 403. Plaintiff Opoku filed Affidavit on 7/10/2012 in the District Court with proofs of service of the summonses on the four defendants (Doc 3). Instead of responding to the summonses, Defendants Griffin and Martinez falsified a waiver (Doc 4) (App-2-H) in the name of Plaintiff Opoku and filed it with the District

Court on 7/20/2012, the date the response was due. Counsels for defendants filed their notice of appearances on 7/23/2012 and 7/24/2012 respectively (See Docket Entries at App-1- D). On July 23, 2012, three days after 24days deadline, Defendants Education Commission for foreign medical graduates and Christina Grese (Hereafter Defendants ECFMG and Grese) filed a motion to dismiss complaint stating failure to state a claim and for improper service (Doc 5: App-2-I), p. 1

Plaintiff Opoku filed a motion for summary judgment for default against the defendants on August 8/02/2012 (Doc 8) on the basis of Doc 3. On 8/3/2012 Defendants Griffin and Martinez also filed a motion (Doc 9) to oppose summary judgment, and a motion to dismiss complaint mentioning failure to state a claim and lack of prosecution (Doc10) (App-2- J). On 8/7/2012 Defendants ECFMG and Grese also filed a motion to oppose summary judgment for default (Doc 11). On 8/15/2012, Plaintiff Opoku filed a motion in opposition to defendants' motion opposing summary judgment (Doc 12). On 4/16/2013 the District Court ordered Plaintiff Opoku to respond to defendants' motions to dismiss by May, 7, 2013 deadline, and also dismissed the motion for summary judgment with prejudice citing prematurity as the reason. See Docs 13 & 14 respectively.

On May 3, 2013, Plaintiff Opoku filed two separate motions (Doc 15) (App-2- K) & (Doc 16) (App-2 – L) in opposition to the defendants' motions to dismiss

complaint. On May 7, 2013, Plaintiff Opoku filed a motion (Doc 17) (App-2- M) to amend memorandum associated with Doc 16 (App-2-L) in opposition to Defendants ECFMG and Grese's motion to dismiss complaint and prayed the District Court for reversal of summary judgment decision based on the evidence enhanced.

On September 25, 2013, District Court entered final Judgment granting Defendants' motions to dismiss complaint and denying Plaintiff Opoku's motion to amend memorandum instead of reversing the earlier summary judgment decision. The District Court at the same time ordered the case closed and this has brought about this appeal. (Doc 17) (App-2-M). (Doc 19) (App-1-B)

Plaintiff Opoku timely filed Notice of Appearance on October 8, 2013 (Doc 20: App-1-A), which was entered and docketed in the Court of Appeals for the Third Circuit on October 10, 2013. Plaintiff Opoku filed the Certificate of Transcript Order Purchase (Doc 22) with the District Court on October 16, 2013.

On October 17, 2013 and October 18, 2013 respectively, the required documents needed to be filed in connection with this appeal were filed with the Court of Appeals for the Third circuit by Plaintiff Opoku and identical copies were served on the Appellees-Defendants on the same date by UPS certified mail through their counsels on record. The documents filed included: Appellant

Certificate of Records Designation, Appellant Certificate of Statement of Issues,

Certificate of Transcript Purchase Order, (with Certificate of No Transcript order),

Appellant Statement of Representation (exempted for pro se), and Copy of the

District Court's Order being appealed. An Affidavit with proof of Service of these

documents was filed in the Court of Appeals on October 24, 2013.

## 1. **STATEMENT OF FACTS**

The underlying litigation of this appeal arose from Defendant ECFMG, out

of malice and contempt, forging the lowest of the lowest failing test scores (137

out 336 questions, and 90 out of 410 questions) to replace Plaintiff Opoku's

excellent record-breaking test scores on United States Medical License

Examination (Hereafter USMLE) Step 1 and Step 2-CK simply because Plaintiff

Opoku is currently of foreign nationality and has proved outstanding in excellence

beyond their expectation, as described in detail in the paragraphs 15 through 89 of

the Complaint (Doc 1 ) (App-2-G), pp. 4- 36

Notably, Defendant ECFMG's unlawful marginalization, discrimination, and

prejudicial action started immediately after Plaintiff Opoku took the USMLE Step

1 examination on August 19, 2008. Plaintiff Opoku took the next USMLE

examination (USMLE 2 – CK) on February 9, 2009 with the understanding that

reaffirming his integrity and ability would get him the respect he deserved from the

Defendant ECFMG but the defendant remained adamant and became even worse in spitefulness by maliciously forging a much lower test score to replace Plaintiff Opoku's excellent test score on the second test also. See App-2-G or Doc 1 pp.4 - 8.

Plaintiff Opoku's efforts to resolve the matter internally failed and that brought him to Pennsylvania Human relations Commission (PHRC) after he consulted with the Attorney General's Office in Harrisburg. The Defendants ECFMG and Grese, however, engaged actions that further marginalized Plaintiff Opoku by obstructing justice, as they fostered conspiracy with PHRC representatives Defendants Griffin and Martinez to stifle Plaintiff's efforts to resolve the matter legally. In conspiracy all four defendants presented Plaintiff Opoku with counterfeit PHRC, which was later discovered at PHRC Central Office in Harrisburg because of the inauthentic PHRC docket number they assigned to fool Plaintiff Opoku. (Doc 15) (App-2- K), p 2, & pp. 10 – 12. The Defendants had falsified letters and documents in the name of PHRC senior officials to deceive Plaintiff Opoku for about a period of 32 months to prevent Plaintiff Opoku from finding out the fake PHRC presented to him.

The defendants also blocked the services of two lawyers Plaintiff retained for $5,375.00 in furtherance of their concealment of the counterfeit PHRC. See Doc 1 (App-2- G), p 9- 32. Still in furtherance of their concealment the Defendants

ECFMG and Grese lured Plaintiff Opoku to deposit additional $1295.00 to register for the USMLE exams' continuation (USMLE Step 2-CS) and declared forfeiture of that money for Plaintiff Opoku not being able to take the exam because of the retaliatory policies they had designed to stifle him. See Doc 1 (App-2-G), pp. 33-34; & Doc 15 (App-2- K), pp. 2, & 10 – 13.

With few months left for all statutes of limitation to expire on his case and finding no lawyer to assist him because of the defendants' propaganda, Plaintiff Opoku had no choice but to file his complaint at the federal court as pro se to defend his basic human and civil rights violated by the conduct of the defendants.

## STANDARD OF REVIEW

*Plenary* and *substantial evidence* review are requested pertaining to the Order that Defendants ECFMG and Grese's motion to Dismiss Complaint (Doc 5) (App-2- I)) etc. are granted, Plaintiff Opoku's Motion to Amend the Memorandum of Law in Opposition to ECFMG and Grese's Motion to Dismiss Complaint (Doc 17) (App-2- M) is denied, the Clerk of Court Shall Mark the Above Captioned Matter Closed

*Plenar*y and *substantial evidence review* are requested pertaining to the Order that Defendants Griffin and Martinez 's Motion to Dismiss Complaint (Doc 10) ( App 2- J) are granted, etc.

*Plenary and substantial evidence* review are requested pertaining to the Defendants' misrepresentation of the <u>Fed R. Civ. P.</u> Rule 4, for not only to cover up inexcusable default of <u>Fed R. Civ. P.</u> Rule 6 (d), but also getting non-lawyer pro se Plaintiff Opoku to be penalized by the District Court for their false claim of improper service of the summonses.

## SUMMARY OF ARGUMENT

The District Court's judgment being appealed in this case erroneously fulfills the defendants' quest to have their unlawful marginalization, mistreatment, and dehumanization of Plaintiff Opoku endorsed on account of Plaintiff Opoku's **appearance as pro se** to defend basic human and civil rights while being of **foreign nationality**. This is a miscarriage of justice, as a matter of law and the Court of Appeals is entreated to reverse the decision and grant plaintiff Opoku summary judgment on the original pleadings and on the default pleading.

## ARGUMENT

### *1. Plenary and substantial evidence review requested*

**pertaining to the Order that Defendants Education Commission for Foreign Medical Graduates and Christina Joy F Grese's motion to Dismiss Complaint (Doc 5) (App-2- I)) are granted, Plaintiff Opoku's Motion to Amend the Memorandum of Law in Opposition to ECFMG and Grese's**

**Motion to Dismiss Complaint (Doc 17) (App-2-M) is denied, the Clerk of**

**Court Shall Mark the Above Captioned Matter Closed, etc.**

**(Doc 19) (App -1-B)**

On April 16, 2013, when the District Court dismissed Plaintiff Opoku's

motion for summary judgment (Doc 8) with prejudice in favor of the Defendants

citing prematurity as the reason, Plaintiff Opoku understood that he had the burden

of proof to enhance the evidence that proved that he served summonses properly

on all four defendants in accordance with the procedural rules, as evidenced by

Doc 3. Plaintiff Opoku also understood that if he were able to fulfill this easy task

the District Court would reverse the summary judgment decision of April 16, 2013

in his favor, as a matter of justice and of law (See Doc 14 posted at (App-1- C). In

fact, in the entire Doc 15 (App-2-K), Doc 16 (App-2- L), and (Doc 17) (App- 2-

M), Plaintiff Opoku proved beyond every reasonable that, not only does his

complaint state valid claims against the defendants, but also he served summonses

on all four defendants properly in accordance with the <u>Fed R. Civ. P. Rule 4 (b)</u>

<u>(1) (B)</u> and <u>Pennsylvania Rules of Civ. P. 403</u>.

By his Motion to amend the memorandum in opposition to the Defendants

ECFMG and Grese's motion to dismiss complaint (Doc 17) (App- 2- M), p 21,

Plaintiff Opoku prayed the District Court for reversal of the summary judgment

decision in his favor for having fulfilled his part of the burden of proof, as a matter

of law. In consonance Plaintiff Opoku stated at (Doc 17) (App- 2- M), p 21,

> Plaintiff therefore prays the court to reject the motion to dismiss
> submitted by ECFMG and Grese and their co-defendants and
> reverse the summary judgment decision for the defendants in
> favor of the plaintiff.

Instead of granting Plaintiff Opoku's prayer on the merits of Docs 15, 16, and 17,

however, the District Court granted the Defendants' motions to dismiss the valid

complaint as a way to fulfill the quest of the defendants to have their

marginalization of Plaintiff Opoku reinforced on account of his foreign nationality

and appearance as pro se. See Doc 5 (App- 2- I) p.1 and Doc 10 (App-2- J) p 20.

The District Court's decision is *clearly erroneous* and raises three fundamental

questions, as a matter of law, and as a matter of justice:

> a. Whether appearing pro se in the federal courts in the United States
>    to defend basic human and civil rights is an obstacle to justice as a
>    matter of law, as Defendants ECFMG and Grese have argued in
>    Doc. 5 (App – 2- I), p. 1.  See Doc 17 (App-2-M), pp. 1 – 8; Doc
>    16 (App -2- L), p. 1, & 7 – 9;
>
> b. Whether appearing in the federal courts to defend basic human and
>    civil rights while being a good foreign national resident in the
>    United States is an obstacle to justice in the United States, as

argued by the Defendants Griffin and Martinez. See Doc 17 (App-2-M), pp. 9 -10; Doc 10 (App- 2-J), p 20.

c. Whether counseled defendants are permitted to change Federal Rules of Civil procedures to their advantage when they feel confronted by pro se litigant deprived of legal representation by their own unfair strategies.

To start with the discussion on issue (a) above, the District Court's misled decision in this case has explicitly outlawed pro se representation in the federal courts, and it errs as a matter of law. The District Court denied Plaintiff Opoku's motion to amend memorandum (Doc 17) that was uncontested by the defendants 138 days after it was timely filed and closed the case. Local Civil Rule, Rule 7.1 (d) and Local Civil Rule 7.1 (c) (See also 3rd Circuit Appellate Rules, Rule 27.3) stipulate that any motion not contested in 14 days shall be deemed uncontested. The Local Civil Rule 7.1 (c) sates favorably that an uncontested motion is granted automatically in 14 days if not contested by the defendants.

Again, Plaintiff Opoku's motion to amend Doc 16 (App-2- L) fulfilled Local Civil Rule, Rule 7.1 (d) that states that, *"Every motion not certified as uncontested shall be accompanied by a written statement as to the date and manner of service of the motion and supporting brief."*    See Doc 17, (App-2-M), p 15. The Procedural rules have also urged a reasonable amount of leniency in minor errors

of technicalities when they occur and justice so demands. Thus Fed <u>R. Civ. P. Rule 15 (a) (2),</u> states, *"In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires."*

Moreover, in arguendo that Plaintiff Opoku made minor errors in technicalities while being a novice and at disadvantage of appearing pro se in a lawyer-dominated proceedings involving a non-lawyer pro se litigant, higher courts have urged that pro se minor flaws in technicalities should be pardoned in the interest of justice. See <u>Picking v. Pennsylvania Railway</u> 151 F2d 240. See also "<u>Gomez v. Toledo </u>(1980, U.S) 64 L Ed 2d 572, 100S. Ct. 1920. See Doc 17 (App-2-M), p. 15.

Above all else, appearing pro se in the federal courts is protected by statutes. <u>Section 35 of the Judiciary Act of 1789, 1 Sat 73, 92</u> establishes the constitutional basis of Pro Se appearance in the Federal Courts. As reinforcement the District of Columbia Court of Appeals wrote that, "Private Individuals, have a Constitutional right of access to the court, that is, the right to sue and defend in the Courts" <u>Bounds v. Smith</u> 430 U.S. 817.821 (1977) See Doc 17 (App-2-M), pp. 1 – 9.

Moreover, whether the complaint states a claim is a question of law", <u>Hansen v. Anderson,</u> 113 Or App 216, 218, 831 p2d 717 (1992). Appearing pro se

in the federal court does not automatically place the pro se Plaintiff and his valid claims in the category of claimants or claims that require dismissal. Contrary to what the Defendants argued, the facts in Plaintiff Opoku's Complaint enhanced in Doc 15 (App-2- K) and Doc 17 (App-2-M) or Doc 16 (App -2-L) do not place Plaintiff Opoku's valid claims and allegations in the category of <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S 544, 555 (2007) or that of <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). See Doc 5-1, pp. 7; Doc 10 (App-2-J), p 5; & Doc 15 (App-2-K), pp. 2 – 21; Doc 5 (App-2-J), p.1; Doc 17(App-2-M) pp.1 & 8-9.

Again, as movants, the burden was on Defendants ECFMG, Grese, Griffin and Martinez to prove that there was no dispute regarding any material facts of the case and that they were entitled to dismissal of Plaintiff Opoku's Complaint. As non-moving party Plaintiff Opoku had the right to have everything viewed in the light most favorable to his position. See <u>Tom Morello Const. Co. Inc v. Saving and Loan Assn'n</u>, 280 Pa. Super. 329, 421 A. 2d 747(1980); <u>Miller by Miller v. Leljedal</u>, 71 Pa. Cmwlth. 372, 452 A. 2d 540 (1980); <u>Carollo v. Forty-Eight Insulation, Inc</u>, 442 Pa. 283, 276 A. 2d 513 (1971); <u>Wheeler v. Johns-Mansville Corp</u>, 342 Pa. Super. 473, 493 A. 2d. 120 (1985); <u>Reesler v. Jones Motor Co., Inc.</u>, 337 Pa. Super. 602, 487A. 2d 424 (1985).

In their lack of any evidence that disproves Plaintiff Opoku's allegations, Defendants ECFMG and Grese presented falsified documents to the District Court,

which they had labeled Exhibit #2 and Exhibit # 3 in their attempt to mislead the District Court. The Defendants declared those false documents as the basis of their motions to dismiss complaint. To emphasize the importance of these falsified documents to them for their motion to dismiss,  the Defendants cited Pension Benefit Guaranty Corp v. White Control Indus, Inc, 1998 F.2d1192, 11992, 1196 - 97 (3rd Cir. 1993) that once came before the  Court of Appeals for the Third Circuit and quoted,

> "We now hold that a court may consider an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document... When a complaint relies on a document, [] the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished". See Doc 5-1, p. 1 Footnote 2.

It turned out that those documents were inauthentic and were presented to mislead the District Court, as pointed out by Plaintiff Opoku. Document Doc17 (App-2-M) and other documents noted here enhance the inauthenticity of the Defendants ECFMG and Grese's Exhibits # 2: A and Exhibits # 3:B   See Doc 17 (App-2-M) pp. 5-7; Doc 8, pp. 6-10; Doc. 12, pp. 36- 38[1]

---

[1] It is not difficult to determine the lack of authenticity of the exhibits presented to the District Court by the Defendants ECFMG and Grese, which they declared the basis of their motion to dismiss. In real life where the law of physics applies, if some pages from a document are reproduced by photo copier, the page numbers remain the same even if the letter fonts are adjusted bigger or smaller. On the other hand, if the reproduction is done by word processor or Microsoft word, page numbers shrink from say page 20 to page 10 when the letter font is adjusted

With Plaintiff Opoku's aggressive stance that prevented the Defendants ECFMG and Grese from pushing the falsified documents to be more than what they intrinsically are, the defendants finally admitted the inauthenticity of their exhibits A & B stating,

> "In his motion for Summary Judgment, Plaintiff also baselessly asserts exhibits attached to Defendants' memorandum in support of their Motion to Dismiss are inauthentic. As in our Motion to Dismiss, the documents are the same ones which Plaintiff selectively attached to his Complaint and thus are properly considered by the Court. Even if the Court were to disregard the exhibits which plaintiff questions, however, Plaintiff Complaint should still be dismissed with prejudice," See Doc 11, Footnote 2 on page 2-3.

In another demonstration of inconsistency, the Defendants ECFMG and Grese also lied on the Clerk of the District Court about these false documents by indicating that they were identical to the selected copies they falsely claimed they had taken from the Clerk of the District Court, and apparently magically got them multiplied into so many copies, and also apparently conjured for the documents to have different typeface point, different page numbers, and for relevant information at the center of the issues to get modified or jump from 2008 publication into 2011 publication and vice versa, and then presented them back to the District Court as exhibit A & Exhibit B. See Doc 11, p. 2, footnote 1.

---

smaller from say 14 to 12 and from say page 20 to page 40 when the letter font is adjusted bigger from say 12 to 14. In the case of Defendants ECFMG and Grese, the opposite happens with information on page 22 on the original with larger letter fonts appearing on page 35 of their counterfeit documents with smaller letter fonts or characters, and also had modified information

Finally, at the very end of their pointless argument in their motion to dismiss

complaint, the Defendants ECFMG and Grese canceled out all what they had

earlier argued by admitting that Plaintiff Opoku's complaint makes valid

allegations after all. They stated in Doc 5-1, p. 22 as noted in Doc 17 (App-2-M) p.

20) that,

> Under Pennsylvania law, "[p]unitive damages may be awarded
> for the conduct that is outrageous, because of defendant's evil
> motive or his reckless indifference to the rights of
> others.....Punitive damages must be based on conduct which is
> 'malicious,' 'wanton' 'reckless,' "willful,' or 'oppressive
> '"Feld v. Merriam, 485 A.2d.742, 747-48 (Pa 1984) See also
> Grant v. Kingswood Apts, 2001 WL 1178796, at *5 (E.D. Pa.
> Oct. 2, 2001). "The state of mind of the actor is vital. The act or
> the failure to act must be exceedingly high standard required for
> a valid claim of punitive damages. **Accordingly, should any of
> Plaintiff's Claims survive Plaintiff's prayer for punitive
> damages should be stricken and denied"**. See Doc 5-1, p. 22.
> (Emphasis by bolding is Plaintiff Opoku's).

Counterfeiting documents or deeds is wrong and serious, whether it is to

deceive the District Court and obstruct justice or to replace Plaintiff Opoku's

excellent test scores on USMLE Step 1 and Step 2-CK exams out of malice,

prejudice, contempt and spitefulness. It is reasonable to assume that this Court that

once rewarded a motion to dismiss complaint based on authentic documents, as

cited above by the Defendants, will also treat with the contempt it deserves, the

motions to dismiss complaint that are based on falsified and inauthentic documents

presented by the defendants, as substantial justice so required.

Contrary to the Defendants ECFMG and Grese's subjective view of their wrongful actions, as indicated above, forging the lowest of the lowest test scores to replace a person's excellent high record breaking scores that are consistent with his academic history, alone is not a light matter in the American way of life, neither to Plaintiff Opoku, especially when done with malice, contempt, spitefulness, and prejudice, as in this case. In Ricci v. Destefano, 530 F. 3d 87 (06/29/09; case No. 07-1428), the Supreme Court held that setting aside excellent test scores on the basis of statistical disparity was unlawful and a violation of Title VII. This cannot be truer than in Plaintiff Opoku's case where a hate crime is committed by the defendants based on their contempt for Plaintiff's national origin with respect to his show of excellence. (Doc 17) (App-2- M), p20

## 2. *Plenary and substantial review requested:*

**Pertaining to the Order that Defendants Kimberly Griffin and Suzanne Martinez Motion to Dismiss Complaint (Doc 10) are granted, etc.**

The issue (b) above concerns foreign nationality that has been raised by Defendants Griffin and Martinez as a mitigating factor in their violations against plaintiff Opoku. Like their co-defendants, Defendants Griffin and Martinez presented to the District Court evidence of their crimes of which Plaintiff Opoku is a victim and Defendants ECFMG and Grese are willing beneficiaries. As enhanced

in Doc 15 (App-2-K), pp.2 & 13 – 21, an indisputable evidence of conspiracy involving all four Defendants has been revealed by Defendants Griffin and Martinez's submission of Exhibits # 1-11 that are counterfeit documents proving the fake PHRC they designed to deceive Plaintiff Opoku. See Doc 10 (App-2-J). Notably these falsified documents bear PHRC Docket number **200804756** of the form **2008xxxxx** that was assigned by the defendants to derail Plaintiff Opoku's complaint duly filed at PHRC. See 18 U.S.C 1503. That action deprived Plaintiff Opoku the right to have the authentic PHRC look into his complaint of discrimination, marginalization, and retaliation by the Defendants ECFMG and Grese. Plaintiff Opoku learned about the inauthentic PHRC used to fool him at the PHRC Central Office in Harrisburg on October 15, 2010 where he was told his complaint was not known or recognized at the authentic PHRC.

An authentic Docket number for a case filed at PHRC in March 2009 would have been of the form **2009xxxxx** if the authentic PHRC had assigned it. See Doc. 15 (App-2-K), p. 2, Footnote 1, and pp. 10- 20. Exhibit # 6, footnote 2 of Doc 10 (App-2-J) reveals the pattern of authentic docket numbers assigned by the authentic PHRC in the year 2003 and 2004 respectively.

Here again, Plaintiff Opoku fulfilled his burden of proof, as much as his position could allow. In Barry Young v. Tom Corbett et al, Case No 09-2220. April 2009, the U.S Court of Appeals for the Third Circuit established a standard

that is applicable in this case. Notably, the Court construing Barry Young's complaint as a claim in pursuant to 42 U.S.C §1983, as it is in this case, stated,

> "A defendant in a civil right action must have personal involvement in the alleged wrong doing; liability cannot be predicated solely on the operation of respondent superior. Personal involvement can be shown through allegations of personal direction, or of actual knowledge and acquiescence." Rod v. Dellarciprette, 845 F. 2d. 1195, 1207 (3d Cir 1988) cited in Evancho v. Fisher, 423 F. 3d 347, 353 (3d Cir. 2005). See Doc 15(App-2-K), 13-14.

Accordingly Plaintiff Opoku has proved his case, as the foregoing exposition reveals. The conspiracy allegation overarching all the other allegations in Plaintiff Opoku's complaint is proven beyond every reasonable doubt and that leads to all inferences favorable to Plaintiff Opoku. Oregon Court of Appeals has held that, *"In considering the sufficiency of plaintiff's complaint, we accept all well-pleaded allegations of the complaint as true and give plaintiffs the benefit of all favorable inferences that may be drawn from the facts alleged."* Stringer v. Car Data Inc, 314 Or 576, 584, 841 P2d 1183 (1992)

The favorable inferences in this case include allegations of marginalization, conspiracy, and discrimination (Title 42 U.S.C. 1983 &1985) in addition to forgery, exploitation, deprivation of constitutional rights (18 U.S.C 242), Obstruction of justice (18 U.S.C 1503), retaliation against a victim (18 U.S.C

1513), fraud (18U.S.C 1001), perjury (18 U.S.C 1621), Doc 1, pp. 36 - 37,  and violations of Title VII.

Moreover, the  U.S Supreme Court has also ruled that "private parties," Defendants and lawyers in this case, may be held to the same standard of "state actors" where the final and decisive act was carried out in conspiracy with a state actor or a state official." See Dennis v. Sparks. 449 U.S. 24, 101 S Ct, 183 also see Adickes v. S.H Kress & Co. 398 U.S 144. 90 S. Ct.1598. See Doc 1 (App-2-G). p. 36    See also Dennis v. Sparks," 449 U.S. 24, 28 (1980), See Doc 5-1, p.10 (Enhanced in Doc 17 (App-2-M), pp. 15 -20; Doc 15 (App-2-K) pp 2 & 10 -24; Doc 1 (App-2-G), p. 33, paragraph 80.

The right of foreign nationals to appear in the U.S Courts is established by statute. See Alien Tort Statute (ATS) of 1789. The authentic PHRC recognizes this statute and lists 'national origin' as "protected class" when handling discrimination complaints that come before the Organization. If Defendants Griffin and Martinez had acted with integrity, propriety, impartiality, as required of State Government workers in their official capacity, the following arguments being made by them could hold:

> a. Sovereign Immunity Bars the §§ 1983 and 1985 Claims Against Commonwealth Employees in their Official Capacities". See Doc 10 (App- 2- J). p. 9.

   b. "Commonwealth employees in their Official Capacities Are Not "Person [s] Amenable to Suit under §§ 1983 and 1985 See Doc 10 (App-2-J), p. 11, paragraph D
   c. "The Statute of Limitations Bars the §§ 1983 and 1985 Claims against Griffin". See Doc 10 (App-2-J), p. 11, paragraph E
   d. "Sovereign Immunity Bars the State Law Claims". See Doc 10 (App-2- J), p. 23, paragraph I


Ironically, however, as their golden defense to the allegations of discrimination, marginalization, obstruction of justice, and etc., Defendants Griffin and Martinez take a position that diametrically opposes to the basic principles that form the core of PHRC they officially work for, thus confirming that they understand that in this particular case they did not act in their official capacity as State employees. To this effect they beg the question and define conspiracy as,

> "To make out a violation of § 1985 (3), plaintiff must allege facts supporting four prongs: (1) existence of a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property deprived of any right or privilege of a citizen of the United States". See Doc 10 (App-2-J), p 20

The first three prongs outlined in the defendants' above customized definition of conspiracy concerns the material facts of the allegation of conspiracy, which Plaintiff Opoku has proved beyond every reasonable doubt. The fourth

prong is about the constitutional rights of foreign nationals in the U.S who might need the intervention of PHRC at one time or another. The Defendants' do not show by their above definition of conspiracy that they acted on the principles of the State of Pennsylvania and that of PHRC for that matter in this particular case. As plaintiff Opoku argued in the District Court,

> *"Illegal actions by a State's Officials that violate the State's own discipline and established principles, as in this case, do not merit protection under State immunity and sovereignty guaranteed by the 11th Amendment"* (Doc 15) (App-2-K) p. 16-17. Osborn v. Bank of the United States, 22 U.S. 738,

Again, Plaintiff Opoku's human and civil rights are inextricably bound with that of all good and industrious foreign nationals in the United States who eventually become citizens or not. In fact Plaintiff Opoku understands that his human and civil rights have no meaning unless linked to the rights of all good foreign nationals in the U.S who have the progress of the U.S at heart. Title 42 U.S.C. 1983 does not leave the human rights and civil rights of such foreign nationals in the U.S unprotected. Title 42 U.S.C. 1983, clearly states,

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any state, subjects or causes to be subjected, **any Citizen of the United States or other person within the jurisdiction thereof** to the deprivation of any rights, privileges, or immunities secured by the Constitution....shall be liable to the party injured." See Doc 1 (App-2-G), p. 35.

Foreign nationality, therefore, is a "protected class" under the Constitution of the United States, as recognized by the authentic PHRC. In Griffen v. Breckridge, 403 U.S 88, 102 (1971), "class based" invidiously discriminatory animus was identified as the driving force behind the conspirators' (defendants') actions, as demonstrated in this case. The actions of the defendants in that case were clearly seen as a product of bias and prejudice of the defendants, as it is in this case.

Furthermore, the U.S Supreme Court announced in Bray v. Alexandra Women's Health Clinic 113 S. ct. 733 (1993) that the standard announced in Griffen was not restricted to "race" discrimination. It is therefore reasonable to assume that 42 U.S.C 1985 (3) may be used as well for "class based" claims, including foreign nationality, which is referenced in this case. See Doc 1 (App-2-G), p 35

Most importantly, Filartiga v. Pena-Irala 630F. 2d 876 (1980) also established a precedent for the use of the Alien Tort Statute (ATS) of 1789 to allow foreign victims of human rights abuses to seek justice in the U.S Court. In this case, the New York State Court of Appeals held that the ATS allowed jurisdiction in the federal courts over human rights violations that are against the "Law of Nations". See Doc 17 (App-1-C.5), p. 9.  Several federal cases have drawn on the precedence of Filartiga v. Pena-Irala, including, Daniels v. City of New York. 291

AD 2d 260 (2002), and <u>Floyd v. City of New York</u>. 739 F Supp. 2d 376 (2010).

See Doc 17 (App-2-M), p 9

It follows from the foregoing argument that in granting the motions to

Dismiss of Defendants ECFMG, Grese, Griffin, and Martinez, the District Court

was misled, not only to support the counseled Defendants' abrogation of certain

portions of the U.S Constitution, which protect the human and civil rights of

foreign nationals in the United States, but also invalidated PHRC and questioned

the policies of the State of Pennsylvania that brought forth PHRC. The Only way

to rectify this error by which Plaintiff Opoku's human rights are crushed is reversal

of the District Court's judgment to affirm, on the basis of the substantial evidence

unraveled, that Defendants Griffin and Martinez willingly compromised their

position and derailed from their official capacity and its attached privileges to

serve the ill-interest of Defendants ECFMG and Grese and therefore they are liable

for their wrong actions.

**As indicated above, 11th Amendment statute does not indemnify illegally**

**operating state officials who form conspiracy with private parties to sabotage**

**a State's established principles**. Defendants Griffin and Martinez's Motion to

dismiss (Doc 10) (App-2-J) make the following arguments to the contrary:

"The Eleven Amendment bars Federal jurisdiction over Griffin and Martinez in their official capacities" (citations omitted) Doc 10 (App-2-J) p. 10; Doc 15 (App-2-K), p 16.

"Eleventh Amendment bars federal jurisdiction of suits by private parties against states, state agencies, and states officials in their official capacities". (Citations omitted) Doc10 (App-2-J) p. 11; Doc 15 (App-2-K), p 16

Again, the above arguments by Griffin and Martinez might be true if they acted legally and in their official capacity. In <u>Osborn v. Bank of the United States</u>, 22 U.S. 738, the Court, through Chief Justice Marshall, held that the Bank of United States could sue the Treasurer of Ohio over 11th Amendment objections. The Court held that a state official possesses no official capacity when acting illegally and thus can derive no protection from an unconstitutional statute of a State, as in this case. See Doc 15, (App-2- K) p 16. As reinforcement, the U.S Supreme Court held in <u>Saucher v. Katz</u>, 533 U.S 194 (2001) that,

"In determining whether qualified immunity applies in civil rights cases, Courts must determine whether a right was clearly established in the case's specific contexts not as a broad general proposition". Doc 15(App-2- K), p. 16.

### 3. *Plenary and substantial evidence review requested*

*pertaining to the Defendants' alteration of the <u>Fed R. Civ. P 4</u> to cover inexcusable default using tricks and misrepresentation to get Plaintiff Opoku penalized by the District Court for their inexcusable neglect.*

The issue (c) above concerns who has the prerogative to formulate and amend Procedural rules of the federal courts. <u>Title 28 § 2073</u> gives that prerogative to the Supreme Court and the Supreme Court delegates that power to the Judicial Conference. On the contrary, to cover up their inexcusable default and violation of <u>Fed R. Civ. P. Rule 6 (d)</u>, Defendants Griffin and Martinez falsified a waiver (Doc 4) (App -2-H) in the name of Plaintiff Opoku and filed it at the District Court to extend by 14 more days their time to respond to the properly served summons. They also attempted to change the wording of Fed<u> R. Civ. P. Rule </u>4 as justification. As a scheme to justify the inexcusable default of Defendants Griffin and Martinez, their Co-Defendants ECFMG and Grese also intentionally defaulted by 3 three days and attempted to justify their default by altering <u>Fed R. Civ. P. Rule 4</u> to cover the  inexcusable default (See Doc 9 and Doc 11);  Doc 15, (App-2-K) pp. 3 – 9. (Doc 17)(App-2-M), pp. 10 -14

## CONCLUSION

Plaintiff Opoku fulfilled the standard set by the courts to prove his case and it entitles him to relief in punitive and compensatory damages. <u>An-Tiv- Michigan Technological University,</u> 493 F. Supp.1137.  See Doc 1 (App- 2-G), p. 35; Doc 15, (App- 2- K) pp.10- 21; Doc 1 (App-2-G), pp. 2-37, and Doc 17 (App-2- M). The Court of Appeals for the Third Circuit is empowered to act in favor of Plaintiff Opoku on the basis of <u>Federal Rules of Civil Procedure Rule 60 (b) (1)</u>.  See

Picking v. Pennsylvania Railway 151 F2d 240. See also "Gomez v. Toledo (1980, U.S) 64 L Ed 2d 572, 100S. Ct. 1920. See Doc 17 (App – 1- C.5), p. 15.

Accordingly Plaintiff Opoku prays the Court of Appeals for the Third Circuit to reverse the District Court's judgment of September 25, 2013 (Doc 19) (App-1-B) that grants the motions to dismiss complaint of the Defendants and in turn grant Plaintiff Opoku summary judgment with relief prayed for in the complaint Doc 1 (App-2-G), pp. 36 -37 based on the Defendants' motion to dismiss complaint. In Walter Process Equipment v. Food Machinery 382 U.S 172 (1965) it was held that in a motion to dismiss, the material allegations of the complaint are taken as admitted. See Doc 17 (App-2-M), pp.20-21.

Respectfully submitted

Date. October 30, 2013

John Paul Opoku (PRO SE)

------------------------------

**Docket No. 13-4076**

------------------------------

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE THIRD CIRCUIT

## APPELLANT OPENING BRIEF

## Of  JOHN PAUL OPOKU

APPENDIX VOL 1, A- D, PP. 36 - 56

## **<u>TABLE OF CONTENT</u>**

**<u>VOL. 1 of APPENDIX</u>**………………….………………………… ………APP - 1

    A copy of the notice of appeal……………………………….…..….…...A

    The order of judgment from which the appeal is taken…………..……...B

    An Opinion of the District Court …………………………………...…C

    Certified District Court Docket Entries………..………...………..…….D

# A

## (Notice of Appeal)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN PAUL OPOKU

    vs.

12-3457

District Court Docket Number

**EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES**
Notice of Appeal Filed    10/8/13
Court Reporter(s)/ESR Operator(s)    ESR

Filing Fee:
        Notice of Appeal____X_Paid _____Not Paid _____Seaman
        Docket Fee    _____X_Paid _____Not Paid _____USA/VI

CJA Appointment (Attach Copy of Order)

_____Private Attorney
_____Defender Association or Federal Public Defender
_____Motion Pending

FILED
OCT - 8 2013
MICHAEL E. KUNZ, Clerk
BY_____ Dep. Clerk

Leave to Proceed In Forma Pauperis status, if applicable: (Attach copy of the Order)

_____Motion Granted
_____Motion Denied
_____Motion pending before district judge

Certificate of probable cause (state habeas corpus): (Attach copy of the Order)

_____Granted
_____Denied
_____Pending

Defendant's Address (for criminal appeals)

Prepared by_____

Joe Lavin Deputy Clerk/Signature/Date

**PLEASE APPEND TO THE NOTICE OF APPEAL AND FORWARD TO
THE OFFICE OF THE CLERK, U.S. COURT OF APPEALS**

notapp.frm

#455
PBT

**NOTICE OF APPEAL**

**TO**

**U.S COURT OF APPEALS, THIRD CIRCUIT**



**U.S District Court for the Eastern District of Pennsylvania**

| | |
|---|---|
| JOHN PAUL OPOKU | **CIRCUIT COURT** |
| V. | **DOCKET NUMBER** ———— |
| EDUCATION COMMISSION | **DISTRICT COURT** |
| FOR FOREIGN MEDICAL | **DOCKET  NUMBER: 12-3457** |
| GRADUATES | |

**FILED**

OCT – 8 2013

MICHAEL E. KUNZ, Clerk
By___ Dep. Clerk

CHRISTINA JOY F. GRESE    **DISTRICT COURT**

**JUDGE:** HON PETRESSE B. TUCKER, C.J

KIMBERLY GRIFFIN

SUZANNE MARTINEZ

Notice is hereby given that Plaintiff **JOHN PAUL OPOKU** appeals to the United States

Court of Appeals for the Third Circuit from the Order that, "**IT IS HEREBY ORDERED AND**

**DECREED that Defendants' motions are GRANTED, "IT IS FURTHER ORDERED**

**THAT  that Plaintiff Opoku's Motion to Amend the Memorandum of Law in Opposition to**

**ECFMG and Grese's Motion to Dismiss Complaint (Doc 17) is DENIED",  IT IS**

**FURTHER ORDERED the Clerk of Court shall mark the above- captioned matter [case**

**12-3457] CLOSED"** , entered on   SEPTEMBER 26, 2013

Page 1 of 2

Dated ------- OCTOBER 8, 2013 -------

-----------------------------

John Paul Opoku, (Pro se )

2110 Bronx Park East 2A

Bronx Park East 2A

Bronx, New York, NY 10462

Telephone Number:

(718)-829-8978

Barry N. Kramer

PA Office of  ATTY General

21 South 12th Street Third Floor

Philadelphia, PA 19107-2921

Phone: (215)560-1581

(Counsel of Kimberly Griffin and Suzanne Martinez)

Brian W. Shaffer and Elisa P McEnroe

Morgan Lewis & Bockius LLP,

1701 Market Street

Philadelphia, PA, 19103

(Counsels for Education Commission for Foreign Medical Graduates

and Christina Joy F. Grese)

# B

## (District Court's Order of September 25, 2013 )

### Eastern District of Pennsylvania

### Docket:12-3457

### Honorable P. B. Tucker

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN PAUL OPOKU,                     :
                                     :
       **Plaintiff,**       :          CIVIL ACTION
                                     :
      **v.**              :          NO.  12-3457
                                     :
**EDUCATIONAL COMMISSION FOR**       :
**FOREIGN MEDICAL GRADUATES, et**    :
**al.,**                             :
                                     :
      **Defendants.**      :

FILED
SEP 2 5 2013
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## ORDER

**AND NOW**, this ___24th___ day of September, 2013, Upon consideration of Defendants

Education Common for Foreign Medical Graduates and Christina Grese's Motion to Dismiss for

Failure to State a Claim (Doc. 5), Defendants Kimberly Griffin and Suzanne Martinez's Motion

to Dismiss for Failure to State a Claim (Doc. 10), and Plaintiff Opoku's Motions in Opposition to

Defendants' motions to dismiss (Docs. 15 & 16), **IT IS HEREBY ORDERED AND**

**DECREED** that Defendants' motions are **GRANTED**.

      **IT IS FURTHER ORDERED** that Plaintiff Opoku's Motion to Amend the

Memorandum of Law in Opposition to ECFMG and Grese's Motion to Dismiss Complaint (Doc.

17) is **DENIED**.

      **IT IS FURTHER ORDERED** the Clerk of Court shall mark the above-captioned matter

**CLOSED** for statistical purposes.

ENTERED
SEP 2 5 2013
CLERK OF COURT

        BY THE COURT:

_____
Hon. Petrese B. Tucker, C. J.

# C

# (DOC 14)

(District Court's Opinion ON APRIL 16, 2013 regarding Dismissal of Plaintiff Opoku's

Motion for Summary Judgment)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN PAUL OPOKU                      :
                                     :
        Plaintiff,                   :
                                     : CIVIL ACTION
    v.                               :
                                     : NO. 12-cv-3457
EDUCATION COMMISSION FOR             :
FOREIGN MEDICAL GRADUATES *et al.*   :
                                     :
        Defendants.                  :
                                     :

### ORDER

**AND NOW,** this _____ day of April, 2013, upon careful consideration of plaintiff's motion for

summary judgment (Doc. No. 8), and defendants' opposition thereto, it is hereby **ORDERED**

that:

    1. Plaintiff's motion for summary judgment is **DISMISSED WITH PREJUDICE,** as it

was filed prematurely and fails as a matter of law. [1]

---

[1]

    Plaintiff, John Paul Opoku, brings this action *pro se* against the following defendants: the
Education Commission for Foreign Medical Graduates ("AECFMG"), Kimberly Griffin,
Suzanne Martinez, and Christina Joy F. Grese. After considering his motion for summary
judgment (which I read as a motion for default judgment under Rule 55), it is apparent that he
has a fundamental misunderstanding of the Federal Rules of Civil Procedure, especially with
regard to service of process.

    Plaintiff filed his complaint with the court on June 19, 2012. Thereafter, he attempted to
effect service by mailing a copy of the complaint to the respective defendants, which he
maintains they received on June 27, 2012. (Mot. for Summ. J.; Aff. of Serv. (Doc. No. 3)). He
failed, however, to enclose two copies of a waiver of service form, as is required under Rule 4(d)
of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(d)(1)(C).

    As a preliminary matter, I note that the Federal Rules of Civil Procedure are very specific
as to how an individual may be served within a judicial district of the United States. Pursuant to

1

2. Plaintiff has **twenty-one (21) days** from the date of this order to file a response to the defendants' two outstanding motions to dismiss (Doc. Nos. 5 and 10.) If plaintiff fails to respond within the appropriate time period the motions to dismiss shall be granted as unopposed. *See* Local Civil Rule 7.1(c).

---

Rule 4(e), an individual may be served by delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode . . .," "delivering a copy of each to an agent authorized . . . to receive service of process," or by "following state law for serving summons in an action . . . in the state where the district court is located." Fed. R. Civ. P. 4(e)(1)-(2). Under Pennsylvania law, service of original process through the mail is allowed only in limited circumstances. *See* Pa. R.C.P. 403. This is not one of them. Accordingly, none of the defendants have been properly served.

On their own accord, defendants Suzanne Martinez and Kimberly Griffin filed a waiver of service with the court. (Doc. No. 4.) Pursuant to Rule 4(d)(3), defendants should have been allowed sixty days from the time they received the waiver request within which to respond to plaintiff's complaint. Martinez and Griffin filed their motion to dismiss on August 3, 2012, well within the allowable time period if a waiver had been enclosed with the complaint, which was sent on June 27, 2012. *See* Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent . . . .") Accordingly, plaintiff's motion for summary judgment, which argues that these defendants failed to timely respond, was not only prematurely filed, but also fails as a matter of law.

Defendants Grese and ECFMG, on the other hand, did not complete a waiver of service. Instead, they chose to ignore the deficiencies in the *pro se* plaintiff's service of process and file a motion to dismiss. (Resp. of Defs. ECFMG and Grese to Pl.'s Mot. for Summ. J. 2 n.1.)

Grese and ECFMG argue that their motion to dismiss was timely filed because, had service been proper, they should have been afforded twenty-four days within which to respond. *See* Fed. R. Civ. P. 12(a)(1)(A)(i), 12(b)(6), 6(d). Grese and ECFMG were improperly served with the complaint on June 27, 2012. Twenty-four days from that date was Saturday, July 21, 2012. Pursuant to Rule 6, when the "last day [of the time period] is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the time period within which Grese and ECFMG could respond ran until the end of Monday, July 23, 2012. Their motion to dismiss was filed with the court on July 23, 2012; thus, had service been proper, their motion was indeed timely filed.

As stated above, however, simply mailing the complaint to the defendants did not constitute proper service. Therefore, the time period within which to respond never commenced. Accordingly, plaintiff's motion requesting the court to enter a default judgment due to ECGMG and Grese's failure to timely respond fails as a matter of law.

**BY THE COURT:**

*/s/ Petrese B. Tucker*

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

3

# D

(Certified District Court Docket Entries for 12-3457)

CLOSED,APPEAL,STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:12-cv-03457-PBT

OPOKU v. EDUCATION COMMISSION FOR FOREIGN
MEDICAL GRADUATES et al
Assigned to: CHIEF JUDGE PETRESE B. TUCKER
Case in other court: USCA FOR THE THIRD CIRCUIT,
                     13-04076
Cause: 42:1983 Civil Rights Act

Date Filed: 06/19/2012
Date Terminated: 09/25/2013
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

## Plaintiff

**JOHN PAUL OPOKU**                    represented by **JOHN PAUL OPOKU**
                                                      2110 BRONX PARK EAST 2A
                                                      BRONX, NY 10462
                                                      PRO SE

V.

## Defendant

**EDUCATION COMMISSION FOR**           represented by **BRIAN W. SHAFFER**
**FOREIGN MEDICAL**                                   MORGAN, LEWIS & BOCKIUS
**GRADUATES**                                         1701 MARKET STREET
                                                      PHILA, PA 19103-2921
                                                      215-963-5000
                                                      Fax: 215-963-5001
                                                      Email: bshaffer@morganlewis.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **ELISA P. MCENROE**
                                                      MORGAN LEWIS BOCKIUS LLP
                                                      1701 MARKET ST
                                                      PHILADELPHIA, PA 19103-2921
                                                      215-963-5917
                                                      Email: emcenroe@morganlewis.com
                                                      *ATTORNEY TO BE NOTICED*

## Defendant

**KIMBERLY GRIFFIN**                   represented by **BARRY N. KRAMER**
                                                      PA OFFICE OF ATTY GENERAL
                                                      21 SOUTH 12TH STREET
                                                      THIRD FLOOR
                                                      PHILADELPHIA, PA 19107

215-560-1581
Fax: 215-560-1031
Email: bkramer@attorneygeneral.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**SUZANNE MARTINEZ**                     represented by  **BARRY N. KRAMER**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**CHRISTINA JOY F. GRESE**               represented by  **BRIAN W. SHAFFER**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **ELISA P. MCENROE**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2012 | 1 | COMPLAINT against EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES, CHRISTINA JOY F. GRESE, KIMBERLY GRIFFIN, SUZANNE MARTINEZ ( Filing fee $ 350 receipt number PPE064914), filed by JOHN PAUL OPOKU. Appendices in hard copy. (Attachments: # 1 Civil Cover Sheet)(jmv, ) (Entered: 06/19/2012) |
| 06/19/2012 | | Summons Issued as to EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES, CHRISTINA JOY F. GRESE, KIMBERLY GRIFFIN, SUZANNE MARTINEZ. Forwarded To: 4 Origs mailed to Pro Se on 6/19/12 (jmv, ) (Entered: 06/19/2012) |
| 07/10/2012 | 2 | CONSENT to Jurisdiction by US Magistrate Judge by JOHN PAUL OPOKU.. (jl, ) (Entered: 07/10/2012) |
| 07/10/2012 | 3 | AFFIDAVIT of Service by JOHN PAUL OPOKU re: served SUMMONS upon SUZANNE MARTINEZ, KIMBERLY GRIFFIN, CHRISTINA JOY F. GRESE AND EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES by EXPRESS MAIL USPS on 6/27/12 (jl, ) (Entered: 07/10/2012) |
| 07/20/2012 | 4 | WAIVER OF SERVICE Returned Executed by SUZANNE MARTINEZ, KIMBERLY GRIFFIN. SUZANNE MARTINEZ waiver sent on 6/27/2012, answer due 8/27/2012; KIMBERLY GRIFFIN waiver sent on 6/27/2012, answer due 8/27/2012. (KRAMER, BARRY) (Entered: 07/20/2012) |
| 07/23/2012 | 5 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES, CHRISTINA JOY F. GRESE.Certificate of Service and Proposed Order. |

| | | ORDER THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS DISMISSED WITH PREJUDICE; ETC.. SIGNED BY HONORABLE PETRESE B. TUCKER ON 4/15/13.4/16/13 ENTERED AND MAILED TO PRO SE, E-MAILED.(jl, ) (Entered: 04/16/2013) |
|---|---|---|
| 05/03/2013 | 15 | OPUJU'S MOTION IN OPPOSITION TO GRIFFIN AND MARTINEZ'S MOTION TO DISMISS COMPLAINT, MEMORANDUM. (jl, ) (Entered: 05/03/2013) |
| 05/03/2013 | 16 | OPUKU'S MOTION IN OPPOSITION TO ECFMG AND GRESE MOTION TO DISMISS COMPLAINT, MEMORANDUM, CERTIFICATE OF SERVICE. (jl, ) (Entered: 05/03/2013) |
| 05/07/2013 | 17 | OPUKU'S MOTION TO AMEND THE MEMORANDUM OF LAW IN OPPOSITION TO ECFMG AND GRESE'S MOTION TO DISMISS COMPLAINT, MEMORANDUM, CERTIFICATE OF SERVICE.(jl, ) (Entered: 05/07/2013) |
| 05/20/2013 | 18 | AFFIDAVIT by JOHN PAUL OPOKU RE: CERTAIN STATEMENTS. (jl, ) (Entered: 05/20/2013) |
| 09/25/2013 | 19 | ORDER THAT DEFENDANTS EDUCATION COMMON FOR FOREIGN MEDICAL GRADUATES AND CHRISTINA GRESE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ARE GRANTED. PLAINTIFF OPOKU'S MOTION TO AMEND THE MEMORANDUM OF LAW IN OPPOSITION TO ECFMG AND GRESE MOTION TO DISMISS COMPLAINT IS DENIED. THE CLERK OF COURT SHALL MARK THE ABOVE CAPTIONED MATTER CLOSED FOR STATISTICAL PURPOSES; ETC.. SIGNED BY CHIEF JUDGE PETRESE B. TUCKER ON 9/24/13. 9/25/13 ENTERED AND E-MAILED, MAILED TO PRO SE.(jl, ) (Entered: 09/25/2013) |
| 10/08/2013 | 20 | NOTICE OF APPEAL by JOHN PAUL OPOKU. Filing fee $ 455, receipt number PPEO89600. Copies to Judge, Clerk USCA, Appeals Clerk, CERTIFICATE OF SERVICE. (jl, ) (Entered: 10/08/2013) |
| 10/08/2013 | 21 | Clerk's Notice to USCA re 20 Notice of Appeal : (jl, ) (Entered: 10/08/2013) |
| 10/10/2013 | | NOTICE of Docketing Record on Appeal from USCA re 20 Notice of Appeal filed by JOHN PAUL OPOKU. USCA Case Number 13-4076 (ems) (Entered: 10/10/2013) |
| 10/16/2013 | 22 | Copy of TPO Form re 20 Notice of Appeal : (jl, ) (Entered: 10/16/2013) |
| 10/17/2013 | | Record Complete for Purposes of Appeal re 20 Notice of Appeal. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (afm, ) (Entered: 10/17/2013) |

| **PACER Service Center** |
|---|
| **Transaction Receipt** |

| 10/21/2013 08:50:10 | | |
|---|---|---|
| **PACER Login:** jp6045 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** 2:12-cv-03457-PBT |
| **Billable Pages:** 3 | **Cost:** | 0.30 |

# CERTIFICATE OF COMPLIANCE

In accordance with FRAP Rule 32(a) (7) (C) (i), I certify to the best of my knowledge that this Appellant Opening Brief of John Paul Opoku (Pro Se) is in compliance with the specification stipulated by FRAP 32. This Brief is prepared and filed by John Paul Opoku (Appellant –Plaintiff) in the  United States Court of Appeals for Third Circuit, in the case with Docket:13-4076; 10/10/2013, and complies with the following specifications in accordance with FRAP 32 (a) (7) (B), & ( C ),  and FRAP Rule 30 for the Appendix.

   a.  Number of Pages: 30 pages

   b.  Word Count: 7, 032 (excluding tables, Certificate of compliance, and Certificate of Service) (the maximum set by FRAP 32 is 1,400)

   c.  Typeface: 14 points or larger; Theme Fonts: Times New Roman; proportionally spaced,

   d.  Double spaced typing (except indented quotations, footnotes, and headings that are single spaced)

   e.  Certificate of Compliance included

   f.  Certificate of Service included

g. Vol. 1 of Appendix is joined and Contains, Notice of Appeal, District Court's Order appealed, relevant and available opinion of District court, Certified Docket entries.

h. A separate bound Appendix Vol. 2 with white cover,

i. Brief typed on 8 ½ by 11 inches light paper, opaque and unglazed, typed only on one side of the paper in black ink

j. Blue cover: Transparent cover with underlying blue cover,

k. Paper has at least one inch margin on the sides

Declared and signed by

Date ..... *October 30, 2013*

John Paul Opoku (PRO SE)(Appellant- Plaintiff)

## CERTIFICATE OF SERVICE

I certify that, I have served **10 bound paper copies** (including one original) of the Appellant's Opening Brief in the case 13-4076 (10/10/2013), with Vol. I of the Appendix (joined to the Brief) and **10 bound paper copies** (including the original) of the Vol. 2 Appendix (separate) on the Court of Appeals for the Third Circuit through the Office of the Clerk, Maria Reyes, Case Manager, 601 Market Street, 21400 U.S CourtHouse, Philadelphia, PA 19106 -1737, in accordance with L.A.R. 31.1 (a)

I certify that, by UPS, I have served **one bound paper copy** of the Appellant's Opening Brief in the case 13-4076 (10/10/2013), with the associated joined appendix (Vol. 1 of Appendix), and with **one bound paper copy** of Vol. 2 of the Appendix, on Appellees – Defendants Education Commission for Foreign Medical Graduates and Christina Joy F. Grese, through their counsel on record at, Brian W. Shaffer, 1701 Market Street, Philadelphia, PA 19103 -2901, in accordance with L.A.R. 31.1 (a)

I also certify that, by UPS, I have served **one bound paper copy** of the Appellant's Opening Brief in the case 13-4076 (10/10/2013), with the associated joined appendix (Vol. 1 of Appendix), and with **one bound paper copy** of Vol. 2 of the Appendix (separate) on Appellees – Defendants Kimberly Griffin

and Suzanne Martinez, through their counsel on record Ms. Claudia M. Tesoro, 21

South 12th ST, Philadelphia, 3rd Floor, PA 19107 – 3604, in accordance with

L.A.R. 31.1 (a)

Declared and signed by me,

Date .. October 30, 2013 ...........

John Paul Opoku (Appellant)