IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 13-4076

———————

JOHN PAUL OPOKU,

Appellant

v.

EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES;
KIMBERLY GRIFFIN; SUZANNE MARTINEZ; and CHRISTINA JOY F.
GRESE

———————

BRIEF FOR APPELLEES GRIFFIN AND MARTINEZ

———————

APPEAL FROM THE JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
ENTERED SEPTEMBER 25, 2013

KATHLEEN G. KANE
*Attorney General*

Office of Attorney General
21 South 12th Street
Third Floor                    BY:    CLAUDIA M. TESORO
Philadelphia, PA 19107                *Senior Deputy Attorney General*
Phone: (215) 560-2908
FAX:  (215) 560-1031                  JOHN G. KNORR, III
                                      *Chief Deputy Attorney General*
DATE:  November 27, 2013              *Chief, Appellate Litigation Section*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF JURISDICTION .......................................................1

STATEMENT OF ISSUES .................................................................2

STATEMENT OF THE CASE ..............................................................3

STATEMENT OF FACTS ...................................................................5

STATEMENT OF RELATED CASES ....................................................9

SUMMARY OF ARGUMENT .............................................................10

ARGUMENT ...................................................................................11

      THE DISTRICT COURT CORRECTLY DISMISSED MR.
      OPOKU'S § 1983 AND § 1985 CLAIMS AGAINST MS. GRIFFIN
      AND MS. MARTINEZ, WITHOUT LEAVE TO AMEND. .....................11

      A.    Any Damages Claims Against Ms. Griffin and Ms. Martinez in
             their Official Capacities Were Barred by the Eleventh
             Amendment. ............................................................................12

      B.    Mr. Opoku's Claims Against Ms. Griffin and Ms. Martinez
             Were in any Event Subject to Dismissal on the Merits.....................15

             1.    In their official capacities, Ms. Griffin and Ms. Martinez
                     were not "persons" subject to suit under § 1983. .....................16

             2.    Mr. Opoku's attempted claims against Ms. Griffin in her
                     individual capacity were time-barred. .....................................16

              3.    Mr. Opoku could not base a § 1983 due process claim on
                     the alleged mishandling of his PHRC charge. ..........................17

              4.    Mr. Opoku's conclusory conspiracy allegations were also
                     insufficient as a matter of law.................................................20

i

CONCLUSION ...................................................................................................23

CERTIFICATE OF COUNSEL ...........................................................................24

CERTIFICATE OF SERVICE .............................................................................25

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)**.**.................................................................................5, 19

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................19

*Betts v. New Castle Youth Development Center*,
    621 F.3d 249 (3d Cir. 2010), *cert. denied*, 131 S.Ct. 1614 (2011)....................14

*Blanciak v. Allegheny Ludlum Corp.*,
    77 F.3d 690 (3d Cir. 1996)......................................................................13

*Bougher v. Univ. of Pittsburgh*,
    882 F.2d 74 (3d Cir. 1989)......................................................................16

*Boykin v. Bloomsburg Univ. of Pa.*,
    893 F. Supp. 378 (M.D. Pa. 1995), *aff'd* 91 F.3d 122 (3d Cir. 1996) (table),
    *cert. denied*, 519 U.S. 1078 (1997).........................................................15

*Brown v. Philip Morris, Inc.*,
    250 F.3d 789 (3d Cir. 2001).....................................................................21

*Capogrosso v. The Supreme Court of the State of New Jersey*,
    588 F.3d 180 (3d Cir. 2009)......................................................................5

*City of Newark v. U.S. Dept. of Labor*,
    2 F.3d 31 (3d Cir. 1993).................................................................... 14-15

*Cook v. Floyd*,
    398 Fed. Appx. 702 (3d Cir. 2010)..................................................... 14, 19, 20

*Cory v. White*,
    457 U.S. 85 (1982)................................................................................13

*Drinker v. Colonial School Dist.*,
    78 F.3d 859 (3d Cir. 1996)............................................................14

*Edelman v. Jordan*,
    415 U.S. 651 (1974)..................................................................13

*Evancho v. Fisher*,
    423 F.3d 347 (3d Cir. 2005)..........................................................18

*Ex Parte Young,*
    209 U.S. 123 (1908)..................................................................14

*Gary v. Pennsylvania Human Relations Comm'n,*
    497 Fed. Appx. 223 (3d Cir. 2012).................................... 14, 19, 20

*Grayson v. Mayview State Hosp.*,
    293 F.3d 103 (3d Cir. 2002)..........................................................23

*Gregory v. Chehi*,
    843 F.2d 111 (3d Cir. 1988)..........................................................17

*Griffin v. Breckenridge*,
    403 U.S. 88 (1971)..................................................................21

*Hafer v. Melo*,
    502 U.S. 21 (1991)............................................................ 14, 16

*Huertas v. Galaxy Asset Management*,
    641 F.3d 28 (3d Cir. 2011)...................................... 5, 11, 12

*In re Kaiser Groupl Intern., Inc.,*
    399 F.3d 558 (3d Cir. 2005)..........................................................11

*Jamison v. Klem*,
    544 F.3d 266 (3d Cir. 2008)..........................................................14

*Koslow v. Commonwealth of Pennsylvania,*
    302 F.3d 161 (3d Cir. 2002), *cert. denied*, 537 U.S. 1232 (2003)....................14

iv

*Lake v. Arnold*,
112 F.3d 682 (3d Cir. 1997)..............................................................21

*Laskaris v. Thornburgh*,
661 F.3d 23 (3d Cir. 1981)........................................................ 13-14

*Lombardo v. Pennsylvania Dept. of Public Welfare*,
540 F.3d 190 (3d Cir. 2008)...................................................... 12-13

*Mala v. Crown Bay Marina, Inc.*,
704 F.3d 239 (3d Cir. 2013)..............................................................12

*Mortensen v. First Federal Sav. and Loan Ass'n*,
549 F.2d 884 (3d Cir. 1977)................................................................5

*N'jai v. Floyd*,
386 Fed. Appx. 141 (3d Cir. 2010)...................................................14

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
38 F.3d 1380 (3d Cir. 1994)..............................................................17

*Pennhurst State School and Hosp. v. Halderman*,
465 U.S. 89 (1984)............................................................................13

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
998 F.2d 1192 (3d Cir. 1993)..............................................................5

*Petruska v. Gannon University*,
462 F.3d 294 (3d Cir. 2006)..............................................................11

*Puerto Rico Aqueduct and Sewer Auth. v. Metcalf and Eddy, Inc.*,
506 U.S. 139 (1993)..........................................................................13

*Quern v. Jordan*,
440 U.S. 332 (1979)..........................................................................15

*Sameric Corp. of Delaware, Inc. v. City of Philadelphia*,
142 F.3d 582 (3d Cir. 1998)..............................................................16

*Seeney v. Kavitski*,
866 F. Supp. 206 (E.D. Pa. 1994), *aff'd*, 107 F.3d 8 (3d Cir. 1997) (table).......15

*Sheridan v. NGK Metals Corp.*,
609 F.3d 239 (3d Cir. 2010)...............................................................18

*Will v. Michigan Dept. of State Police*,
491 U.S. 58 (1989)...........................................................................16

*Wisconsin Dept. of Corrections v. Schacht*,
524 U.S. 381 (1998).........................................................................12

**Statutes**

28 U.S.C. § 1291 ...............................................................................1
28 U.S.C. § 1331 ...............................................................................1
28 U.S.C. § 1332 ...............................................................................1
28 U.S.C. § 1343 ...............................................................................1
42 U.S.C. § 1983 ...................................... 1, 2, 10, 11, 12, 15, 16, 17, 18
42 U.S.C. § 1985 ...................................... 1, 2, 11, 12, 15, 16
42 U.S.C. § 1985(3) .................................. 10, 16, 20, 21
42 Pa. C.S. § 8521(b) .......................................................................15
43 P.S. § 956 ....................................................................................14
71 P.S. § 732-102 .............................................................................14
71 P.S. § 751-11 ...............................................................................14

**Rules**

Fed.R.Civ.P. 12(b)(1)........................................... 3, 5, 10, 11, 12
Fed.R.Civ.P. 12(b)(6)........................................... 3, 5, 10, 11, 12, 16, 18
Fed.R.App.P. 32.1(a) .........................................................................14

## STATEMENT OF JURISDICTION

This is a purported civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1985.  Except insofar as the Eleventh Amendment was a limitation, the district court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.[1]

This appeal is from a final order, entered on September 25, 2013 (Doc. No. 19).  The notice of appeal was filed on October 8, 2013 (Doc. No. 20).  This Court has appellate jurisdiction by virtue of 28 U.S.C. § 1291.

---

[1] In ¶ 1 of his complaint (Doc. No. 1), the plaintiff, now appellant, also invoked 28 U.S.C. § 1332, presumably because he resides in New York but was suing Pennsylvania parties.  Since jurisdiction under §§ 1331 and 1343 is not in doubt, no further consideration of § 1332 is necessary.

## STATEMENT OF ISSUES

I.     To the extent that a *pro se* litigant tried to bring damages claims under 42 U.S.C. §§ 1983 and 1985 against Commonwealth employees in their official capacities, were those claims barred by the Eleventh Amendment?

II.     Eleventh Amendment aside, was this case – regarding the allegedly improper handling of an individual's Pennsylvania Human Relations Commission charge – in any event subject to dismissal on the merits, for failure to state a claim upon which relief could be granted?

## STATEMENT OF THE CASE

This is a *pro se* civil rights action brought by John Paul Opoku against four

defendants:  The Education Commission for Foreign Medical Graduates

("ECFMG"); two employees of the Pennsylvania Human Relations Commission

("PHRC"), Kimberly Griffin and Suzanne Martinez; and an attorney who

represented ECFMG before the PHRC, Christina Joy F. Grese (*See* Doc. No. 1,

complaint, at ¶¶ 4-7).[2]  In his lengthy complaint (with numerous attached exhibits),

Mr. Opoku, a native of Ghana, alleged that ECFMG and the other defendants

conspired with each other and violated his rights in connection with his

unsuccessful attempt to enter the medical profession in this country.

ECFMG and Ms. Grese filed a motion to dismiss (Doc. No. 5), as did Ms.

Griffin and Ms. Martinez (Doc. No. 10).[3]  Rather than respond directly to the

substance of those motions, Mr. Opoku filed a self-styled motion for summary

judgment against all four defendants (Doc. No. 8).  In essence, he asked the court

---

[2] ECFMG and Ms. Grese are separately represented.  This brief is only on
behalf of Ms. Griffin and Ms. Martinez.

[3] ECFMG and Ms. Grese proceeded under Fed.R.Civ.P. 12(b)(6) and argued
that Mr. Opoku had failed to state any claim against them upon which relief could
be granted (*See* Doc. No. 5).  Ms. Griffin and Ms. Martinez, too, relied on Rule
12(b)(6) but they also contended that any damages claims against them in their
official capacities should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) as well,
for lack of subject matter jurisdiction (*See* Doc. No. 10).

to enter a default judgment in his favor, due to the defendants' alleged failure to respond to his recently-served complaint in a timely fashion (*Id.*).[4] All defendants opposed Mr. Opoku's motion (*see* Doc. No. 9, 11), and the district court denied it (Doc. No. 14). At the same time, the district court ordered Mr. Opoku to respond to the defendants' still-outstanding motions to dismiss (Doc. No. 13, 14). Mr. Opoku then filed extensive responses to the defendants' respective motions (Doc. No. 15, 16). He also filed a "motion to amend" his memorandum in opposition to the motion of ECFMG and Ms. Grese, and an affidavit (*See* Doc. No. 17, 18).

In a succinct order entered on September 25, 2013, the district court granted both defense motions and denied Mr. Opoku's motion to amend (Doc. No. 19). The court did not explain its reasoning (*See Id.*). Within days, Mr. Opoku filed his Notice of Appeal, challenging the September 25 order (Doc. No. 20).

---

[4] As noted in his motion, Mr. Opoku had "served" his complaint by certified mail.

## STATEMENT OF FACTS[5]

Although not always clear, Mr. Opoku's factual allegations are very detailed.  For present purposes, however, a comparatively general summary will suffice.

ECFMG administers the United States Medical License Examinations ("USMLE") to qualified and interested International Medical Graduates ("IMGs") (Doc. No. 1, complaint, ¶ 8).[6]  Administration of the USMLE to IMGs is a three-step process (¶ 10).

Mr. Opoku registered for the USMLE on December 31, 2007, and took the Step 1 and Step 2-CK examinations on August 19, 2008, and February 9, 2009,

---

[5] Because this is an appeal from the grant of a motion to dismiss, the facts set forth in Mr. Opoku's complaint must be taken as true, but the "bald assertions" and "legal conclusions" in that pleading need not be credited.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678-679 (2009) (motion to dismiss under Fed.R.Civ.P. 12(b)(6)). *See also, e.g., Capogrosso v. The Supreme Court of the State of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (same); *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (facial attack on subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1)).

Also, in analyzing a motion to dismiss, the court may consider factual information contained in indisputably authentic documents attached to the complaint (or referred to therein).  *E.g., Huertas v. Galaxy Asset Management*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)).

[6] Hereinafter, the allegations in Mr. Opoku's complaint will be cited by paragraph number alone.

respectively (¶ 14). According to Mr. Opoku, on September 11, 2008, and March 4, 2009, ECFMG "fabricated punitive failing test scores in place of [his] actual excellent examination scores" on the two tests he had so far taken (¶ 15).

Mr. Opoku filed a PHRC complaint "on or about March 10, 2009" (¶ 22. *See also* ¶ 58). The "main issue" that he complained about was "the suppression of his test scores" (¶ 44). ECFMG offered to settle the matter by allowing Mr. Opoku to retake the Step 1 and Step 2-CK examinations, without paying the usual fees a second time (¶ 22). This possibility "came into the picture about June 6, 2009" (*Id.*). It was Ms. Griffin, a "PHRC representative," who presented the settlement proposal to Mr. Opoku (*Id.*).[7]

Mr. Opoku rejected the proposed settlement, which he describes as "shoddy" (*See* ¶¶ 23-25, 59). He claims that his unwillingness to settle offended Ms. Griffin (¶ 25). She allegedly became even more offended a couple of days later because – after she had discouraged him from hiring an attorney (*see* ¶¶ 23, 59, 64) – he retained Faye Riva Cohen to represent him (¶¶ 26, 59, 64).

The PHRC matter went forward, but not to Mr. Opoku's satisfaction. According to him, Ms. Griffin failed to properly do her job and mishandled his

---

[7] This appears to have been Mr. Opoku's first interaction with Ms. Griffin. She had taken over his case from Terry Williams, who allegedly had "demonstrated bias" (¶ 23).

case in various ways:  Initially, she gave misinformation to Ms. Cohen (¶ 27), but then, in "late July and August 2009," Ms. Griffin (and counsel for ECFMG) "bypassed" Ms. Cohen in some way (¶ 64).  More generally, Ms. Griffin also allowed herself to be controlled by ECFMG, which had moved to dismiss Mr. Opoku's complaint (¶ 29).  Ms. Griffin advised Mr. Opoku about ECFMG's motion (*see* ¶¶ 62-63), but he believes that she tried to suppress his response to that motion (¶ 69).  He also accuses her of failing to "subpoena key evidence from ECFMG" (¶ 31.  *See also* ¶ 70).  Overall, he is convinced that Ms. Griffin colluded with ECFMG and their lawyer (¶ 62).

Apparently a fee-related rift developed between Mr. Opoku and Ms. Cohen (¶ 69 n.43).  His case was "in limbo" (¶ 70), so he attempted – via "letter on or about May 16, 2010," requesting a hearing – to move things along (¶ 71).  This allegedly made Ms. Griffin "uncomfortable," so she "teamed up" with Ms. Martinez, "as her accomplice, to present [to Mr. Opoku] the final phase of the fake legal process that was predetermined" (¶ 72).

Supposedly in response to Mr. Opoku's recent correspondence, the PHRC sent him a "one-year letter" dated June 15, 2010, advising him that he was entitled to file a court case if he wished to do so but assuring him that the PHRC still intended to resolve his case (¶¶ 71-72, nn. 44, 45).  Approximately a year later, on July 12, 2011, Mr. Opoku called Ms. Griffin for an update on his hearing request

and was informed, by phone and follow-up letter, that Ms. Martinez had taken over as the assigned investigator on his case (*Id.*).[8]

On September 13, 2011, Mr. Opoku hired a new lawyer, Brian Mildenberg, in order "to demonstrate his seriousness and determination about justice" (¶ 73. *See also* ¶¶ 74-75). Then suddenly, by letter dated January 17, 2012, Ms. Martinez informed Mr. Opoku "that she had recommended his case for dismissal [as] without merit" (¶ 76). This was unjustified, in Mr. Opoku's view, because "there was no indication that she had followed PHRC procedure required to conduct unbiased investigation based on material facts" (*Id.*).

In letters dated January 23 and April 24, 2012, the PHRC Executive Director "reinforce[d] the decision by Ms. Martinez to dismiss [Mr. Opoku's] case without prior unbiased investigation and examination of the key material evidence or without the involvement [of] PHRC commissioners" (¶ 78). According to those letters, Mr. Opoku's charge was dismissed for lack of evidence; his hearing request was denied; his case was closed; and he was advised of his right to seek state court judicial review.

---

[8] Copies of the referenced letter, and others mentioned in the text, are in the record as attachments to Mr. Opoku's complaint and/or as exhibits to the motion to dismiss of Ms. Griffin and Ms. Martinez.

## STATEMENT OF RELATED CASES

This case has not previously been before this Court.  There are no pending or completed cases to which it is related.

## SUMMARY OF ARGUMENT

Mr. Opoku does not explicitly say whether his damages claims against Ms. Griffin and Ms. Martinez are against them individually or in their official capacities.  Either way, as to them, dismissal of his case was warranted.

Both Ms. Griffin and Ms. Martinez work for the PHRC, an independent Commonwealth entity.  The PHRC, and Ms. Griffin and Ms. Martinez in their official capacities, are therefore considered arms of the state.  Accordingly, with respect to Mr. Opoku's damages claims against them, they are entitled to the same Eleventh Amendment immunity as the state itself.  Dismissal of those claims pursuant to Fed.R.Civ.P. 12(b)(1) was proper.

Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) was justified, too, because Mr. Opoku failed to state any claim against Ms. Griffin and Ms. Martinez upon which relief could be granted.  In their official capacities, they are not "persons" subject to suit for damages under § 1983.  In addition, any claims against Ms. Griffin are barred by the applicable two-year statute of limitations.  Contrary to Mr. Opoku's allegations, the alleged mishandling of his PHRC charge cannot be the basis of a due process claim.  And because Mr. Opoku's conspiracy averments are wholly conclusory, he failed to state a plausible, cognizable claim under § 1985(3).

# ARGUMENT

## THE DISTRICT COURT CORRECTLY DISMISSED MR. OPOKU'S § 1983 AND § 1985 CLAIMS AGAINST MS. GRIFFIN AND MS. MARTINEZ, WITHOUT LEAVE TO AMEND.

*Standard of review.*

On appeal from an order granting a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), this Court exercises plenary review. *Petruska v. Gannon University*, 462 F.3d 294, 303 (3d Cir. 2006); *In re Kaiser Group Intern., Inc.,* 399 F.3d 558, 561 (3d Cir. 2005). In deciding whether a complaint is subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, the same standard applies. *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 31-32 (3d Cir. 2011); *Petruska*, 462 F.3d at 299 & n.1, 303.

\*     \*     \*     \*     \*

Mr. Opoku clearly was shocked and angry when he failed to pass the first two USMLE tests he needed to pass, before he could advance to the third step in the qualification process for pursuit of a medical career in the United States. His desire to obtain redress is understandable on some level. But that does not mean he has a cognizable federal civil rights case against Ms. Griffin and Ms. Martinez (or their co-defendants, for that matter).

11

As already noted, Ms. Griffin and Ms. Martinez based their district court
motion to dismiss on both Fed.R.Civ.P. 12(b)(1) (because subject matter
jurisdiction was lacking), and Fed.R.Civ.P. 12(b)(6) (because Mr. Opoku failed to
state any viable claim against them). While *pro se* filings must, of course, be
liberally construed*, e.g., Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-245
(3d Cir. 2013); *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 32 (3d Cir.
2011), this action was and is legally flawed in a variety of ways.

A.    **Any Damages Claims Against Ms. Griffin and Ms. Martinez in
       their Official Capacities Were Barred by the Eleventh
       Amendment.**

Invoking 42 U.S.C. §§ 1983 and 1985 (*see, e.g.*, ¶¶ 2, 85, 86), Mr. Opoku
sued Ms. Griffin and Ms. Martinez as PHRC "representatives" (*see* ¶¶ 6, 7), and
sought compensatory and punitive damages from each of them (*see* ¶¶ 93, 94). In
their motion to dismiss, Ms. Griffin and Ms. Martinez countered that, by virtue of
the Eleventh Amendment, the district court did not have subject matter jurisdiction
over those claims, insofar as Mr. Opoku had named them as defendants in their
official capacities. [9] In his appellate brief, Mr. Opoku does not confront this

---

[9] The Supreme Court has not definitively decided whether Eleventh
Amendment immunity is strictly a matter of subject-matter jurisdiction, *see
Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 391 (1998), and its
jurisprudence on this issue "has not been entirely consistent," *Lombardo v.*
[continued….]

threshold problem, at least not cogently.[10]  Even if he tried to do so, he would not be able to prevail.

By virtue of the Eleventh Amendment, an unconsenting State is immune from any suit brought in federal court by a private party.  *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  Indeed, suits against unconsenting States are barred regardless of the relief sought.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf and Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 91 (1982).  Thus, unless Congress has "specifically abrogated" the states' sovereign immunity or a State has unequivocally consented to suit in federal court, subject-matter jurisdiction over an attempted suit against a State is lacking.  *See, e.g., Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996).

Eleventh Amendment immunity extends to any state agency or department that has no existence apart from the State itself.  *E.g., Laskaris v. Thornburgh*, 661

---

*Pennsylvania Dept. of Public Welfare*, 540 F.3d 190, 197 (3d Cir. 2008).  This Court has noted, nevertheless, that – as in this instance – an Eleventh Amendment immunity defense may properly be raised in a motion to dismiss for lack of subject matter jurisdiction, brought pursuant to Fed.R.Civ.P. 12(b)(1).  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996).  *See also Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 98-99 & n.8 (1984) (Eleventh Amendment is a constitutional limitation on federal judicial power, depriving federal courts of jurisdiction to entertain claims against unconsenting states).

[10] Mr. Opoku does allude to the Eleventh Amendment on pages 26-27 of his appellate brief.

F.3d 23, 25 (3d Cir. 1981).  The Eleventh Amendment also shields state officials

and employees in their official capacities, when purely monetary relief is sought.

*See, e.g., Hafer v. Melo*, 502 U.S. 21, 25-30 (1991); *Betts v. New Castle Youth*

*Development Center*, 621 F.3d 249, 254 (3d Cir. 2010), *cert. denied*, 131 S.Ct.

1614 (2011).[11]

The PHRC is an independent "departmental administrative commission"

and, as such, is a Commonwealth agency.  *See* 43 P.S. § 956; 71 P.S. §§ 732-102,

751-11.  This Court has repeatedly recognized that the PHRC is entitled to

Eleventh Amendment immunity, as are PHRC employees when sued in their

official capacities for damages.  *See Gary v. Pennsylvania Human Relations*

*Comm'n*, 497 Fed. Appx. 223, 226 (3d Cir. 2012); *Cook v. Floyd*, 398 Fed. Appx.

702, 703 (3d Cir. 2010); *N'jai v. Floyd*, 386 Fed. Appx. 141, 143 (3d Cir. 2010).[12]

---

[11] In contrast, state officials and employees may be sued in their official
capacities for prospective injunctive relief.  *See, e.g., Ex Parte Young,* 209 U.S.
123 (1908); *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 176-179 (3d
Cir. 2002), *cert. denied*, 537 U.S. 1232 (2003).  In his complaint, Mr. Opoku does
pray for an injunction, but only against ECFMG (*See* ¶¶ 91, 95-97).

[12] *Gary, Cook, and N'jai* are non-precedential decisions and therefore are not
binding in subsequent cases.  *See, e.g., Jamison v. Klem*, 544 F.3d 266, 278 n.11
(3d Cir. 2008).  Non-precedential decisions may still be cited, however.  *See*
Fed.R.App.P. 32.1(a).  This is permissible because, as this Court has long
recognized, past non-precedential decisions may be instructive or persuasive in
analogous future cases.  *See Drinker v. Colonial School Dist.*, 78 F.3d 859, 864
n.12 (3d Cir. 1996) (because of "factual similarity" between cases, "we look to the
decision as a paradigm of the legal analysis we should here follow"); *City of*
[continued....]

As against Ms. Griffin and Ms. Martinez, as PHRC "representatives," Mr.

Opoku has only requested monetary relief (*See* ¶¶ 93, 94).  Accordingly, to the

extent that he has sued them in their official capacities, his claims are barred by the

Eleventh Amendment, absent waiver or Congressional abrogation for the specific

claims he has pleaded.   But Pennsylvania has not waived its immunity under the

Eleventh Amendment, *see* 42 Pa. C.S. § 8521(b), and there is no abrogation either.

To the contrary, as recognized in *Quern v. Jordan*, 440 U.S. 332, 341-342 (1979),

§ 1983 claims against States are *not* authorized.  Similarly, with respect to § 1985

conspiracy claims, States' Eleventh Amendment immunity remains intact.  *See*

*Boykin v. Bloomsburg Univ. of Pa.*, 893 F. Supp. 378, 394 (M.D. Pa. 1995), *aff'd*

91 F.3d 122 (3d Cir. 1996) (table), *cert. denied*, 519 U.S. 1078 (1997); *Seeney v.*

*Kavitski*, 866 F. Supp. 206, 209 (E.D. Pa. 1994), *aff'd*, 107 F.3d 8 (3d Cir. 1997)

(table).

### B.     Mr. Opoku's Claims Against Ms. Griffin and Ms. Martinez Were in any Event Subject to Dismissal on the Merits.

Apart from any Eleventh Amendment considerations, Mr. Opoku's

complaint against Ms. Griffin and Ms. Martinez was subject to dismissal pursuant

---

*Newark v. U.S. Dept. of Labor*, 2 F.3d 31, 33 n.3 (3d Cir. 1993) ("evaluation of a
factual scenario virtually identical to the one before [the court]" considered
persuasive).

to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief could be granted.  Both his § 1983 due process claim and his § 1985 conspiracy claim were substantively flawed, for several reasons.

### 1.    In their official capacities, Ms. Griffin and Ms. Martinez were not "persons" subject to suit under § 1983.

It is settled law that the Commonwealth is not a "person" for purposes of 42 U.S.C. § 1983 and cannot be sued under that statute.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 69-71 & n.10 (1989).  By the same token, Commonwealth officials and employees, in their official capacities, cannot be sued under §1983 for money damages.  *Id.  See also Hafer v. Melo*, 502 U.S. at 25-29. To the extent that Mr. Opoku tried to plead § 1983 claims against Ms. Griffin and Ms. Martinez in their official capacities, his complaint had to be dismissed, because they did not qualify as "persons" for purposes of that statute.

### 2.    Mr. Opoku's attempted claims against Ms. Griffin in her individual capacity were time-barred.

In Pennsylvania, actions such as this, brought under 42 U.S.C. § 1983, are subject to a two-year statute of limitations.  *E.g.*, *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).  The same limitations period applies to claims under 42 U.S.C. § 1985(3).  *E.g., Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 79-80 (3d Cir. 1989).  Mr. Opoku filed his district court complaint on June 19, 2012.  That allowed him to litigate any claims that accrued

on or after June 19, 2010.  Any claims that accrued earlier than that would be time-barred.

According to Mr. Opoku's federal complaint, he filed his PHRC charge in the Spring of 2009 (*See, e.g.,* ¶ 22).  His interactions with Ms. Griffin, such as they were, began soon thereafter (*See, e.g.,* ¶ 23).  Reading his complaint as a whole, his dissatisfaction with her handling of his PHRC case seems to have arisen when the possibility of settlement was broached and in connection with ECFMG's motion to dismiss the charge – all of which took place in 2009 and early 2010.

The complaint does not include any averments of (alleged) wrongdoing by Ms. Griffin after June 19, 2010.  Right or wrong, any conduct attributable to her occurred before that key date and therefore was not actionable.  Because this is apparent from the face of the complaint itself, *see, e.g.,  Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 nn. 1, 2 (3d Cir. 1994), dismissal of the claims against Ms. Griffin on limitations grounds was warranted.

### 3.    Mr. Opoku could not base a § 1983 due process claim on the alleged mishandling of his PHRC charge.

Because Mr. Opoku sued Ms. Griffin and Ms. Martinez by name, and prayed for both compensatory and punitive damages from each of them, his complaint can be read to encompass claims against them in their individual capacities.  *See Gregory v. Chehi*, 843 F.2d 111, 119-120 (3d Cir. 1988).  But those claims are legally defective.

17

Mr. Opoku's § 1983 due process claim against Ms. Griffin and Ms. Martinez seems to be based on their – or, more broadly, the PHRC's – alleged mishandling of his charge against ECFMG.  He appears to believe that his rights were violated because the PHRC ultimately dismissed that charge without affording him a hearing.  Setting aside the timing problem vis-à-vis Ms. Griffin (as discussed above) and the dire shortage of clear, specific allegations against Ms. Martinez individually,[13] the dismissal of any attempted § 1983 due process claim was still warranted.

In general, when considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must accept as true all factual allegations in the complaint, and all reasonable inferences that can be drawn from those allegations.  *E.g., Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 (3d Cir. 2010).  The court must also construe the allegations in a light most favorable to the non-movant.  *Id.*  Crucially, however, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[13] To be held liable under § 1983, a defendant must have been personally involved in the challenged acts.  *E.g., Evancho v. Fisher*, 423 F.3d 347, 350-351 (3d Cir. 2005).  The plaintiff's complaint must specify what each defendant supposedly did, in violation of the plaintiff's rights.  *Id.*

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* This standard applies in any federal case.

To resolve the instant appeal, this Court does not have to undertake a comprehensive analysis of due process jurisprudence. In both *Gary v. Pa. Human Relations Comm'n*, 497 Fed. Appx. 223 (3d Cir. 2012), and *Cook v. Floyd*, 398 Fed. Appx. 702 (3d Cir. 2010), the dismissal of claims indistinguishable from Mr. Opoku's was affirmed. This Court should not hesitate to follow suit here.

*Gary* involved a due process claim based – like Mr. Opoku's – on the alleged mishandling of a person's PHRC complaint. The claim was dismissed for failure to satisfy an essential threshold requirement. In this Court's words, to prevail, the plaintiff had to have "alleged the existence of a protected liberty interest, which he failed to do." *Id.,* 497 Fed. Appx. at 227. Mr. Opoku's comparable attempted claim against Ms. Griffin and Ms. Martinez was equally deficient.

19

The focus in *Cook* was a bit different, but equally instructive.  There, as here, the plaintiff/appellant alleged that certain "named PHRC employees violated his rights when they dismissed his complaints because of a finding of no probable cause, and when they denied him a hearing."  *Id.*, 398 Fed. Appx. at 703-704. Under the Pennsylvania Human Relations Act and its implementing regulations, however, dismissal is permitted when PHRC staff determines that no probable cause exists to credit the allegations of the complaint.  *See id.*, at 704.  Further, while a complainant may request a hearing, the PHRC is not obliged to grant one whenever one is requested.  *Id.*  And under Pennsylvania law, a dissatisfied complainant may still pursue his or her claim in state court.  *Id.*  So, as this Court reasoned, an individual's due process rights are "not finally affected by any actions of the PHRC."  *Id.*  For the same reason, Mr. Opoku did not have a viable due process claim against Ms. Griffin or Ms. Martinez.

### 4.    Mr. Opoku's conclusory conspiracy allegations were also insufficient as a matter of law.

Finally, Mr. Opoku attempted to plead a civil rights conspiracy claim, based on 42 U.S.C. § 1985(3) (*See* ¶¶ 86-89).  Unlike the plaintiff in *Gary*, who "alleged but one sentence to support his conspiracy claim," *Id.*, 497 Fed. Appx. at 227, Mr. Opoku mentioned "conspiracy" and "collusion" frequently in his 38-page complaint (*See, e.g.*, ¶¶ 31, 58, 62, 73, 77, 78, 79, 80, 84).  But that alone does not give rise to a viable conspiracy claim against Ms. Griffin or Ms. Martinez.  With

20

his wholly conclusory allegations, Mr. Opoku failed to state a plausible claim against them.

*Griffin v. Breckenridge*, 403 U.S. 88 (1971), is the seminal modern case construing § 1985(3). To state a claim under that statute, a plaintiff must allege that the defendants (1) conspired with each other; (2) acted with "the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;" (3) did, or caused to be done, an act in furtherance of the object of the conspiracy; and (4) thereby injured the plaintiff's person or deprived the plaintiff "of having and exercising any right or privilege of a citizen of the United States." *Griffin*, 403 U.S. at 102-103. *See also, e.g., Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

Potential claims under § 1985(3) are quite circumscribed. "It is well established that § 1985(3) does not itself create any substantive rights; rather it serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 805 (3d Cir. 2001). Moreover, an actionable § 1985(3) conspiracy has to have been motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102.

By identifying himself as a foreigner, Mr. Opoku may arguably be part of a "class" potentially entitled to proceed under § 1985(3). Nothing else about his so-

21

called claim is sufficient, though. His "conspiracy" allegations, numerous as they are, are totally empty. Simply saying, over and over again, that one defendant or another was engaged in a conspiracy against him, without pleading concrete facts suggestive of illicit collusion *to interfere with his federally secured rights*, is meaningless.

At most, Ms. Griffin and Ms. Martinez each had a role in the processing of Mr. Opoku's PHRC charge. One may infer that they, and their employing agency, did not see things his way, but for present purposes that is of no moment. Even if erroneous, the PHRC's failure to afford Mr. Opoku relief is simply not the equivalent of an infringement, or potential infringement, of his constitutional rights. Indeed, as discussed in section 3, above, as a matter of law, the PHRC investigation into Mr. Opoku's allegations did not implicate his purported right to due process. If no such right was at stake to begin with, there cannot have been an actionable conspiracy to deprive Mr. Opoku of a right he did not possess.

## CONCLUSION

For the foregoing reasons, this Court should affirm the judgment of the district court, dismissing all of plaintiff Opoku's claims against defendants Griffin and Martinez.[14]

Respectfully submitted,

KATHLEEN G. KANE
Attorney General

By:    */s/ Claudia M. Tesoro*
_____

CLAUDIA M. TESORO
Senior Deputy Attorney General
Bar No. 32813 (Pa.)

JOHN G. KNORR, III
Chief Deputy Attorney General
Chief, Appellate Litigation Section

Office of Attorney General
21 South 12th Street
Third Floor
Philadelphia, PA 19107
Phone: (215) 560-2908
FAX:   (215) 560-1031

DATE:  November 27, 2013

_____

[14] Before dismissing Mr. Opoku's case, the district court did not afford him an opportunity to amend his complaint, as is ordinarily required, unless amending would be inequitable or futile. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Here, the defects in Mr. Opoku's complaint could not be cured by amendment. Since amendment would have been futile, the district court was entitled to dismiss the case without first granting leave to amend.

23

## CERTIFICATE OF COUNSEL

I, Claudia M. Tesoro, Senior Deputy Attorney General, hereby certify as follows:

1. I am a member of the bar of this Court.

2. The text of the electronic version of this brief is identical to the text of the paper copies.

3. The following virus detection program – SYBARI ANTIGEN Version 8.00.1470 – was run on the file and no virus was detected.

*/s/ Claudia M. Tesoro*

CLAUDIA M. TESORO
Senior Deputy Attorney General

# CERTIFICATE OF SERVICE

I, Claudia M. Tesoro, Senior Deputy Attorney General, do hereby certify that I have this day served the foregoing Brief For Appellees Griffin And Martinez, by depositing two copies of the same in the United States mail, first class, postage prepaid, on the following:

> John Paul Opoku
> 2110 Bronx Park East 2A
> Bronx, NY  10462

I further certify that this brief is being filed electronically, so the Notice of Docket Activity that is generated by the court's electronic filing system constitutes service of the filed document on any/all Filing User(s) involved in this case, including:

> emcenroe@morganlewis.com
> bshaffer@morganlewis.com

In addition, seven copies of this brief are being sent this day to the Clerk of the United States Court of Appeals for the Third Circuit in Philadelphia, Pennsylvania.

*/s/ Claudia M. Tesoro*

CLAUDIA M. TESORO
Senior Deputy Attorney General

DATE:  November 27, 2013