No. 13-4076
_____

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

_____

JOHN PAUL OPOKU,

Plaintiff-Appellant,

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,
KIMBERLY GRIFFIN, SUZANNE MARTINEZ, AND CHRISTINA JOY F. GRESE

Defendants-Appellees.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania, No. 12-CV-3457
Petrese B. Tucker, United States District Judge

_____

**RESPONSE OF DEFENDANTS-APPELLEES EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES AND CHRISTINA JOY F. GRESE
TO PLAINTIFF-APPELLANT'S OPENING BRIEF**

_____

Brian W. Shaffer (PA Bar #78851)
Elisa P. McEnroe (PA Bar #206143)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
215.963.5103
215.963.5917
bshaffer@morganlewis.com
emcenroe@morganlewis.com

*Counsel for Defendants-Appellees
Educational Commission for
Foreign Medical Graduates and
Christina Joy F. Grese*

**United States Court of Appeals for the Third Circuit**

**Corporate Disclosure Statement and
Statement of Financial Interest**

No. ____13-4076____

John Paul Opoku

v.

Educational Commission for Foreign Medical Graduates,
Kimberly Griffin, Suzanne Martinez, and Christina Joy F.
Grese

Instructions

      Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

      Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

      In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

      The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

      The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. An original and three copies must be filed. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

      If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1,
makes the following disclosure:

Educational Commission for Foreign Medical Graduates
_____
(Name of Party)

       1) For non-governmental corporate parties please list all parent corporations: None

       2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

None

       3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

 None

       4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

 N/A

s/ Brian W. Shaffer
_____
(Signature of Counsel or Party)

Dated: 12/2/13
_____

**rev: 12/1998**                (Page 2 of 2)

# Table of Contents

**Page**

I.    STATEMENT OF ISSUE ON APPEAL ..............................1

II.   STATEMENT OF THE CASE .....................................1

III.  STATEMENT OF FACTS ........................................3

    A.    The Educational Commission for Foreign Medical
        Graduates .........................................3

    B.    Christina Joy F. Grese .........................4

    C.    John Paul Opoku .................................4

        1.    Opoku's USMLE Step 1 Exam ..................4

        2.    Opoku's USMLE Step 2 CK Exam ..............5

        3.    Certification of Identification Form ..........5

    D.    Opoku's PHRC Action .............................6

    E.    Opoku's EDPA Action .............................7

IV.   SUMMARY OF ARGUMENT .......................................9

V.    ARGUMENT .................................................10

    A.    Standard of Review .............................10

    B.    Opoku Has Not Stated A Claim On Which Relief Can
        Be Granted ......................................11

        1.    Opoku Has Not Stated A Viable Claim Under
            42 U.S.C. § 1983 For Deprivation Of
            Due Process ...............................12

            a.    The ECFMG Defendants Are Not State
                Actors. ..............................13

            b.    The ECFMG Defendants Should Not Be
                Treated As State Actors. .................14

        2.    Opoku Has Not Stated A Viable Conspiracy
            Claim .....................................16

        3.    Opoku Has Not Stated A Viable Claim For
            Intentional Infliction of Emotional
            Distress ..................................17

        4.    Opoku Has Not Stated A Viable Fraud Claim .....18

        5.    Opoku Has Not Stated A Viable Discrimination
            Claim .....................................21

        6.    Opoku Has Not Stated A Viable Harassment
            Claim .....................................22

# **Table of Contents**
(continued)

Page

      7.   Opoku Has Not Stated A Viable Extortion Claim ........................................22

      8.   Opoku Has Not Stated A Viable Claim For Obstruction of Justice ......................22

  C.   The ECFMG Defendants' Motion to Dismiss Was Timely...........................................23

  D.   Opoku's *Pro Se* Status Does Not Negate the Operation Of Rule 12(b)(6)..........................25

VI.  CONCLUSION ...........................................27

<u>**Table of Authorities**</u>

**Page**

**FEDERAL CASES**

<u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970) .......... 14, 15

<u>Andrew v. Ivanhoe Financial, Inc.</u>, No. 07-729,
      2007 WL 2844937 (E.D. Pa. Sept. 28, 2007) ................ 19

<u>Benigno v. Flatley</u>, No. 01-2158, 2001 WL 1132211
      (E.D. Pa. Sept. 13, 2001) ...................... 19, 20, 22

<u>Brown v. Federation of State Medical Boards</u>,
      No. 82-7398, 1985 WL 1659 (N.D. Ill. May 31, 1985) ....... 13

<u>Cannon v. Baird</u>, No. 06-5505, 2008 WL 4399020
      (E.D. Pa. Sept. 26, 2008) ................................ 22

<u>DiFronzo v. Chiovero</u>, 406 F. App'x 605
      (3d Cir. 2011) .......................................... 10

<u>Dennis v. Sparks</u>, 449 U.S. 24 (1980) ................. 14, 15, 16

<u>Ellington v. Cortes</u>, No. 13-1528, 2013 WL 3822161
      (3d Cir. July 25, 2013) ................................. 25

<u>Grant v. Kingswood Apartments</u>, No. 01-1523,
      2011 WL 1178796 (E.D. Pa. Oct. 2, 2011) ................. 23

<u>Great Western Mining & Mineral Company v. Fox
      Rothschild LLP</u>, 615 F.3d 159 (3d Cir. 2010) ............. 17

<u>Grier v. Klem</u>, 591 F.3d 672 (3d Cir. 2010) .................... 10

<u>In re NAHC, Inc. Securities Litigation</u>,
      306 F.3d 1314 (3d Cir. 2002) ............................. 8

<u>Jordan v. Fox, Rothschild, O'Brien and Frankel</u>,
      20 F.3d 1251 (3d Cir. 1994) .............................. 2

<u>Kaucher v. County of Bucks</u>, 455 F.3d 418 (3d Cir. 2006) ....... 12

<u>Loftus v. SEPTA</u>, 843 F. Supp. 981 (E.D. Pa. 1994) ............. 15

<u>Maxberry v. Sallie Mae Educational Loans</u>, No. 13-2017,
      2013 WL 3830102 (3d Cir. July 25, 2013) .............. 10, 11

McFall v. Fritsch, No. 11-3049, 2012 WL 1122789
    (E.D. Pa. Apr. 4, 2012) ................................. 17

Morse v. Lower Merion School District,
    132 F.3d 902 (3d Cir. 1997) ........................... 12

Moua v. Taylor, 348 F. App'x 726,
    (3d Cir. 2009) ........................................ 11

Second & Ashbourne Associates v. Cheltenham,
    No. 88-6400, 1989 WL 86602 (E.D. Pa. July 28, 1989) ...... 22

Staudinger v. ECFMG, No. 92-8071,
    1993 WL 138954 (S.D.N.Y. Apr. 28, 1993) ................. 13

Tilbury v. Aames Home Loan, 199 F. App'x 122
    (3d Cir. 2006) ........................................ 25

Weinstein v. Bullick, 827 F. Supp. 1193
    (E.D. Pa. 1993) ....................................... 18

**STATE CASES**

Banks v. Jerome Taylor & Associates, 700 A.2d 1329
    (Pa. Super. Ct. 1997) ................................. 19

DeAngelo v. Fortney, 515 A.2d 594
    (Pa. Super. Ct. 1986) ................................. 22

Elias v. ECFMG, 2010 WL 4340640 (N.J. Super Ct.
    Nov. 4, 2010) ......................................... 13

Feld v. Merriam, 485 A.2d 742(Pa. 1984) ...................... 23

McKeeman v. Corestates Bank, 751 A.2d 655
    (Pa. Super. Ct. 2000) ................................. 18

**FEDERAL STATUTES**

42 U.S.C. § 1983 ............................ 12, 13, 14, 15, 16

## OTHER AUTHORITIES

Fed. R. App. P. 30(a)(2) ....................................... 2

Fed. R. Civ. P. 4(b)(1)(B) ..................................... 7

Fed. R. Civ. P. 6(a)(1)(A) .................................... 24

Fed. R. Civ. P. 6(a)(1)(C) .................................... 24

Fed. R. Civ. P. 6(d) .......................................... 24

Fed. R. Civ. P. 9(b) ...................................... 19, 20

Fed. R. Civ. P. 12(a)(1)(A)(i) ................................ 24

Fed. R. Civ. P. 12(b)(6) ......................... 10, 11, 24, 25

Pa. R. Civ. P. 403 ............................................. 7

Defendants-Appellees, the Educational Commission for Foreign Medical Graduates ("ECFMG") and Christina Joy F. Grese ("Attorney Grese") (collectively, "ECFMG Defendants"),[1] respond to the opening brief of Plaintiff-Appellant, John Paul Opoku ("Opoku"), docketed October 31, 2013.  As detailed herein, the District Court was correct to dismiss Opoku's claims, and this Court should so affirm.

## I.    STATEMENT OF ISSUE ON APPEAL

Whether the district court properly dismissed an action in which the plaintiff failed to state a claim upon which relief could be granted.

## II.    STATEMENT OF THE CASE

ECFMG is a private, not-for-profit entity whose purpose is to improve world health through excellence in medical education. Each year, ECFMG assesses whether thousands of international medical graduates ("IMGs") are ready to enter accredited medical residency or fellowship programs in the United States.  In connection with that role, ECFMG has certain responsibilities relating to a set of standardized examinations.

Opoku is an IMG seeking to enter the U.S. medical community who took and failed certain of these standard examinations. This case stems from Opoku's allegation that ECFMG fabricated failing examination scores for him in lieu of his "actual

---

[1] The two other defendants, Kimberly Griffin and Suzanne Martinez, are represented by separate counsel.

excellent examination scores." Opoku's Complaint (Doc. No. 1),
¶ 15 (hereinafter "Complaint").[2] Opoku bases his allegation on
his "intuition" about his capabilities. See Opoku's Opposition
(Doc. No. 16) at 2, n.b.

After receiving his failing scores, Opoku first initiated
legal proceedings in the Pennsylvania Human Rights Commission
("PHRC"); the PHRC dismissed Opoku's case. See Complaint at
Appx. F4.[3] Opoku then filed the instant action in the District
Court in which he sued ECFMG, Attorney Grese (ECFMG's counsel
from the PHRC proceeding), and the two PHRC officials involved
in Opoku's PHRC proceeding on myriad overlapping grounds, which
the ECFMG Defendants have deciphered to be based on the
following legal theories: (1) deprivation of civil rights (due
process); (2) conspiracy; (3) intentional infliction of
emotional distress; (4) fraud; (5) discrimination; (6)
harassment; (7) extortion; and (8) obstruction of justice. The
defendants moved to dismiss Opoku's case (Doc. Nos. 5 & 10), and

---

[2] Unless otherwise noted, all citations herein are to record
documents contained on the docket of the United States District
Court for the Eastern District of Pennsylvania, No. 12-CV-3457.
Opoku designated District Court docket entries one to nineteen
as part of the record. Per Federal Rule of Appellate Procedure
30(a)(2), "[p]arts of the record may be relied upon by the court
or the parties even though not included in the appendix."

[3] In deciding a Motion to Dismiss, a Court may properly look to
the facts alleged in the Complaint and attachments thereto. See
Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261
(3d Cir. 1994). References to Opoku's appendices to his
Complaint do not signify admission as to their authenticity or
relevance.

Chief Judge Petrese B. Tucker granted those motions (Doc. No. 19).

Opoku now appeals.  The ECFMG Defendants oppose Opoku's appeal and urge this Court to affirm Chief Judge Tucker's Order granting the ECFMG Defendants' Motion to Dismiss because Opoku's allegations, even if taken as true, do not give rise to any viable legal claim against the ECFMG Defendants.

### III. **STATEMENT OF FACTS**

#### A.    **The Educational Commission for Foreign Medical Graduates**

ECFMG is a private, not-for-profit organization whose purpose is to improve world health through excellence in medical education.  In furtherance of its mission, ECFMG assesses whether IMGs are ready to enter accredited medical residency or fellowship programs in the United States.  ECFMG interacts with thousands of IMGs each year who are working towards entering the U.S. medical education community.  ECFMG fills various needs in the U.S. medical community, including in connection with the United States Medical Licensing Examination ("USMLE"), which is a standardized examination used to evaluate applicants' competence for the practice of medicine in the United States. See Exhibits A & B to ECFMG MTD (Doc. Nos. 5-2 & 5-3); see also www.ecfmg.org/about.

The USMLE is comprised of exams referred to as "steps": Step 1, Step 2 Clinical Skills ("Step 2 CS"), Step 2 Clinical Knowledge ("Step 2 CK"), and Step 3.  ECFMG fills specific roles

for these exams.  For Step 1 and Step 2 CK, for example, ECFMG receives the exam applications, ensures that eligibility requirements are met, and registers exam takers.  ECFMG does not administer or score the Step 1 or Step 2 CK exams.  A separate entity, the National Board of Medical Examiners ("NBME"), scores the Step 1 and Step 2 CK exams and provides ECFMG with the scores.  ECFMG then issues the score reports to the examinees. See id.

### B.    Christina Joy F. Grese

Attorney Grese is an associate with the law firm Morgan, Lewis & Bockius LLP ("Morgan Lewis").  Attorney Grese represented ECFMG in Opoku's PHRC proceeding.  See, e.g., Complaint at ¶¶ 77 & 88.

### C.    John Paul Opoku

Opoku alleges that he is a citizen of Ghana and that he has taken exams to try and become eligible to participate in graduate medical education in the United States.  See id. at ¶¶ 3 & 14.  Opoku's claims in this case stem from various interactions with ECFMG in connection with that effort.

#### 1.    Opoku's USMLE Step 1 Exam

On August 19, 2008, Opoku took the USMLE Step 1 exam.  See id. at ¶ 14.  Opoku's Complaint characterizes his Step 1 exam score as "137 out of 336," which he described as a "fabricated punitive failing test score[] in place of Plaintiff's actual excellent examination score[] obtained on USMLE Step 1 . . . ."

Id. at ¶ 15.  The official score report for Opoku's August 19,
2008 USMLE Step 1 exam confirms that Opoku failed.  See id. at
Appx. A1.

Opoku alleges that he paid $55 to have his Step 1 exam
score rechecked.  See id. at ¶ 40, n.22.  The recheck confirmed
Opoku's failing score on USMLE Step 1.  See Complaint at Appx.
D2 & D6.

### 2.    *Opoku's USMLE Step 2 CK Exam*

On February 9, 2009, Opoku took the USMLE Step 2 CK exam.
See Complaint at ¶ 14.  Opoku's Step 2 CK exam score was "90 out
of 410," which he describes as a "fabricated punitive failing
test score[] in place of Plaintiff's actual excellent
examination score[] obtained on USMLE . . . Step 2-Ck . . . ."
Id. at ¶ 15.  The official score report for Opoku's February 9,
2009 USMLE Step 2 CK exam confirms that Opoku failed.  See id.
at Appx. A2.

### 3.    *Certification of Identification Form*

To participate in some of ECFMG's services, IMGs are
required to complete a Certification of Identification Form
("CIF").  Opoku alleges that a change in ECFMG policy that
altered the information required to be included on the CIF was a
"way to justify their hindering tactic" and was "retaliatory"
against him.  See id. at ¶¶ 46-47.  Opoku alleges that ECFMG's
rejection of his CIF was designed "to retaliate against [Opoku]

for daring to be self-asserting to challenge their unlawful actions against him." Id. at ¶ 48.

Attached to Opoku's Complaint at Appendix D4 is a May 20, 2009 e-mail from ECFMG to Opoku explaining that ECFMG invalidated Opoku's CIF because of "a modification ECFMG has made to the on-line USMLE application process and the on-line process for requesting Step 1/Step 2 CK eligibility period extensions for international medical graduates."  The PHRC found that this May 20 e-mail message was received by 5,000 similarly situated applicants.  See Complaint at Appx. F3.

### D.   Opoku's PHRC Action

In May 2009, after receiving his failing scores, Opoku filed a complaint against ECFMG in the PHRC alleging "harassment (different treatment)," "unfair and prejudicial treatment," "sabotage," and "exploitation" in connection with his failing the USMLE Step 1 and Step 2 CK exams.  See ECFMG Defendants' Motion to Dismiss (Doc. No. 5-1), at 5, n.4 (hereinafter "ECFMG MTD").  Through its counsel Attorney Grese, ECFMG moved to dismiss the PHRC Complaint, and the PHRC replied on Opoku's behalf.  Thereafter, Opoku amended his PHRC complaint and ECFMG answered Opoku's amended PHRC complaint.  See Complaint at Appx. D8.

By letter dated January 23, 2012, the PHRC wrote to inform Opoku that the PHRC had "determined that the complaint should be dismissed because the facts of the case do not establish that

probable cause exists to credit the allegations of unlawful discrimination." See id. at Appx. F4. Opoku requested a preliminary hearing before the PHRC. See id. at Appx. F6. Through Attorney Grese, ECFMG responded in opposition to Opoku's request for a preliminary hearing. See id. at Appx. F7. The PHRC denied Opoku's request for a hearing and advised him that the PHRC "has closed [his] case" and that he has "no further appeal rights" with the PHRC. See id. at Appx. F5.

### E.   Opoku's EDPA Action

On June 19, 2012, Opoku filed his Complaint and thereafter filed an Affidavit of Service indicating he had served all defendants by mail on June 27, 2013 (Doc. Nos. 1 & 2).[4]

On July 23, 2012, ECFMG and Grese filed a Motion to Dismiss Opoku's case for failure to state a claim (Doc. No. 5). Instead of responding in opposition to the Motion to Dismiss, on August 2, 2012, Opoku filed what he styled as a Motion for Summary Judgment (Doc. No. 8). On August 7, 2012, defendants ECFMG and Grese opposed Opoku's Motion for Summary Judgment (Doc. No. 11). Thereafter, on August 15, 2012, Opoku filed a reply in support of his Motion for Summary Judgment (Doc. No. 12).

On April 16, 2013, Chief Judge Tucker issued a Notice and Order to Opoku (Doc. No. 13), explaining:

---

[4] See also Opoku Brief, 5 ("Service of summonses was properly made and completed on all four defendants on June 27, 2012 by certified mail ('USPS EXPRESS MAIL') in accordance with Fed R. Civ. P. Rule 4(b)(1)(B) and Pennsylvania Rules of Civ. P. 403.").

> The opposing parties in your case have filed
> motions to dismiss your case for failure to
> state a claim upon which relief can be
> granted. If you do not respond, the court
> may grant the motions to dismiss as
> uncontested. This means that the lawsuit
> would be over, you would lose, and you would
> not have the opportunity to present your
> side.

Chief Judge Tucker's April 16 Notice went on to point out Local

Rule 7.1, which provides:

> Every response in opposition to a motion
> shall be accompanied by a form of order,
> which if approved by the court, will deny or
> amend the relief sought by the motion.
>
> . . .
>
> [A]ny party opposing the motion shall serve
> a brief in opposition together with such
> answer or other response that may be
> appropriate. . . . In the absence of timely
> response, the motion may be granted as
> uncontested. . . .

On May 3, 2013, Opoku filed his oppositions to the

defendants' Motions to Dismiss (Doc. Nos. 15 & 16).[5] Opoku's

opposition was consistent with his previous filings and was

largely non-responsive to the ECFMG Defendants' motion, though

---

[5] Thereafter, on May 7, 2013, Opoku filed a Motion to Amend the
Memorandum of Law in Opposition to ECFMG and Grese's Motion to
Dismiss Complaint (Doc. No. 17). Chief Judge Tucker denied
Opoku's request to amend his filing in her Order dismissing the
case (Doc. No. 19). It is appropriate for a Court to deny leave
to amend on various grounds, including "undue delay, bad faith,
dilatory motive, prejudice and futility." In re NAHC, Inc. Sec.
Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (affirming denial of
request for leave to amend on futility grounds). A comparison
of the original and proposed amended memoranda reveals that the
proposed amended memorandum (Doc. No. 17) did not present any
new or different grounds by the District Court for denying the
ECFMG Defendants' Motion to Dismiss that were not already
presented to the District Court.

he clarified that his belief that ECFMG is wrong about his examination scores is based on his "**intuition** that he obtained the highest of the highest score."  Opoku's Opposition (Doc. No. 16) at 2, n.b. (emphasis added).

Chief Judge Tucker granted the defendants' motions to dismiss and ordered that the case be closed.  See Sept. 24, 2013 Order (Doc. No. 19).  Thereafter, Opoku filed this appeal.

### IV.  SUMMARY OF ARGUMENT

Opoku came to ECFMG because he wanted to enter the U.S. medical education community.  ECFMG, an entity tasked with facilitating the entry of international medical graduates into U.S. medical education, provided Opoku certain services with respect to standardized examinations.  Opoku failed those exams, yet tries to blame ECFMG for his failures.

Even if Opoku considers himself a victim of some imagined wrongs, he has failed to set forth facts making out a claim against ECFMG or Attorney Grese.  Opoku's unsubstantiated "intuition" that his score was changed from "highest of the high" to "lowest of the low" by ECFMG does not mean he is entitled to continue his ill-conceived legal vendetta against the defendants.  In an effort to construct a case, Opoku continues to claim himself the victim, and tries to taint the proceedings in the District Court with allegations he was

mistreated because of his *pro se* status.[6]  Although the Court

decided Opoku's case was without merit, both the defendants and

Chief Judge Tucker awarded Opoku appropriate courtesies due to

his *pro se* status.  When read in the light most favorable to his

positions, however, Opoku's Complaint fails to allege a claim

upon which relief can be granted.  The Court below was correct

to grant the ECFMG Defendants' Motion to Dismiss, and this Court

should so affirm.

## V.    **ARGUMENT**

### A.    **Standard Of Review**

This Court exercises plenary review over a District Court's

granting of a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6), as is the case here.  See DiFronzo v.

Chiovero, 406 F. App'x 605, 607 (3d Cir. 2011) (affirming

dismissal), citing Grier v. Klem, 591 F.3d 672, 676 (3d Cir.

2010).  "In reviewing a district court's dismissal for failure

to state a claim, '[the Third Circuit] accept[s] as true all

well-pled factual allegations in the complaint and all

reasonable inferences that can be drawn from them, and we affirm

the order of dismissal only if the pleading does not plausibly

suggest an entitlement to relief.'"  Maxberry v. Sallie Mae

---

[6] Opoku has raised additional similar and baseless allegations, including by arguing that he is entitled to have his case survive the ECFMG Defendants' motion to dismiss because foreigners are entitled to vindicate their rights in U.S. courts (see Opoku's Opposition (Doc. No. 16) at 9-10).  Any such right obviously does not extend to legally infirm claims.

Educ. Loans, No. 13-2017, 2013 WL 3830102, at *1 (3d Cir. July 25, 2013) (affirming dismissal of *pro se* complaint under Rule 12(b)(6)) (internal citation omitted).

To survive a motion to dismiss, even a *pro se* complaint must "contain sufficient factual matter" so as to "state a claim to relief that is plausible on its face." Id., at *1 (quotations omitted). The facts pled must "demonstrate that the Plaintiff is entitled to relief, not just show a 'mere possibility of misconduct.' . . . '[A]n unadorned, the-defendant-unlawfully-harmed-me accusation' is not sufficient for a complaint to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Id. (quotations omitted); see also Moua v. Taylor, 348 F. App'x 726, 727 (3d Cir. 2009) (affirming dismissal of *pro se* complaint under Rule 12(b)(6)).

###### B.    Opoku Has Not Stated A Claim On Which Relief Can Be Granted.

In their Motion to Dismiss, the ECFMG Defendants undertook to assemble Opoku's allegations and scattered presentation of events into every conceivable legal claim even potentially available, and illustrated that under no theory could Opoku obtain relief, even taking his outlandish allegations as true. Although Opoku's Complaint does not contain numbered or headed counts, in arguing that Opoku had not stated any claim upon which relief could be granted, the ECFMG Defendants observed:

> Under a generous reading of the Complaint it appears that Plaintiff is attempting to plead one or more of the following claims:

-11-

> (1) deprivation of civil rights (due process); (2) conspiracy; (3) intentional infliction of emotional distress; (4) fraud; (5) discrimination; (6) harassment; (7) extortion; and (8) obstruction of justice.

ECFMG MTD at § III.B.

Because Chief Judge Tucker correctly dismissed Opoku's Complaint, her decision should be affirmed.

### 1. Opoku Has Not Stated A Viable Claim Under 42 U.S.C. § 1983 For Deprivation Of Due Process.

Opoku claims that Defendants violated his civil rights and makes specific reference to 42 U.S.C. § 1983. See, e.g., Complaint, ¶¶ 81, 85 & 89. "In order to state a claim [under Section 1983], plaintiff must show that defendants, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States." Morse v. Lower Merion School Dist., 132 F.3d 902, 907 (3d Cir. 1997). Section 1983 does not, by its own terms, create substantive rights. See Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). Instead, it "provides remedies for deprivations of rights established in the Constitution or federal laws." Id. Such remedies are only available if the accused is acting "under the color" of law. 42 U.S.C. § 1983. In the Complaint, Opoku alleges that Defendants deprived him of due process, (see, e.g., Complaint, ¶¶ 82 & 83), but his due process claim fails because neither ECFMG nor Attorney Grese can be considered to have been acting "under the color" of state law.

a.    The ECFMG Defendants Are Not State Actors.

Opoku recognizes that ECFMG and Attorney Grese are "private parties." See Complaint, ¶ 88.  Clearly, Attorney Grese is a private party and not a state actor.  With regard to ECFMG, a private not-for-profit entity, courts have uniformly held that it is not a state actor.  See Elias v. ECFMG, 2010 WL 4340640 (N.J. Super. Ct. Nov. 4, 2010) ("ECFMG is a private, not-for-profit organization, which through its certification program assesses the readiness of a foreign medical school graduate (FMSG) to enter residency or fellowship programs in the United States.  ECFMG is not a subdivision of or affiliated with any governmental entity, its Board of Trustees receives no funding from any governmental entity, no individual from defendant New Jersey State Board of Medical Examiners (NJSBME) sits on ECFMG's Board of Trustees, and it sets its own standards for an FMSG's eligibility to take the United States Medical Licensing Examination (USMLE)."); Staudinger v. ECFMG, No. 92-8071, 1993 WL 138954 (S.D.N.Y. Apr. 28, 1993) (dismissing Section 1983 claims because ECFMG is not a state actor and does not act under the color of state law); Brown v. Fed'n of State Med. Bds., No. 82-7398, 1985 WL 1659, at *5 (N.D. Ill. May 31, 1985) (holding that ECFMG is "not [a] state agenc[y]" and that "[t]he actual state actors here are the state licensing boards, which have complete control over whether or not to use the defendants' tests, and if so, how to use these tests.  Thus, the defendants

-13-

are supplying a service used by candidates and state boards. This supplying of a testing service does not make defendants state actors any more than the company which provides the state with office supplies acts under color of state law.  The state boards are at most defendants' consumers; defendants do not participate in a state activity.").

b.   The ECFMG Defendants Should Not Be Treated As State Actors.

Opoku alleges that, even if they are not state actors, the ECFMG Defendants should be found to have acted under the color of state law for Section 1983 purposes because they conspired with the PHRC.  See Complaint, ¶ 88 (citing Dennis v. Sparks, 449 U.S. 24 (1980) and Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)).  In Dennis, the Supreme Court found that private parties could be subject to Section 1983 claims, despite not being state actors, when "the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge."  449 U.S. 24, 28 (1980).  The Dennis Court held that "[p]rivate parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of § 1983 . . . ."  Id. at 29.  Similarly, in Adickes, the Supreme Court recognized: "Although this is a lawsuit against a private party, not the State or one of its officials, our cases make clear that petitioner will have made out a violation of her Fourteenth Amendment rights and will be entitled to relief under

-14-

[Section] 1983 if she can prove that a Kress employee, in the course of employment, and a [] policeman somehow reached an understanding to deny [the plaintiff] service . . . , or to cause her subsequent arrest because of" discriminatory reasons. 398 U.S. at 152.

Unless a plaintiff adequately pleads that a defendant non-state actor conspired with a state actor, however, a Section 1983 action cannot be maintained against that private defendant. See Loftus v. SEPTA, 843 F. Supp. 981, 983-84 (E.D. Pa. 1994). Here, Opoku has utterly failed to plead facts that would support any such conspiracy between ECFMG, Attorney Grese, and the PHRC. Section V.B.2 below addresses the inadequacy of Opoku's conspiracy allegation.  See also ECFMG MTD at § III.B.2.  The Supreme Court recognized in Dennis that, "[o]f course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."  449 U.S. at 28.  Accordingly, the fact that ECFMG prevailed before the PHRC in a matter in which it was represented by Attorney Grese does not mean that the ECFMG Defendants conspired with the PHRC to deprive Opoku of his constitutional rights.  To the contrary, as a party to a legal action before the PHRC, ECFMG was entitled to defend itself through counsel.  By doing so, ECFMG and its counsel in no way deprived Opoku of his due process rights.  The allegations in Opoku's Complaint, even if taken as true, are a far cry from the

-15-

conspiracy and bribery at issue in <u>Dennis</u>, and do not support a finding that Defendants acted under the color of state law. Indeed, allowing Opoku's Complaint to proceed against Defendants based on the current allegations would be tantamount to punishing ECFMG for exercising **<u>its</u>** constitutional right to defend itself before the PHRC and penalizing Attorney Grese for zealously representing her client consistent with her ethical obligations as a member of the bar.

Accordingly, Opoku's Complaint does not allow for a finding that the ECFMG Defendants acted under the color of state law for the purposes of Opoku's Section 1983 claim.

### 2. *Opoku Has Not Stated A Viable Conspiracy Claim.*

Opoku weaves allegations of conspiracy throughout his filings. <u>See</u> ECFMG MTD at § III.B.2.a. The facts that Opoku has pleaded, however, do not support these bare allegations. <u>See, e.g.</u>, Complaint at ¶¶ 65 (basing conspiracy allegation on fact that counsel for ECFMG sent documents directly to Opoku instead of to his counsel), 80 (blaming a letter from Attorney Grese to the PHRC on behalf of ECFMG as "advanc[ing] the purpose of the conspiracy network" when the letter actually contained appropriate advocacy for ECFMG, <u>see</u> Complaint at Appx. F7), and 27 (baselessly concluding that the defendants convinced Opoku's counsel to take positions to the benefit of ECFMG). By way of further example, in paragraph 77, Opoku complains about his second lawyer, "Mr. Brian Mildenberg," failing to provide

reasonable legal representation and claims that this is somehow
"indicative of Ms. Grese's tactic of divide and rule . . . ."
Such unfounded and illogical allegations cannot support any
legitimate legal claim against the ECFMG Defendants.  The simple
fact is that the PHRC rejected his claims of discrimination.  It
is ludicrous to suggest that ECFMG, its counsel, Opoku's own
counsel, and PHRC personnel engaged in a legally actionable
"conspiracy" to deprive Opoku of his rights.

     Further, Opoku's conspiracy allegations fall woefully short
of the legal standard required for pleading conspiracy.  See
ECFMG MTD at § III.B.2.b.  That legal standard requires "enough
factual matter" "to suggest that an agreement was made," meaning
that "plausible grounds to infer an agreement" must be pled.
Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d
159, 178 (3d Cir. 2010) (citation omitted); see also ECFMG MTD
at § III.B.2.  Although Opoku goes on at length about some
supposed conspiracy, the actual facts he pled do not plausibly
suggest a conspiratorial agreement.  See, e.g., McFall v.
Fritsch, No. 11-3049, 2012 WL 1122789, at *8 (E.D. Pa. Apr. 4,
2012); see also ECFMG MTD at § III.B.2.c.  Accordingly, Opoku's
conspiracy claim fails.

### 3.  *Opoku Has Not Stated A Viable Claim For Intentional Infliction of Emotional Distress.*

     Opoku makes vague references to alleged intentional
infliction of emotional distress.  See, e.g., Complaint at ¶ 57.
In order to constitute intentional infliction of emotional

-17-

distress: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) the conduct must cause emotional distress; and (4) the distress must be severe." Weinstein v. Bullick, 827 F. Supp. 1193, 1203 (E.D. Pa. 1993). Such conduct must be "outrageous in character," "extreme in degree," "atrocious," "utterly intolerable in a civilized society," and "go beyond all possible bounds of decency." McKeeman v. Corestates Bank, 751 A.2d 655, 661 (Pa. Super. Ct. 2000).

The facts Opoku pleaded do not support a claim for intentional infliction of emotional distress. Nothing Defendants are alleged to have done can be considered "extreme" or "outrageous," and certainly nothing alleged goes "beyond all possible bounds of decency" so as to be considered "atrocious" and "utterly intolerable in a civilized society." See id. Opoku's allegations indicate that he failed two exams, is confused about ECFMG's role and policies, and was "stressed." Opoku's allegations are not sufficient to constitute intentional infliction of emotional distress, even taking all of the allegations as true. Accordingly, Opoku failed to state a claim for intentional infliction of emotional distress. See ECFMG MTD at § III.B.3.

### 4.  *Opoku Has Not Stated A Viable Fraud Claim.*

Opoku has not pleaded facts sufficient to constitute a claim of fraud and he does not meet Federal Rule of Civil

Procedure 9(b)'s heightened pleading standard.  Pennsylvania courts have defined fraud as a "misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it to the damage of the victim."  Banks v. Jerome Taylor & Assocs., 700 A.2d 1329, 1333 (Pa. Super. Ct. 1997) (citation omitted).  "A person asserting fraud, therefore, must establish: (1) a misrepresentation, (2) scienter on behalf of the misrepresenter, (3) an intention by the maker that the recipient will be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient."  Id. (citation omitted).

Federal Rule of Civil Procedure 9(b) provides that, "in alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ."  Thus, to survive a motion to dismiss, a Complaint "must include more than general allegations."  Andrew v. Ivanhoe Fin., Inc., No. 07-729, 2007 WL 2844937, at *5 (E.D. Pa. Sept. 28, 2007) (finding that "generalities and legal conclusions concerning fraud are simply insufficient to survive a motion to dismiss under the pleading standards set forth in Rule 9(b)") (citations omitted).  Rule 9(b) "ordinarily mandates the pleading of the 'who, what, when, and where' of the alleged fraud," and "what is crucial is that the complaint 'inject[] precision and some measure of substantiation in to the allegations of fraud.'"  Benigno v.

Flatley, No. 01-2158, 2001 WL 1132211, at *1 (E.D. Pa. Sept. 13, 2001) (citation omitted).

Opoku's allegation of fraud – if any – is not clear.  In paragraph 82(b), Opoku pleads that ECFMG subjected him to "intentional affliction of emotional distress by way of **defrauding**, discrimination, marginalization, and obstruction of justice . . . ." (emphasis added).  Giving Opoku's Complaint a generous read, presumably he bases an allegation of fraud on his accusation that ECFMG fabricated failing exam scores in lieu of "Plaintiff's actual excellent examination scores."  Complaint, ¶ 15.

The Complaint does not fulfill the Rule 9(b) pleading requirement to state the alleged circumstances constituting fraud with particularity.  Instead, Opoku provides a bare conclusion that his exam results were fabricated and does not specify any reliance he placed thereon or damage he suffered thereby.  Furthermore, Appendices A1, A2, and D2 to Opoku's Complaint undermine Opoku's allegation that ECFMG committed fraud.  These documents evidence that Opoku failed the exams.  Taken as a whole, Opoku's Complaint is not sufficient to support an allegation of fraud and certainly does not meet the special pleading standard under Rule 9(b).  Accordingly, Opoku has not stated a claim for fraud.[7]

_____

[7] In Opoku's Appellate Brief, he argues that the ECFMG Defendants "presented falsified documents to the District Court," by including certain exhibits along with their Motion to Dismiss.

-20-

### 5. *Opoku Has Not Stated A Viable Discrimination Claim.*

Opoku alleges that he was discriminated against based on race and his national origin.  See, e.g., Complaint at ¶¶ 17-20. Opoku has failed to plead a single particular fact to support those allegations.  Opoku's own Complaint contained facts that militate against his discrimination claim.  For example, he quoted his former counsel: "Frankly I don't think the civil rights argument is the best argument, as so many foreign students who take the exam pass; it would be hard to say they discriminate against students based on their national origin." Complaint at 28, n.40.  Indeed, ECFMG (the Educational Commission for **Foreign** Medical Graduates), is in the business of certifying **international** medical graduates.  Further, the PHRC considered Opoku's discrimination allegation and dismissed his complaint.  See Complaint at Appx. F5.

---

Opoku's Opposition (Doc. No. 16), at 22-24.  Besides being completely wrong as a factual matter, Opoku completely misunderstands why these exhibits were included with the ECFMG Defendants' Motion to Dismiss, even though the ECFMG Defendants plainly explained: Exhibits A and B were intended to help provide "more insight into ECFMG's history and policies . . . ." ECFMG MTD at n.2.  Exhibits A and B in no way served as the basis for ECFMG's motion; the fact that Opoku disputes the authenticity of Exhibits A and B does not serve as a basis for denying the ECFMG Defendants' Motion to Dismiss.  If the District Court had or this Court has any concerns regarding the authenticity of those documents, they could always be disregarded without any impact on ECFMG's dismissal arguments.

### 6.    *Opoku Has Not Stated A Viable Harassment Claim.*

Opoku's allegation of harassment (see Complaint at ¶ 39) must fail because there is no such claim under Pennsylvania law. See DeAngelo v. Fortney, 515 A.2d 594, 596 (Pa. Super. Ct. 1986) (declining to recognize a tort of harassment and noting that in Pennsylvania, "court[s have] not heretofore recognized a separate tort of harassment"); see also ECFMG MTD at § III.B.6.

### 7.    *Opoku Has Not Stated A Viable Extortion Claim.*

Opoku's allegation of extortion (see Complaint at ¶ 40) must fail because there is no such claim under Pennsylvania law. See Benigno, 2001 WL 1132211, at *1 ("There is no common law tort of extortion and coercion in Pennsylvania law."); Second & Ashbourne Assoc. v. Cheltenham, No. 88-6400, 1989 WL 86602, at *16 (E.D. Pa. July 28, 1989) ("Pennsylvania courts have failed to recognize a cause of action for civil extortion. Furthermore, neither the Restatement nor Prosser on Torts delineates a cause of action for civil extortion."); see also ECFMG MTD at § III.B.7.

### 8.    *Opoku Has Not Stated A Viable Claim For Obstruction Of Justice.*

Opoku's allegation of "obstruction of justice" (see Complaint at ¶ 82) must fail because there is no such claim under Pennsylvania law.  See Cannon v. Baird, No. 06-5505, 2008 WL 4399020, at *77 n.2 (E.D. Pa. Sept. 26, 2008) ("plaintiff's claim for 'obstruction of justice' is not recognized as a cognizable civil cause of action under either federal law or

Pennsylvania state law.") (citation omitted); see also ECFMG MTD
at § III.B.8.[8]

### C.    The ECFMG Defendants' Motion To Dismiss Was Timely.

Opoku argues that the ECFMG Defendants' Motion to Dismiss
was late.  He is wrong.

Opoku maintains that he served both ECFMG and Attorney
Grese by mail on June 27, 2012.[9]  See Opoku's Affidavit of
Service (Doc. No. 3); Opoku's Motion for Summary Judgment at ¶ 2

---

[8] In addition to the substantive claims discussed herein, Opoku
seeks $40,015,000 in compensatory and punitive damages from the
defendants.  See Complaint at ¶¶ 86 & 90-92.  Even if this Court
found that Opoku has stated a claim upon which relief can be
granted (which the ECFMG respectfully submits he has not) and if
a fact finder ultimately managed to find that he is entitled to
such relief, punitive damages would not be proper.  Under
Pennsylvania law, "[p]unitive damages may be awarded for conduct
that is outrageous, because of defendant's evil motive or his
reckless indifference to the rights of others . . . .  Punitive
damages must be based on conduct which is 'malicious,' 'wanton,'
'reckless,' 'willful,' or 'oppressive.'"  Feld v. Merriam, 485
A.2d 742, 747-48 (Pa. 1984); see also Grant v. Kingswood Apts.,
No. 01-1523, 2011 WL 1178796, at *5 (E.D. Pa. Oct. 2, 2011).
Opoku's allegations do not meet this exceedingly high standard,
and he is not able to state a valid punitive damages claim.

Further, Opoku misunderstands the ECFMG Defendants'
argument (made below, as well as here) that even if a court were
somehow to find that Opoku pled a claim upon which relief could
be granted, Opoku would still not be entitled to punitive
damages.  See Opoku's Brief at 19.  The ECFMG Defendants are
simply making an alternative argument regarding the fundamental
unavailability of any punitive damage claim in this case.

[9] Opoku's service was flawed for various reasons, including
because the copies of the Complaint Opoku sent to the ECFMG
Defendants did not include his numerous, voluminous appendices.
To obtain the appendices, the ECFMG Defendants had to take the
affirmative steps (at their own expense) to get an entire copy
of Opoku's Complaint filed against them from the Clerk of Court.
Rather than stand on technicalities and force Opoku to properly
serve the Complaint, the ECFMG Defendants proceeded to seek
dismissal of Opoku's complaint on the merits.

(Doc. No. 8).  Federal Rule of Civil Procedure 12(a)(1)(A)(i)
provides 21 days for a defendant to answer a Complaint.  Rule
12(b)(6) allows a defendant to file a motion to dismiss for
failure to state a claim upon which relief can be granted in
lieu of an answer.  Rule 6(d) adds 3 more days (for a total of
24 days from service) for a defendant to act when service is
made by mail as was the case here.  Twenty-four days from June
27, 2012 is July 21, 2012.[10]  July 21, 2012 was a Saturday.  Rule
6(a)(1)(C) provides that, if the last day of a period of time is
a "Saturday, Sunday, or legal holiday, the period continues to
run until the end of the next day that is not a Saturday,
Sunday, or legal holiday."  As a result, Monday, July 23, 2012
was Defendants' deadline to move to dismiss Opoku's Complaint.
Accordingly, Defendants' Motion to Dismiss was timely when filed
on July 23, 2012.

Consistent with this analysis, in an April 16, 2013 Order,
Chief Judge Tucker ruled that, had Opoku's service of process
been proper, the ECFMG Defendants' Motion to Dismiss "was indeed
timely filed" (Doc. No. 14, at 1, n.1).

---

[10] Opoku alleges that 24 days after June 27, 2012 is Friday, July
20, 2012, not Saturday, July 21, 2012.  See Opoku's Opposition
(Doc. No. 16) at 14.  Opoku is wrong.  The ECFMG Defendants
anticipate that Opoku's miscounting is based on his failure to
take into account that, per Federal Rule of Civil Procedure
6(a)(1)(A), the day of the event that triggers the period (June
27) is excluded, meaning that day one of the 24-day period is
June 28, making the last day Saturday, July 21, 2012.

### D.    Opoku's *Pro Se* Status Does Not Negate The Operation Of Rule 12(b)(6).

The fact that Opoku is proceeding *pro se* does not grant him immunity from the pleading standards and does not give him a work-around for Rule 12(b)(6); District Courts can and do dismiss *pro se* complaints for failing to state a claim upon which relief can be granted, and this Circuit can and does uphold such determinations. See, e.g., Tilbury v. Aames Home Loan, 199 F. App'x 122, 125-26 (3d Cir. 2006). Though "a *pro se* litigant[] is entitled to a more liberal reading of his complaint," that complaint "must still 'contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ellington v. Cortes, No. 13-1528, 2013 WL 3822161, at *2 (3d Cir. July 25, 2013) (citations omitted). This case is an instance in which it is appropriate for the District Court to have dismissed the *pro se* plaintiff's complaint and for this Circuit to so affirm. Despite having been given multiple opportunities to articulate and defend his claims, Opoku has not managed to state a viable claim, and the ECFMG Defendants should not be burdened by the expense and continued effort of defending themselves against these meritless allegations.

Opoku received appropriate deference due to his *pro se* status. For example, rather than grant the defendants' motions to dismiss because he originally failed to oppose them, Chief Judge Tucker issued a Notice to Opoku, explained the requirement

that he oppose the motions (or else be at risk for having them granted), and gave him time in which he could respond in opposition.  See Apr. 16, 2013, Notice and Order (Doc. No. 13). Contrary to Opoku's version of events in the District Court, Chief Judge Tucker's dismissal of his action was not some sort of sleight-of-hand or "gotcha" based on a technicality; the District gave Opoku the appropriate leeway and assistance merited by his *pro se* status.

The ECFMG Defendants moved to dismiss Opoku's Complaint on substantive grounds because he failed to state a claim upon which relief could be granted; the ECFMG Defendants did not hold Opoku to an artificially high technical standard in light of his *pro se* status.  To the contrary, it is Opoku who is attempting to use (flawed) technical arguments in this case; *e.g.*, ECFMG Defendants only raised the defects in Opoku's service in response to Opoku's (incorrect) allegations that Defendants failed to timely file their motion to dismiss.

It is unfortunate that Opoku believes he has been wronged. However, Opoku's bare "intuition" that he has been wronged and the fact that he is proceeding *pro se* are not sufficient to warrant the continuation of this lawsuit, and — as a matter of law — the District Court was correct to dismiss this case, and this Court should so affirm.

## VI.   **CONCLUSION**

For the reasons stated herein and in Defendants' Motion to Dismiss, Defendants respectfully request that the Court affirm the Order of Chief Judge Petrese B. Tucker of the United States District Court for the Eastern District of Pennsylvania granting Defendants' Motion to Dismiss and dismissing Opoku's lawsuit in its entirety with prejudice signed on September 24, 2013 and filed on September 25, 2013.

Respectfully submitted,

s/ Brian W. Shaffer

December 2, 2013

Brian W. Shaffer (PA Bar #78851)
Elisa P. McEnroe (PA Bar #206143)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
215.963.5103
215.963.5917
bshaffer@morganlewis.com
emcenroe@morganlewis.com

*Counsel for Defendants-Appellees*
*Educational Commission for*
*Foreign Medical Graduates and*
*Christina Joy F. Grese*

No. 13-4076

_____

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

JOHN PAUL OPOKU,

Plaintiff-Appellant,

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,
KIMBERLY GRIFFIN, SUZANNE MARTINEZ, AND CHRISTINA JOY F. GRESE

Defendants-Appellees.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania, No. 12-CV-3457
Petrese B. Tucker, United States District Judge

_____

**CERTIFICATE OF COMPLIANCE FOR THE RESPONSE OF
DEFENDANTS-APPELLEES EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES AND CHRISTINA JOY F. GRESE
TO PLAINTIFF-APPELLANT'S OPENING BRIEF**

I, Brian W. Shaffer, Esq., hereby certify as follows:

1.   Per Third Circuit Local Rule 28.3, both Elisa P. McEnroe,

     Esq. and I are members of the bar of this court.

2.   Pursuant to Third Circuit Local Rule 31.1(c):

     a.   This brief complies with the typeface requirements of

          Federal Rule of Appellate Procedure 32(a)(5) and the type

          style requirements of Federal Rule of Appellate Procedure

          32(a)(6) because this brief has been prepared in a

proportionally spaced typeface using Microsoft Word in Courier New, 12 pt. font.

b.   The text of the electronic copy of this brief is identical to the text in the paper copies.

c.   The virus program McAfee version 4.6 was run on the electronic file of this brief and no virus was detected.

                              s/ Brian W. Shaffer

December 2, 2013
Date                     Brian W. Shaffer

## <u>CERTIFICATE OF SERVICE</u>

I, Brian W. Shaffer, hereby certify that on this 2nd day of December, 2013, I caused one true and correct copy of the foregoing Response to Plaintiff-Appellant's Opening Brief to be served on the following via electronic filing and First Class U.S. mail postage pre-paid:

> John Paul Opoku
> 2110 Bronx Park East, 2A
> Bronx, New York 10462
>
> *Pro se* Plaintiff-Appellee
>
>
> Claudia M. Tesoro, Esq.
> 21 S. 12th Street, 3rd Floor
> Philadelphia, Pennsylvania 19107
>
> *Counsel for Defendants-Appellees Kimberly*
> *Griffin and Suzanne Martinez*


s/ Brian W. Shaffer
_____
Brian W. Shaffer