---------------------------

**Docket No: 13-4076**

---------------------------

DEC - 3 2013

*10 ccp*

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE THIRD CIRCUIT

### JOHN PAUL OPOKU

**Plaintiff -Appellant**

### V.

### EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES; KIMBERLY GRIFFIN; SUZANNE MARTINEZ; CHRISTINA   JOY F. GRESE

**Defendants-Appellees**

-------------------------------

### APPELLANT'S REPLY BRIEF OF JOHN PAUL OPOKU

---------------------------------------

### APPEAL FROM THE JUDGMENT OF DISMISSAL OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### ENTERED ON SEPTEMBER 25, 2013

### HONORABLE PETRESE B TUCKER

---------------------------------------

John Paul Opoku

2110 Bronx Park East 2A

Bronx, NY 10462

Tel.: 718-829-8978

Email: johnopk42@aol.com

(PRO SE)


Ms. Claudia M. Tesoro,

21 South 12th ST, Philadelphia,

3rd Floor, PA 19107 – 3604.

(Counsel for Griffin

and Martinez)

Brian W. Shaffer

1701 Market Street

Philadelphia, PA 19103- 2901

(Counsel for ECFMG & Grese)

Appellees

# TABLE OF CONTENTS

Page (s)

FACTUAL BACKGROUND ……………………………………….1 - 4

ARGUMENT ………………………………………………………4 – 15

   a. **Plaintiff Opoku served complaint and summons
      on Defendants Griffin and Martinez………………………….4 –  6**

   b. **Demonization of Plaintiff Opoku is convenient for
      Defendants Griffin and Martinez
      and their co-defendants ……………………………………..…7 - 8**

   c. **The key issue at the District Court was
      the forged or fabricated test scores that replaced
      Plaintiff Opoku's Excellent tests scores…………………..…...8 – 9**

   d. **Plaintiff Opoku has sued Defendants Griffin
      and Martinez and their co-conspirators………………..……...9 – 10**

   e. **The District Court's reason for granting the Defendants'
      Motion to Dismiss can be solidly inferred…………………..10 - 11**

   f. **Defendants Griffin and Martinez's Argument
      In their Appellees' Brief Begs the
      Question on Eleventh Amendment defenses...…………………11- 13**

   g. **Plaintiff Opoku's Complaint State Valid Claims………....……….12**

   h. **Plaintiff Complaint against Griffin or
      Martinez was not time-barred …………………………………12 - 13**

   i. **Plaintiff Opoku's complaint is not in the category of
      Gary v. Pa Human Relations Comm'n 497 Fed,
      or Cook v. Floyd, 398 Fed……………………………………..…13**

**j. Appearing Pro se is not necessarily
   A Disadvantage**……………………..……………………..13 - 14

**k. Plaintiff Opoku does not ask for
   monetary damages against Griffin and
   Martinez**………………………………………………………...14

**l. Plaintiff Opoku has due process
   right under 42 U.S.C § 1983** …………………………………...14 - 15


CONCLUSION……………………………………………………...………15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE


## **TABLE OF AUTHORITIES**

(See An – Tiv - Michigan Technological

University, 493 F. Supp. 1137…………………………………………………14

Barry Young v. Tom Corbett, case number 09-2220, on April 29,

2009, Third Circuit Court of PA…..……………………………..……….………4

Conley v. Gibson, 355 U.S 41 at 48 (1957)…………………………………….15

Cook v. Floyd, 398 Fed…………………………………………………………...13

Davis v. Scherer, 468 U.S 183, 194 (1984). ……………………..……………13

Evancho v. Fisher, 423 F. 3d 347, 353 (3d Cir…………………..…………….10

Filartiga v. Pena –Irala 630 F. 2d 876 (1980);…………………………………15


Gomez v. Toledo (1980, U.S) 64 L Ed 2d 572, 100S. Ct 1920 …………….…..4

Gary  v.  Pa Human Relations Comm'n 497 Fed…………………………...…13

Hulsey v. Ownes 63 F3d 354 (5th Cir. 1995)…………………………………...14

Osborn v. Bank of the United States 22 U.S 738…………………………………10

Mayer v. Belichick, 605 F. 3d 223, 230 (3d Cir. 2010)……………………………3

 Picking v. Pennsylvania Railway 151 F2d 240…..;………………………..……4

Rod v. Dellarciprette, 845 F. 2d. 1195,

1207 (3d Cir. 1988)………………………………………….…..……10, 13

Saucher v. Katz, 533 U.S 194 (2001)………………………………………10, 13

## STATUTES

28 U.S. C § 1654……..……………..…………………………………………..14

42 U. S. C§ 1983…………………………………………………………….....14

42 U. S. C § 1985………………………………………………………………14

## APPELLANT REPLY BRIEF OF JOHN PAUL OPOKU

## FACTUAL BACKGROUND

On or about October 31, 2013, Plaintiff Opoku submitted Appellant's Brief whose certificate of service was dated October 30, 2013. On November 27, 2013 and within time, Defendants Kimberly Griffin and Suzanne Martinez have submitted Appellees' Brief, which in content principally focus on Eleventh Amendment defenses that were successfully refuted by Plaintiff Opoku in Doc 15 (App-2-K).

At the background of every argument advanced by the Defendants Griffin and Martinez, there is an indisputable fact that they faked PHRC to fool Plaintiff Opoku for more than 32 months in conspiracy with Defendants ECFMG and Grese and sustained their illegal acts by forging letters and documents in the name of their superiors, as highlighted in Docs 15, 16, 17, and the Appellant Opening Brief of Plaintiff Opoku.

On July 20, 2012, the counsel of Defendants Griffin and Martinez falsified a waiver in the name of Plaintiff Opoku so that his clients could extend 24 days deadline on their own accord. Fourteen days in inexcusable default Defendants

filed a motion to dismiss Plaintiff Opoku's complaint (Doc 10). Mr. Barry N.

Kramer, as Chief Deputy Attorney General, was the one who signed the falsified

waiver (Doc 4) the Defendants Griffin and Martinez filed at the District Court on

July 20, 2012. He then filed his official notice of appearance at the District Court

on July 24, 2012 on behalf of Defendants Griffin and Martinez.

It is the same Mr. Kramer who argued in Doc 10 on Behalf of Defendants

Griffin and Martinez that Plaintiff Opoku's foreign nationality and appearance in

the federal court as pro se are mitigating reasons for Defendants Griffin and

Martinez not to be held liable for massive judicial corruption that violates Plaintiff

Opoku's due process rights and other constitutional rights.

It is still Mr. Kramer who submitted to the District Court Exhibits 1- 11

attached to Doc 10 that were nothing but falsified documents and indisputable

evidence of the crimes of Defendants Griffin and Martinez against the United

States, the State of Pennsylvania, and Plaintiff Opoku. Mr. Kramer boldly

declared of the falsified documents,

> 1. "A review of (1) the letters and notices PHRC sent plaintiff,
> including the findings of the investigations," which reflect the
> PHRC's detailed analysis of plaintiff's charge, and (2) the PHRC's
> Special Rules of Administrative Practice and Procedure reveals
> that PHRC took appropriate discretionary actions. The complaint
> and exhibits submitted by Plaintiff indicate that PHRC conducted
> investigation prior to making the no probable cause determination

that resulted in the PHRC dismissing plaintiff's charge. See Doc 10, p 16.

2. To attempt to clarify the current record, defendants reference some Exhibits attached to Plaintiff's Complaint. Because the exhibits attached to Plaintiff's Complaint are not necessarily marked or marked clearly, defendants attach and mark the applicable exhibits to the instant motion as defendants' exhibits. The Court may consider these documents, all of which are attached to plaintiff's complaint. In ruling on a motion to dismiss, a district court may rely on the complaint; exhibits attached thereto, matters of public record as well as documents integral to or relied upon in the complaint without converting the motion to dismiss into one for summary judgment. Mayer v. Belichick, 605 F. 3d 223, 230 (3d Cir. 2010). See Doc 10, p 6. Footnote 1

Mr. Kramer was apparently in shock and extremely embarrassed when Plaintiff Opoku pinpointed the indelible and indisputable marks on the above mentioned documents showing that they are inauthentic. It must have been very embarrassing to Mr. Kramer as Chief Deputy Attorney General that the truth confronted him this way but the fact could not be changed about the Exhibits 1 – 11 attached to Doc 10 and the illegal actions of his clients. The falsified documents that bore a fake PHRC docket number **200804756** of the form **2008 XXXXX**, which must have been of the form **2009XXXXX,** confirmed the revelation Plaintiff Opoku had received at the PHRC Central Office. See Doc 15 (App-2-K), pp. 9 – 21, Doc 17 (App -2- M).

The above development made every argument Mr. Kramer had advanced in their motion to dismiss complaint in favor of Defendants Griffin and Martinez

invalid, as enhanced by Plaintiff Opoku in document 15, 16, 17 and the Appellant's Brief.

For whatever reason, Mr. Kramer could not follow to the Court of Appeals. Now, Ms. Tesoro, Chief Deputy Attorney General takes over from Mr. Kramer and as against Plaintiff Opoku's request for substantial evidence and plenary review she subtly objects to substantial evidence review by falsely stating that, "On appeal from an order granting a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b) (1), this Court exercises plenary review…." See Doc 003111466719, p 1. See Barry Young v Tom Corbett et al (PHRC employees) Case No. 2220, April 29, 2009; Picking v. Pennsylvania Railway 151 F2d 240.; Gomez v. Toledo (1980, U.S) 64 L Ed 2d 572, 100S. Ct, 1920.

## **ARGUMENTS**

### *a. Plaintiff Opoku served complaint and summons on Defendants Griffin and Martinez*

As detailed in Doc 15 (App-2-K) pp. 4 – 9, and Appellant's Brief of Plaintiff Opoku pp. 28 – 29, Plaintiff Opoku properly served complaint and summons on Defendants Griffin and Martinez, which were delivered to them before noon on June 27, 2012 (See Doc 3). The Defendants' massive lack of respect for the legal system caused them to default on the summons for 14 days, and when they finally

decided to respond they filed a motion to dismiss complaint (Doc 10) presenting

falsified documents with it as the basis. Thus, their false and misleading statement

in their Appellees Brief page 3 and footnote 4 is quite disturbing.

As explicitly revealed in Doc 15, (App-2-K), p.5 - 6, Defendants Griffin and

Martinez made three different conflicting statements regarding Plaintiff Opoku's

service of the summonses and complaint on them on June 27, 2012. Notably they

deny by one statement ever receiving any mail on June 27, 2012. Then in another

statement they admit receiving the summonses and complaint without a waiver.

Then they falsified waiver in the name of Plaintiff Opoku (Doc 4) and ended up

with a conflicting story that stated that the mail they have denied receiving now

contained only complaint.

      i.    "A review of Exhibit 1 – 5, attached to Plaintiff's
Motion, seems to indicate that no one, certainly not
Griffin and Martinez, signed for the express mail" ( See
Doc 9, Footnote 1, on page 3)

      ii.    "Instead, plaintiff apparently mailed the **summons** and
**complaint** to Griffin and Martinez at their work address,
although he did not include a waiver of service, as
required by the Rules". (See Page 3 of Doc 9.)

      iii.    Now, in their Appellees' Brief page 3 & Footnote 4,
Defendants Griffin and Martinez state respectively that,
"In essence, he [Plaintiff Opoku] asked the court to enter
a default judgment in his favor, due to the defendants'
alleged failure to respond to his recently-served
complaint in a timely fashion (Id).

Footnote 4: "As noted in his motion, Mr. Opoku had "served" his complaint by certified mail."

As argued by Plaintiff Opoku in Doc 15 (App-2-K) pp. 4 – 7 and in the Appellant's Brief pp. 28 – 29, Plaintiff Opoku has consistently stood by the truth that indicates that Defendants Griffin and Martinez received two summonses with two complaints on June 27, 2012 and they unsuccessfully attempted to cover the truth for their purposes. Most importantly they cannot pinpoint to a single document in which Plaintiff Opoku has not said that he had summonses and complaint delivered to them by certified mail. Thus they subtly place in quotation marks their statement to the contrary in Footnote 4 above to make it look ambiguous and relative.

At the time Defendants Griffin and Martinez decided to falsify a waiver (Doc 4) in the name of Plaintiff Opoku to extend their deadline to respond to the summons by 14 more days, the fabrication of another story denying the receipt of the summons came forth. They are represented and supported by a Chief Deputy Attorney General now as they were before and probably they have taken to the fallacy of appealing to authority. It is notable that if everybody in the United States would behave the same way towards summons, the Court system could not thrive for our own good.

### b. Demonization of Plaintiff Opoku is convenient for Defendants Griffin and Martinez and their co-defendants

Defendants Griffin and Martinez still lie blatantly for Defendants ECFMG and Grese, as revealed in the statement below.

> "Mr. Opoku clearly was shocked and angry when he failed to pass the first two USMLE tests he needed to pass, before he could advance to the third step in the qualification process for pursuit of a medical career in the United States." See Doc 003111466719 (Appellees' Brief of Martinez and Griffin).

The above statement is false and it is consistent with the character Defendants Griffin and Martinez have portrayed in the Courts. In support of Defendants Griffin and Martinez, Mr. Kramer, Chief Deputy Attorney General, signed a falsified waiver (Doc 4) and filed it at the United States' District Court without considering the respect and honor due to the Court. See Doc 15 (App-2-K) pp. 4-8. He also knowingly filed with the District Court falsified documents named exhibit 1- 11 (See App -2- J).

One would therefore not be surprised that his successor, who is defending judicial corruption, will be adamant and make such hurtful statement she knows to be completely false. Plaintiff Opoku has, in addition to his medical background, graduated Summa Cum Laude for Master's Degree in the United States and his performance placed him in the first 1% of his graduation class, which reflects his

academic background. Again he has studied under more than sixteen prominent

and honest United States Professors who have testified to his abilities. Plaintiff

Opoku is more credible than Defendants Griffin, Martinez, ECFMG, and Grese

who have spitefully and maliciously placed him at the lowest of the lowest on

USMLE exams through fabrications and forgery.

### c. The key issue at the District Court was the forged or fabricated test scores to replace Plaintiff Opoku's Excellent tests scores.

Defendants Griffin and Martinez, in an attempt to distort Plaintiff Opoku's

complaint, have stated in their Appellees' Brief that,

> Mr. Opoku filed a PHRC complaint "on or about March 10, 2009". The "main issue "that he complained about was "the suppression of his test scores". ECFMG offered to settle the matter by allowing Mr. Opoku to retake the Step 1 and Step 2-CK examinations, without paying the usual fees a second time. This possibility "came into the picture about June 6, 2009". It was Ms. Griffin, a "PHRC representative" who presented the settlement proposal to Mr. Opoku. ... Document 003111466719, p. 6. "This appears to have been Mr. Opoku's first interaction with Ms. Griffin" See 003111466719, p. 6. Footnote 7

The above distorted statement, as usual, is devised to mislead the Courts. One

of the key issues brought before the District Court was ECFMG forging the lowest

of the lowest failing test scores to replace Plaintiff Opoku's excellent record-

breaking scores. Still steeped in conspiracy and judicial corruption meant to help

Defendants ECFMG and Grese get away with abuse of Plaintiff Opoku,

Defendants Griffin and Martinez continue to make a desperate attempt to distort

the facts of the case that was brought before the District Court. Paragraphs 15

through 25 of complaint (Doc 1) clearly state a criminal fabrication or forging of

the lowest of the lowest failing test scores to replace Plaintiff Opoku's excellent

scores and not just, as vaguely put in the quoted statement a "suppression" of test

scores, which do not connote criminality.

   Furthermore, Defendants Griffin and Martinez presented a fake PHRC to

benefit ECFMG and Grese. Defendant Griffin herself, acting for ECFMG,

indicated that the offer to take the test again with waived fees, never ever made to

anyone by ECFMG before, was made through her. (See Doc 10, p. 6) Plaintiff

Opoku is sure that neither Defendants Griffin or Martinez, or anyone who supports

them would accept such a shameful and undignified treatment for themselves or

their relatives. Above all else, it did not warrant and ECFMG was not in the

position to make plaintiff Opoku succeed with that plan, as about the same time

ECFMG lured Plaintiff Opoku to put down another $1295.00 for USMLE Step 2-

CS (the third in addition to USMLE Step 1 and Step 2 –CK) and declared

forfeiture of that money instead of letting him take the test for that money.

### Plaintiff Opoku has sued Defendants Griffin and Martinez and their co-conspirators as civil and human rights violators

Defendants Griffin and Martinez beg the question and state that,

> Mr. Opoku does not explicitly say whether his damages claims against Ms. Griffin and Ms. Martinez are against them individually or in their official capacities. Either way, as to them, dismissal of his case was warranted." See Document 003111466719.

As pointed out in Doc 15 (App-2-K) p 16, and the Appellant's Brief of Plaintiff Opoku, p. 28, the Court, through Chief Justice Marshall, held that a State's official possesses no official capacity when acting illegally and thus can derive no protection from an unconstitutional statute of a state. This has been reinforced by the U.S Supreme Court in Saucher v. Katz, 533 U.S 194 (2001). See <u>Osborn v. Bank of the United States</u>, 22 U.S. 738. The lawsuit of Barry Young brought against the defendants Tom Corbett (Attorney General) and some other PHRC employees on April 29, 2009 (case number 09-2220) in the third Circuit Court of Appeals provides further reinforcement. See <u>Rod v. Dellarciprette</u>, 845 F. 2d. 1195, 1207 (3d Cir. 1988), <u>Evancho v. Fisher</u>, 423 F. 3d 347, 353 (3d Cir. 2005).

### d. The District Court's reason for granting the Defendants' Motion to Dismiss can be solidly inferred.

Plaintiff Opoku has argued solidly in the Appellant Brief that the District Court's decision of September 25, 2013 fulfills the quest of the defendants to have their marginalization and mistreatments of Plaintiff Opoku endorsed. Now running away from their own unconstitutional quest, Defendants Griffin and Martinez argue to the contrary stating that "The Court did not explain its decision" (See Doc

003111466719, p 4). It is obvious that in granting their motion to dismiss, the

District court identified with the defendants' unconstitutional quest and reasoning.

### e. Defendants Griffin and Martinez's Argument

### In their Appellees Brief Begs the Question on Eleventh Amendment

### defenses

Defendants Griffin and Martinez state that,

Any Damages Claims Against Ms. Griffin and Ms. Martinez in their Official Capacities Were Barred by the Eleventh Amendment. See. Document 003111466719, P.12. In their motion to dismiss, Ms. Griffin and Martinez countered that, by virtue of the Eleventh Amendment, the District court did not have subject matter jurisdiction over those claims, insofar as Mr. Opoku had named them as defendants in their official capacities. In his appellate brief, Mr. Opoku does not confront this threshold problem, at least not cogently. Even if he tried to do so, he would not be able to prevail". See Doc 003111466719, P 13,

The above statement is misleading, as it is Plaintiff Opoku who countered and

raised Eleventh Amendment objections. (See Doc 15 (App-2-K) pp. 10- 20).The

Defendants' Doc 10 preceded Plaintiff Opoku's Doc 15 (App-2-K) and they cannot

be the ones to counter. (See App-2-E, pp 3-4). ). The Appellant Brief of Plaintiff

Opoku has reinforced the Eleventh Amendment objections. As a tactic Defendants

Griffin and Martinez attempted to deny this in the above statement but in self-

contradiction they acknowledge it in the footnote 10 at p 13 of Document

003111466719 by stating, "Mr. Opoku does allude to the Eleventh Amendment on

pages 26 -27 of his appellate brief." It is significant that even while acknowledging

the fact eventually, they tactically give wrong page numbers. (The correct pages

are 27 -28 of the Appellant's Brief of Plaintiff Opoku. Page 27 has only the

heading with one sentence that initiates the discussion at page 28.)

### f. Plaintiff Opoku's Complaint State Valid Claims

Plaintiff Opoku's Doc 15, (App-2 –K) pp 10 – 20, and Doc 1, as highlighted

by Appellant's Brief, pp 20 – 29, state and prove valid claims against Defendants

Griffin, Martinez and their co-defendants, which entitle Plaintiff Opoku to relief.

Substantial evidence review and plenary review of Doc 15, 16, and 17 will prove

Plaintiff Opoku right.

### g. Plaintiff Complaint against Griffin or
### Martinez was not time-barred

Defendants Griffin and Martinez state that, "Mr. Opoku's attempted claims

against Ms. Griffin in her individual capacity were time –barred." Doc

003111466719, p.16.  This is incorrect. Plaintiff Opoku makes valid claims against

Defendants Griffin and Martinez and they are not time barred.  The falsified

documents that sustained the conspiracy the defendants were involved in spanned a

period of about 32 months beginning in March 2009 and ending on April 24, 2012

if it ever ended. (there are signs that it is still going on). Plaintiff Opoku filed his complaint at the District Court on June 19, 2012, which is just about two months from April 24, 2012. The Supreme Court has held that constitutionally mandated requirement of due process in a given context and case are supplied and defined by federal law not by state law or regulations. See <u>Davis v. Scherer,</u> 468 U.S 183, 194 (1984).

### *Plaintiff Opoku's complaint is not in the Category of Gary v. Pa Human Relations Comm'n 497 Fed, or Cook v. Floyd, 398 Fed.*

The massive judicial misconduct and corruption proved by Plaintiff Opoku do not place Plaintiff Opoku and his claims in the category of claimants or claims that require dismissal. See Document 003111466719, p 19. See <u>Rod v. Dellarciprette</u>, 845 F. 2d. 119; <u>Saucher v. Katz</u>, 533 U.S 194 (2001

### *Appearing Pro se is not necessarily a disadvantage*
### *in the federal court*

Defendants Griffin and Martinez state in their Appellees' Brief that,

> Because this is an appeal from the grant of a motion to dismiss, the facts set forth in Mr. Opoku's complaint must be taken as true, but the "bald assertions" and legal conclusions" in that pleading need not be credited. See 003111466719, p. 5. Footnote 5

The statement above confirms the defendants' fundamental opposition to pro se representation. Pro se representation is protected by statute, and the Courts understand that pro se limitations in technicalities are not obstacle to justice. (See 28 U.S. C § 1654); <u>Picking v. Pennsylvania Railway</u> 151 F2d 240; <u>Gomez v. Toledo</u> (1980, U.S) 64 L Ed 2d 572, 100S. Ct 1920; Hulsey v. Ownes 63 F3d 354 (5th Cir. 1995). Doc 17 (App-2-M), p. 15.

### h. Plaintiff Opoku does not pray for only monetary damages against Griffin and Martinez

Defendants Griffin and Martinez falsely assert in their Appellees' Brief that "As against Ms. Griffin and Ms. Martinez, as PHRC "representatives" Mr. Opoku has only requested monetary relief." See Doc 003111466719. This is incorrect. In addition to monetary damages, Plaintiff Opoku prays the court for other relief, as stated, "Plaintiff prays the Court for any other relief that the court might deem appropriate." (See Doc 1, (App-2-G) p. 37, paragraph 98); An – Tiv - Michigan Technological University, 493 F. Supp. 1137)

### Plaintiff Opoku has due process right under 42 U.S.C § 1983(85)

Defendants Griffin and Martinez state that,

> "Indeed, as discussed in section 3, above, as a matter of law, the PHRC investigation into Mr. Opoku's allegations did not implicate his

purported right to due process. If no such right was at stake to begin with, there cannot have been an actionable conspiracy to deprive Mr. Opoku of a right he did not possess. See Doc 003111466719.

Plaintiff Opoku truly identifies himself as a foreign national resident in the United States and like many other industrious and patriotic foreign nationals resident in the United States, his federal tax money goes to support government agencies like PHRC. That alone entitles him to due process rights at PHRC due to jurisdictional requirements, which he would not have been denied as well in New York State. See Conley v. Gibson, 355 U.S 41 at 48 (1957); Filartiga v. Pena –Irala 630 F. 2d 876 (1980); Appellant Brief of Plaintiff Opoku, pp. 26.

## CONCLUSION

PHRC employees should not get too comfortable with judicial misconduct and public corruption on the notion that Eleventh Amendment protects them. Defendants Griffin and Martinez attempt new arguments that are no better, and it is to sway the Court of Appeals from the substantial evidence and plenary review requested in Appellant's Brief of Plaintiff Opoku. Plaintiff plays the Court of appeals to stay focus on Appellant's Brief and its requests.

Respectfully submitted

Date December 1, 2013

John Paul Opoku (Pro Se).

## CERTIFICATE OF COMPLIANCE

In accordance with FRAP Rule 32(a) (7) (C) (i), I certify to the best of my knowledge that this **Appellant's Reply Brief of John Paul Opoku** (Pro Se) is in compliance with the specifications FRAP 32. This Brief is prepared and filed by John Paul Opoku (Appellant –Plaintiff) in the  United States Court of Appeals for Third Circuit, in the case with Docket:13-4076, and complies with the following specifications in accordance with FRAP 32 (a) (7) (B), & ( C )

 a. Number of Pages: 15 pages

 b. Word Count: 3, 410 (excluding tables, Certificate of compliance, and Certificate of Service) (the maximum set by FRAP 32 is 15 pages)

 c. Typeface: 14 points or larger; Theme Fonts: Times New Roman; proportionally spaced,

 d. Double spaced typing (except indented quotations, footnotes, and headings that are single spaced)

 e. Certificate of Compliance included

 f. Certificate of Service included

 g. Brief typed on 8 ½ by 11 inches light paper, opaque and unglazed, typed only on  one side of the paper in black ink

 h. Green cover: Transparent cover with underlying Gray cover,

  i. Paper has at least one inch margin on the sides

Declared and signed by

John Paul Opoku (PRO SE)(Appellant- Plaintiff)

Date December 1, 201

December 1, 2013

## CERTIFICATE  OF SERVICE

I certify that, I have served **10 bound paper copies** (including one original) of the Appellant's Reply Brief of Plaintiff Opoku in the case 13-4076 (10/10/2013) on the Court of Appeals for the Third Circuit through the Office of the Clerk, Maria Reyes, Case Manager, 601 Market Street, 21400 U.S CourtHouse, Philadelphia, PA 19106 -1737.

I certify that, by UPS, I have served **one bound paper copy** of the Appellant's Reply Brief of Plaintiff Opoku in the case 13-4076 (10/10/2013), on Appellees – Defendants Education Commission for Foreign Medical Graduates and Christina Joy F. Grese, at 1701 Market Street, Philadelphia, PA 19103 -2901 through their counsel of record, Brian W. Shaffer, who filed his notice of Appearance within time.

I also certify that, by UPS, I have served **one bound paper copy** of the Appellant's Reply Brief of Plaintiff Opoku in the case 13-4076 (10/10/2013) on Appellees – Defendants Kimberly Griffin and Suzanne Martinez, through their counsel on record Ms. Claudia M. Tesoro, 21 South 12th ST, Philadelphia, 3rd Floor, PA 19107 – 3604.

Declared and signed by

Date *December 1 2013*

John Paul Opoku (Appellant)