---------------------------

**Docket No: 13-4076**

---------------------------

DEC 1 8 2013

*org*

*5*

IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

JOHN PAUL OPOKU

**Plaintiff -Appellant**

**V.**

EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES;
KIMBERLY GRIFFIN; SUZANNE MARTINEZ; CHRISTINA  JOY F.
GRESE

**Defendants-Appellees**

---------------------------------

**APPELLANT'S REPLY BRIEF OF JOHN PAUL OPOKU PERTAINING
TO DEFENDANTS ECFMG AND GRESE'S APPELLEE'S BRIEF**

-------------------------------------

**APPEAL FROM THE JUDGMENT OF DISMISSAL OF THE UNITED
STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA**

**ENTERED ON SEPTEMBER 25, 2013**

**HONORABLE PETRESE B TUCKER**

-------------------------------------

i

John Paul Opoku

2110 Bronx Park East 2A

Bronx, NY 10462

Tel.: 718-829-8978

Email: johnopk42@aol.com

(PRO SE)

Ms. Claudia M. Tesoro,

21 South 12th ST, Philadelphia,

3rd Floor, PA 19107 – 3604.

(Counsel for Griffin

and Martinez)

Brian W. Shaffer

1701 Market Street

Philadelphia, PA 19103- 2901

(Counsel for ECFMG & Grese)

 Appellees

# TABLE OF CONTENTS

Page (s)

STATEMENT OF CASE...................................................................1 – 3

STATEMENT OF FACTS...............................................................3

SUMMMARY OF ARGUMENT......................................................... 3

ARGUMENT ...............................................................................4 – 15

   **1. Equivocal and Misleading Statement of Issues**
      **by Defendants ECFMG and Grese** .....................................4

   **2. Plaintiff Opoku stated and proved by means**
      **of preponderance of evidence the fraud claim**
      **against Defendants ECFMG and Grese** ..........................4 - 10

   **3. The Defendants ECFMG and Grese Beg the question**
      **about the forged test scores**...............................................10 - 11

   **4. Defendants ECFMG and Grese aim to**
      **block the necessary reversal of**
      **judgment by appealing to pity**..........................................11 – 12

   **5. Not-for Profit does not necessarily**
      **mean indemnity, altruistic, or innocence**...................12 – 13

   **6. The Motions to Dismiss Complaint by**
      **Defendants ECFMG and Grese and**
      **their co-defendants (Doc 5 & 10) were illicit**..........................13 - 14

   **7. Defendants ECFMG and Grese are Certainly**
      **Private Entities who acted illegally as State Actors** .................15

CONCLUSION.....................................................................................15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## **TABLE OF AUTHORITIES**

Adickes v. S.H Kress & Co, 398 U.S 144. 90 S. Ct. 1598. ………………….....15

Carollo v. Forty-Eight Insulation Inc.

 442 Pa. 283, 276 A 2d 513 (1971)……………………………………………...10

Davis v. Scherer, 468 U.S 183, 194 (1984). ……………………...……………15

Dennis v. Sparks 449 U.S 24, 101 S………...…………………...……………15

Evancho v. Fisher, 423 F. 3d 347, 353 (3d Cir………………….……………..10

Filartiga v. Pena –Irala 630 F. 2d 876 (1980)..………………………………15

Gomez V. Toledo,(1980),

U.S) 64 L Ed 2d 572, 100S. Ct. 1920……………………………………………4

 McKeeman v. Corestates Bank, 751 A. 2d 655, 661…………………………..15

 (pa. Super. Ct. 2000)

 Miller by Miller v. Leijedal, 71 Pa.

Cmwith. 372, 452 A. 2d 540 (1980)…..……………………………….…..…..10

Picking v. Pennsylvania Railway 151 F2d 240…..;..……….………………….4, 15

Rod v. Dellarciprette, 845 F. 2d. 1195,

1207 (3d Cir. 1988)……………………………………………....…...4, 6, 10

Stringer v. Car Data Inc. 314 Or 576, 584, 841 P2d 1183 (1982)…….…………10

Tom Morello Const. Co Inc v. Saving and

Loan Assn'n, 280 Pa. Super. 329, 421 A. 2d 747 (1980)…………………………10

## STATUTES

28 U.S. C § 1654……..…………………..…………………………………………..15

42 U. S. C§ 1983……………………………………………………………........15

42 U. S. C § 1985………………………………………………………………15

## TABLE OF OTHER AUTHORITIES

Fed R. Civ. P.  Rule 4 (d)..…..…………………………………………………14

Federal Rules of Civil Procedure Rule 5 (a) (2),…………………………………14

Fed R. Civ. P. Rule 5 (b)(2)( C),………..…………………………....13, 14

Fed R. Civ. P. Rule 6 (d)……………………………………………...13, 14

Fed R. Civ. P. Rule 9(b)……………………………………………………4

Fed R. Civ. P. Rule 11 (c)(1)………………………………………………....11

F.R.A.P  Rule 26.1 ………………………………………………………………2

Third Circuit LAR 26.1……………………………………………………………2

F.R.A.P. Rule 32 (a) (5)……………………………………………………………2

F.R.A.P. Rule 32 (a) (6)……………………………………………………………2

F.R.A.P. Rule 46.2 ………………………………………………………………1

3rd Circuit Local Appellate Rule 46.2……..…………………………………………1

## APPELLANT'S REPLY BRIEF OF JOHN PAUL OPOKU PERTAINING TO DEFENDANTS ECFMG AND GRESE'S APPELLEES' BRIEF

### STATEMENT OF THE CASE

This is in continuation of the statement of case in Appellant's Opening Brief of Plaintiff Opoku. Brian W. Shaffer Esq. (of the Law Firm of Morgan, Lewis & Bockius LLP) and Ms. Claudia M. Tesoro (replacing Barry N. Kramer Esq.) timely filed their notice of appearance on October 22, 2013, as the counsels for Defendants ECFMG and Grese, and Defendants Griffin and Martinez respectively.

On October 29, 2013, four days after the 14 days deadline the law required all parties in the case (except Pro se Appellant) to file their notice of appearance in the court of appeals, Ms. Elisa P. McEnroe Esq. (of the Law Firm of Morgan, Lewis & Bockius LLP), apparently in pretense, illicitly and deceptively attempted to file a notice of appearance on behalf of Defendants ECFMG and Grese, as against Federal Rules of Appellate Procedure Rule 46.2, and 3rd Circuit Local Appellate Rules 46.2)[1].  Ms. McEnroe apparently aimed to cover up her illicit

---

[1] Within 14 days of notification of the docketing of a case, counsel for the appellant or petitioner must file an entry of appearance which must include an address where notices and papers may be mailed to or served upon him or her. No later than 14 days after the docketing of the appeal, counsel for all parties in the trial court or agency below and any other persons entitled to participate in the proceedings as appellees or respondents and desiring to do so must file a similar appearances…"

operation at the District Court. (See Doc 6 (App -2- E, p. 3). (See Affidavit of Service on 11/12/2013. Doc 003111455599 of the case: 13-4076)

On October 31, 2013, Plaintiff Opoku submitted Appellant's Opening Brief in the case: 13-4076 of which the certificate of service was signed and dated by him on October 30, 2013. On November 27, 2013 Defendants Kimberly Griffin and Suzanne Martinez made an electronic filing of their principal Appellee's Brief signed by Ms. Claudia M. Tesero. On December 3, 2013, Plaintiff Opoku served on the Clerk of the third Circuit Court and all four defendants by UPS, the reply to the Appellee's Brief of Defendants Griffin and Martinez.

On December 2, 2013, (Monday) Defendants ECFMG and Grese electronically filed Appellee's Brief signed by Brian W. Shaffer Esq.

Notably the Appellee's Brief by Defendants ECFMG and Grese is characterized by many remarkable flaws, as a matter of law. Apart from not satisfying the type-phase and type-style requirements of F.R.A.P Rule 32 (a)(5) and 32 (a)(6), it exhibits other remarkable flaws that include (a) intentional and equivocal omission to identify Defendant Grese as a party on the **Corporate Disclosure Statement and Statement of Financial Interest. (See** F.R.A.P 26.1 and Third Circuit LAR 26.1). Notably she is an associate of the Law Firm of Morgan, Lewis & Bockius LLP and a co-defendant in this case, (b) fallacious,

amphiboly, and equivocal statement of issues on appeal that is completely misleading (c) fallacious arguments characterized by appeal to false authority (Arguing in favor of the false reasoning in Doc. 5 (App-2- I) and Doc 5-1 that were also illicitly signed by Elisa P. McEnroe Esq. (Doc 1/ App-2- G),   (d) other fallacious arguments.

## STATEMENT OF FACTS

Brian W. Shaffer Esq. replaces Elisa P. McEnroe Esq. for Defendants ECFMG and Grese in the Third Circuit Court and in another way targets converting the facts in Complaint (Doc 1 (App-2-G) pp. 1 – 38.) into ambiguities and false statements. (E.g. Compare Doc 003111469150, p. 32 to Doc 16, pp. 12 – 14 & Doc 17/App-2-M, pp. 12 – 14).

## **SUMMARY OF ARGUMENT**

Ms. Elisa P. McEnroe illicitly represented the Defendants ECFMG and Grese in the District Court and signed Doc 5 /App-2-I and Doc 5 -1. (See Doc 6, Doc 16 /App-2- L, and Doc 17 /App-2- M)   Plaintiff Opoku first ignored to respond to Doc 5/App-2- I and Doc 5 -1 until the District Court, misled and thus in error, ordered him to do so (See Doc 13; Doc 003111469150, p. 28). Defendants ECFMG and Grese now offer new fallacious arguments to make irrelevant Doc 5/ App-2-I and its responses in Doc 16 (App-2-L), Doc 17 (App-2-M) and the

Appellant's Brief). As a way to seize the dilemma by the horn, Plaintiff Opoku

offers appropriate arguments to the Appellee's Brief of Defendants ECFMG and

Grese.

## ARGUMENTS

### 1. *Equivocal and misleading statement of issue by Defendants ECFMG and Grese*

It is misleading, equivocal, amphiboly, and fallacious for Defendants ECFMG

and Grese to state that the issue on appeal is "Whether the District court properly

dismissed an action in which the plaintiff failed to state a claim upon which relief

could be granted." (Appellee's Brief, Doc 003111469150, p. 9) This statement is

irrelevant because Plaintiff Opoku stated in his complaint the facts that could be

proven against Defendants ECFMG and Grese, and their Co-defendants. See Doc

1, App-2-G, pp. 1-38, See Picking v. Pennsylvania Railway 151 F2d 240; Gomez

v. Toledo (1980, U.S) 64 L Ed 2d 572, 100S. Ct 1920; Rod v. Dellarciprette, 845 F

2d. 1195.

### 2. *Plaintiff Opoku stated and proved, by means of preponderance of evidence, the Fraud Claim against Defendants ECFMG and Grese*

By ignoring the fallacious, amphiboly, equivocal, begging the question, and

self-serving definition of fraud put forth by Defendants ECFMG and Grese, (See

Appellee's Brief, Doc 003111469150, p. 27), and focusing on Federal Rules of

Civil Procedure Rule 9 (b) in relation to Complaint, Doc 1/App-2-G, pp. 4 – 38 (summarized below), and preponderance of evidence proving fraud, the Court of Appeals can avoid being misled by the Defendants ECFMG and Grese.

a. Defendants ECFMG forged the lowest of the lowest failing test scores on USMLE Step 1 and Step 2-Ck to replace Plaintiff Opoku's excellent test scores and as a result robbed him for $1390.00. They also defrauded him for $55.00 on the pretense of doing test score rechecks. It was not until Plaintiff Opoku challenged the defendants about eight months later that they made a false test fees waiver offer at a fake PHRC for him to retake the tests he had already passed. In demonstrating that the false test fees waiver offer was a mere cover-up and gimmick, the defendants again lured Plaintiff Opoku to put down another $1295.00 for a third exams (USMLE Step 2- CS) and declared forfeiture of that money. (See Doc 1 App-2-G, pp. 15 – 20; Doc 10, p. 6)

b. Notably, Defendant ECFMG currently charges a minimum of about $725.00 for Step 1 or Step 2- CK, and a minimum of $ 1,300.00 for Step 2 –CS for tests that have no transparency. The Defendant ECFMG pays no taxes on the money they collect from thousands of candidates, and have financial incentives to fail to induce test retake for more money, as they believe that

these candidates have no civil or human rights. They state in their own words,

> "Each year ECFMG assesses whether thousands of international medical graduates ("IMG") are ready to enter accredited medical residency or fellowship programs in the United States" See Appellee's Brief of ECFMG and Grese p. [1]/ Case: 13-4076, Doc 003111469150, p. 9)

c. In concealing the evidence of fraud against Plaintiff Opoku, the operatives of Defendant ECFMG denied his legal representative (they had misled by propaganda) the chance to get access to the original tests scores issued by Prometric Testing Center. Ms. Faye Riva Cohen, as the attorney for Plaintiff Opoku at the fake PHRC thus stated that,

> "I spoke last week to ECFMG's Vice President of Operations and Yesterday I spoke with the attorney for USMLE [Defendant Grese].... She says that some of the information is confidential, and if that is the case, the only way we can gain access to it and that isn't certain, is if a judge forces them to provide it. That would be very expensive proposition, expecially if Morgan Lewis is involved". See Doc 1/ App-2-G, p. 11, Footnote 16, Appendix B 3.

d. Still on their efforts to conceal the evidence of fraud, Defendants ECFMG and Grese interjected by conspiracy Plaintiff Opoku's complaint filed at PHRC. See Doc 15/App-2-K, pp. 10 - 21 See Rod v. Dellarciprette, 845 F. 2d 1195 1207 (3d Cir 1988).

e. In pursuit of justice Plaintiff Opoku timely filed complaint (Doc 1/App-2-G) at the District Court (Case: 12-3457) and the Defendants ECFMG and Grese

denied him due process by intentionally defaulting on the summons and then while in inexcusable default illicitly filed a motion to dismiss complaint signed by a counsel who had not filed a notice of appearance at the court. See Doc. 16/App-2- L and Doc 17/App-2- M. See Doc 6 & Doc 5/ App-2- I.

f.  Misled by the Defendants, the District Court dismissed Plaintiff Opoku's motion for summary judgment for default  (See Fed Rule of Civil Procedure Rule 55) and also his complaint (Doc 1 /App-2-G) See Docs 8, 12, 14.

g.  In addition to the forgoing demonstration of inconsistencies for the concealment of the evidence of fraud, Defendants ECFMG and Grese have given other clues. Page 7 of Complaint (Doc 1/App-2-G) Footnote 2, Appendix B10 supports the facts that Plaintiff Opoku has sound basis for his belief that his test scores were maliciously forged by Defendant ECFMG and he is not speculating on the basis of **intuition**.  In their original 2011 Information Booklet (Not the Exhibit B of Doc 5-1 that the defendant counterfeited), the Defendant ECFMG stated that,

> "The USMLE program assures the validity of scores reported for USMLE examination by every means available. An examinee's scores may be canceled if the scores are at or above the passing level and the USMLE program cannot certify that they represent a valid measure of the examinee's knowledge or competence as sampled by the examinations." See Doc 1/ App-2-G, p. 7; Footnote 2, & Appendix B 10.

In addition to Defendants ECFMG and Grese's lack of success to conceal evidence of fraud by the above calculated policy modification, their decision to modify also presents a formidable clue in Plaintiff Opoku's claim of fraud. Doc 1/App-2-G, pp. 5, Paragraph 18, shows that a clause deleted by the Defendants to bring about the above modification was also revealing. The clause read, "A score that has been classified as indeterminate will not be reported". Its existence in the policy raised questions about why Defendant ECFMG would report the lowest of the lowest test score for Plaintiff Opoku against their own policy if it were genuine. (See Doc 1/App-2-G, pp. 5 - 7, Footnote 8; Appendix B7)

h.  In their Appellees' Brief Defendants ECFMG and Grese have reinforced their cover up lies by stating that, "A separate entity, the National Board of Medical Examiners ("NBME") scores the Step 1 and Step 2 CK exams and provides ECFMG with the scores. ECFMG then issues the score reports to the examinees." See Doc 003111469150, p. 12. See also Doc 5- 1 p. 2. This statement conflicts with three other versions about the same subject.

> i.  "NMBE is responsible for determining the results of USMLE exams and for issuing the score report": (See Doc 1 (App-2- G) p. 14, paragraph 37, & Appendix C6 and B11).
>
> ii.  "Once your result is available, ECFMG will issue your score report. Results for Step 1/Step 2 –CK are typically

available within three to four weeks after your test date." (See Doc 1 (App-2-G) p. 13 & Appendix 5)

iii. "It is expected that your scores will be made available to the registration entity for mailing within six weeks of the date that you took the examination" ( See Doc 1 (App - 2- G) p 12, footnote 19 & Appendix A5).

i. The first quotation indicates a later modification the Defendant ECFMG made to reflect their arguments at the fake PHRC. The Second quotation was the original policy the Defendant ECFMG had in place in 2008 at the time Plaintiff Opoku sat for the USMLE Step 1 exams. The third quotation, which confirms the second quotation, is a notice received by Plaintiff Opoku on February 9, 2009 at Prometric Testing Center. The Registration entity indicated in the third quotation is the Defendant ECFMG, which at the point of issuing the score report arbitrarily decides what to report irrespective of the actual scores. Experts of the USMLE exams also confirm the facts of the second and third quotations as the usual practice of Defendant ECFMG (See Doc. 1 (App-2-G) pp. 13- 17, paragraphs 36 – 38, Doc. 003111469150, p.12)

j. Plaintiff Opoku never received any scores in a mail, as ECFMG simply sent him e-mail to download his scores from the Web.

k. Notably, Prometric Testing Center, which though does about 50% of the work of Defendant ECFMG, has not been mentioned by Defendant ECFMG and Grese even a single time in the course of these proceedings. Now, challenged on the "Corporate Disclosure Statement and Statement of Financial Interest" as the Appellee's Brief's requirement to declare under penalty of perjury their partners or parent entity, the Defendant ECFMG answers "none" and does not mention even NBME by which they have falsely attempted to replace Prometric Testing Center and fallaciously shifted the burden of proof. See <u>Rod v. Dellarciprette</u>, 845 F. 2d. 1195, 1207 (3d Cir 1988) cited in <u>Evancho v. Fisher</u>, 423 F. 3d 347, 353 (3d Cir. 2005); <u>Stringer v. Car Data Inc</u>. 314 Or 576, 584, 841 P2d 1183 (1982).

### 3. *The Defendants ECFMG and Grese Beg the question about the forged test scores*

Despite the foregoing preponderance of evidence of fraud, the Defendants ECFMG and Grese beg the question about their burden of proof, as they fallaciously shift the burden of proof to Plaintiff Opoku. See Doc. 003111469150, p. 28; See <u>Tom Morello Const. Co Inc v. Saving and Loan Assn'n</u>, 280 Pa. Super. 329, 421 A. 2d 747 (1980); <u>Miller by Miller v. Leijedal, 71 Pa. Cmwith.</u> 372, 452 A. 2d 540 (1980); <u>Carollo v. Forty-Eight Insulation Inc</u>, 442 Pa. 283, 276 A 2d 513 (1971)

Defendants ECFMG and Grese have demonstrated a complete lack of credibility and integrity by the numerous deceptive tricks they have used to mislead the court. Despite the fact that the certified docket entry (12-3457) at the District Court does not show any activity to that effect, the same defendants continue to lie and insist that their false Exhibit A and B attached to Doc 5, as analyzed in detail in Doc 17 (App-2-M), Doc 12, Doc 8, and the Appellant's principal Brief, were taken from the court clerk of the District Court. See Doc. / App- 1-E, See Doc 1/ App-2- G, pp. 10 - 11; Footnote 16.

### 4. *Defendants ECFMG and Grese aim to block the necessary Reversal of Judgment by appealing to pity*

Aside the attempt of substantial distortion of the complaint and case proceedings, the Appellee's Brief of Defendants ECFMG and Grese ignores the issues presented for review in this appeal and takes to demonizing Plaintiff Opoku and appealing to pity. Accordingly, on the **Corporate Disclosure Statement and Statement of Financial Interest of the Appellee's Brief**, the Defendants ECFMG and Grese name only Defendant ECFMG and omit Defendant Grese. In page [1] (Doc 003111469150, p. 9) of the brief, the Defendants ECFMG and Grese refer to themselves collectively as "ECFMG Defendants" to overshadow Defendant Grese.

By the Defendants own admission, "Attorney Grese is an associate with the law firm Morgan, Lewis, & Bockius LLP ("Morgan Lewis") See Doc 5-1, pp. 1- 2. Federal Rules of Civil Procedure Rule 11 (c) (1) states that, "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Thus diminishing her appearance in the Brief to overemphasize Defendant ECFMG as "not-for-profit" organization lays the ground for fallacious appeal to false authority or pity.

### 5. "Not-for Profit" does not necessarily mean Indemnity, altruistic or innocence

Defendant Grese is Attorney by profession and belongs to the law **Firm of Morgan, Lewis, and Bockius LLP.** This fact notwithstanding, in the Appellee's Brief presented for her and Defendant ECFMG, their counsel Brian W. Shaffer Esq. intentionally omits to mention her as a partner on a form. Plaintiff Opoku's misled Attorney at the fake PHRC stated of Defendant Grese's Law Firm,

> "As I told you they are one of the largest firms in the world, and they charge their clients quite a bit. I don't know why they are not writing to me. But perhaps the PHRC did not notify them of my entry of appearance," See Doc 1/ App-2- G, p 26 & Appendix C 2) (Stated by Ms. Faye Riva Cohen Esq.)

Defendant ECFMG retained Defendant Grese at the fake PHRC solely for the purpose of interfering with the American justice system so that Plaintiff Opoku could be deprived of his fundamental human rights and the false "sovereignty" of

ECFMG could be preserved. (See Complaint (Doc 1/ App-2-G, pp.24 – 34, Doc 17/ App-2 – M, p. 11. See Case: 13-4076, Doc 003111469150, pp. 24 – 30).

It is clear from the foregoing that "Not-for-profit" does not mean indemnity, altruistic, or innocence. Especially the conducts that the Defendants ECFMG and Grese have shown in the Courts enhance defendants who hold themselves above the law and have no respect for the rule of law, the judicial system, American values, human dignity, and human rights. See Doc 1/ App-2- G, pp.16 – 17.)

### 6. *The motions to Dismiss Complaint by Defendants ECFMG and Grese and their Co-defendants (Doc 5 & 10) were illicit*

Defendants ECFMG and Grese's response to the summonses was not timely. Plaintiff Opoku stated in Doc 12, p 34, paragraph (k), that "Even with plaintiff's generous computation of the time on the basis of Federal Rules of Civil Procedure 6 (d) and Fed R. Civ. P. 5 (b)(2)( C), the defendants are still in default". (See Doc 6) Defendants ECFMG and Grese have now changed their arguments from, "Plaintiff's service by mail was not effective on July 27, 2012 because he did not include a waiver of service form…" ( See Doc 11, p. 2, Footnote 1), as argued under the illicit representation of Elisa P. McEnroe Esq. (Doc 6) and  highlighted in Doc 17 (App-2-M) pp. 12 – 14 and Doc 16, pp 12- 14,  to the fallacious argument below under Brian W. Shaffer Esq.

"Opoku alleges that 24 days after June 27, 2012 is Friday July 20, 2012, not Saturday, July 21, 2012 [False: Opoku made no such statement}.... Opoku is wrong....The ECFMG defendants anticipate that Opoku's miscounting is based on his failure to take into account that, per Federal Rule of Civil Procedure 6 (a) (1) (A), the day of event that triggers the period (June 27) is excluded, meaning that day one of the 24-day period is June 28, making the last day Saturday, July, 2012" See Appellee's Brief, Doc 003111469150, p. 32).

The above argumentation is still wrong despite the amphiboly evident in the above quotation. Federal Rules of Civil Procedure Rule 5 (b) (2) (C ) that goes hand in hand with Rule 6 (d) states that, "mailing it to the person's last known address – in which event service is complete upon mailing [when the mail is signed for]," See Doc 12, pp. 30- 31. The Defendants ECFMG and Grese's default resulted from their intentional alteration of Fed R. Civ. P. Rule 4(d). (See Doc 11, p.2, Footnote 1. See Doc 17/ App-2-M, pp. 12 -14; Doc 16, pp. 12 – 14.

Moreover, given that Defendants ECFMG and Grese defaulted and filed a motion to dismiss signed by a counsel who had not filed a notice of appearance (See Doc 6), Plaintiff Opoku had no obligation to respond to their motion and, therefore the District Court erred, as a matter of law, by ordering a response from Plaintiff Opoku (See Doc 13) Federal Rules of Civil Procedure Rule 5 (a) (2), states that "If a party fails to Appear: No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4. "(See Doc 12, p 35)

### 7. *Defendants ECFMG and Grese are Certainly Private Entities who acted illegally as State Actors*

Defendants ECFMG and Grese are certainly private entities but ones who acted illegally to ill-influence state actors. Doc 15/ App -2- K, pp. 9 – 21, Doc 16, Doc 17/ App-2- M, pp. 15-, and Appellant See <u>Dennis v. Sparks</u> 449 U.S 24, 101 S . Ct, 183, also See <u>Adickes v. S.H Kress & Co</u>, 398 U.S 144. 90 S. Ct. 1598.

### <u>CONCLUSION</u>

The Supreme Court has held that constitutionally mandated requirement of due process in a given context and case are supplied and defined by federal law not by state law or regulations. See <u>Davis v. Scherer</u>, 468 U.S 183, 194 (1984). The conduct of all four Defendants is extreme in degree, atrocious, utterly outrageous, reckless, intentional, humiliating, dehumanizing, agonizing, and intolerable in a civilized society. <u>McKeeman v. Corestates Bank,</u> 751 A. 2d 655, 661 (pa. Super. Ct. (2000). Plaintiff Opoku's foreign nationality and Pro se status are not a hindrance to justice in the United States. See <u>Filartiga v. Pena –Irala</u> 630 F. 2d 876 (1980); <u>Picking v. Pennsylvania Railway</u> 151 F2d 240; 28 U.S. C § 1654; 42 U. S. C § 1983, 42 U. S. C § 1985. Accordingly Plaintiff Opoku deserves reversal of judgment based on substantial evidence and plenary reviews.

Respectfully submitted

John Paul Opoku                    Date: DECEMBER 14, 2013

## CERTIFICATE OF COMPLIANCE

In accordance with FRAP Rule 32(a) (7) (C) (i), I certify to the best of my knowledge that this **Appellant's Reply Brief of John Paul Opoku** (Pro Se) (pertaining to Defendants ECFMG and Grese's Appellee's Brief) is in compliance with the specifications of F.R.A.P 32. This Brief is prepared and filed by John Paul Opoku (Appellant –Plaintiff) in the   United States Court of Appeals for Third Circuit, in the case with Docket:13-4076, and complies with the following specifications in accordance with FRAP 32 (a) (7) (B), & ( C )

a.  Number of Pages: 15 pages

b.  Word Count: 3, 596 (excluding tables, Certificate of compliance, and Certificate of Service) (the maximum set by F.R.A.P 32 is 15 pages)

c.  Typeface: 14 points or larger; Theme Fonts: Times New Roman; proportionally spaced,

d.  Double spaced typing (except indented quotations, footnotes, and headings that are single spaced)

e.  Certificate of Compliance included

f.  Certificate of Service included

g.  Brief typed on 8 ½ by 11 inches light paper, opaque and unglazed, typed only on  one side of the paper in black ink

h.  Gray cover

i.  Paper has at least one inch margin on the sides

Declared and signed by

Date _DECEMBER 14, 2013_

John Paul Opoku (PRO SE)(Appellant- Plaintiff)

# CERTIFICATE OF SERVICE

I certify that, by UPS, I have served **10 bound paper copies** (including one original) of the Appellant's Reply Brief of Plaintiff Opoku (pertaining to Defendants ECFMG and Grese's Appellee's Brief) in the case 13-4076 on the Court of Appeals for the Third Circuit through the Office of the Clerk, Maria Reyes, Case Manager, 601 Market Street, 21400 U.S CourtHouse, Philadelphia, PA 19106 -1737.

I certify that, by UPS, I have served **one bound paper copy** of the Appellant's Reply Brief of Plaintiff Opoku (pertaining to Defendants ECFMG and Grese's Appellee's Brief) in the case 13-4076, on Appellees – Defendants Education Commission for Foreign Medical Graduates and Christina Joy F. Grese, at 1701 Market Street, Philadelphia, PA 19103 -2901 through their counsel of record, Brian W. Shaffer, who filed his notice of Appearance within time.

I also certify that, by UPS, I have served **one bound paper copy** of the Appellant's Reply Brief of Plaintiff Opoku (pertaining to Defendants ECFMG and Grese's Appellee's Brief) in the case 13-4076 on Appellees – Defendants Kimberly Griffin and Suzanne Martinez, through their counsel on record Ms. Claudia M. Tesoro, 21 South 12th ST, Philadelphia, 3rd Floor, PA 19107 – 3604.

Declared and signed by

Date _DECEMBER 14, 2013_

John Paul Opoku (Appellant)