RECEIVED
AUG - 6 2014
3 Cos
U.S. C.A. 3rd

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE THIRD CIRCUIT

-------------------------------

### Docket No: 13-4076

-------------------------------

### JOHN PAUL OPOKU

#### Appellant

### V.

### EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES; KIMBERLY GRIFFIN; SUZANNE MARTINEZ; CHRISTINA   JOY F. GRESE

-------------------------------

### ON APPEAL FROM THE JUDGMENT OF DISMISSAL OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### (D.C Civil Action No 12-cv-3457)

### District Judge: HONORABLE PETRESE B TUCKER

-------------------------------

### PRO SE PETITION FOR REHEARING AND EN BANC REHEARING

### TAKEN FROM PANEL JUDGMENT

### ENTERED ON JULY 28, 2014

### CIRCUIT JUDGES: HONORABLES: CHAGARES, GARTH, AND SLOVITER

-------------------------------

### Pursuant FRAP 35 AND 40, 3RD Cir LAR 35 AND 40

i

# **TABLE OF CONTENTS**

Page (s)

SUBJECT MATTER JURISDICTION…………………………………………1

STATEMENT OF CASE…………………………………………1 – 2

STATEMENT OF FACTS………………………………………… 2 - 5

STANDARD OF REVIEW…………………………………………......5

PETITION… …………………………………………..6 -15

CONCLUSION…………………………………………...…….15

ATTACHMENTS:

    1. A COPY OF THE PANEL'S OPINION……………………………vii
    2. A COPY OF JUDGMENT……………………………………viii

CERTIFICATE OF COMPLIANCE…………………………………..ix

CERTIFICATE OF SERVICE …………………………………x

---------------------------------------------------------

John Paul Opoku (APPELLANT)

2110 Bronx Park East 2A

Bronx, NY 10462

Tel.: 718-829-8978

Email: johnopk42@aol.com

(PRO SE)

Ms. Claudia M. Tesoro, Esq.                    Elisa P. McEnroe, Esq.

21 South 12th Street                              Brian W. Shaffer Esq.

Office of Attorney General                     1701 Market Street

Of Pennsylvania                                Philadelphia, PA 19103

Philadelphia, PA 19107                        (Counsel for ECFMG & Grese)

                                          Appellees

# <u>TABLE OF CONTENTS</u>

Page (s)

SUBJECT MATTER JURISDICTION.....................................................1

STATEMENT OF CASE..........................................................1 – 2

STATEMENT OF FACTS......................................................... 2

STANDARD OF REVIEW.........................................................2 -3

PETITION... ...............................................................3 -15

CONCLUSION...........................................................…..…...15

ATTACHMENTS:

    1. A COPY OF THE PANEL'S OPINION........................................vii
    2. A COPY OF JUDGMENT..................................................viii

CERTIFICATE OF COMPLIANCE...............................................ix

CERTIFICATE OF SERVICE ......................................................x

# TABLE OF AUTHORITIES

Ashcroft v. Iqbal, 556 U.S. 679 (2009). ……………………………………………14

Barry Young v. Tom Corbett (Attorney General)

 et al (PHRC Employees), in the Case No 09-2220

April 2009. (3rd Cir. 2009),…………………………………3, 5,  13

Bray v. Alexandra Women's Health Clinic,

113 S. ct 733 (1993);…………………………………………………..4

Bounds v. Smith, 430 U.S 817. 821 (1977)…………………………………12

Davis v. Scherer, 468 U.S 183, 194 (1984). …………………….................……..4

Dennis v. Sparks 449 U.S 24, 101 S………………………….….............…....3,  5

Evancho v. Fisher, 423 F. 3d 347, 353 (3d Cir………………….....………….5

Feld v. Merriam, 485 A 2d 742, 747 -48 (Pa 1984)……………………….9, 10

Filartiga v. Pena –Irala 630 F. 2d 876 (1980)……………………..……………4,13

Floyd v. City of New York.

739 F Supp, 2d 376 (2010………………………………….......................…..13

Garvin v. City of Phila, 354 F. 3d 215, 220 (3rd Cir.)……………………………8

Gomez V. Toledo,(1980)

U.S) 64 L Ed 2d 572, 100S. Ct. 1920…………………………………3, 4, 5

Grant v. Kingswood Apts, 2001 WL 1178796,

at 5 (E.D. Pa, Oct. 2, 2001)………………………………………9, .10

Griffen v. Brekridge 403 U.S 88, 102 (1971);……………….......……………..4

Haines v. Kerner, 404 U.S 519, 520-21 (1972). …………………..…..4, .5

Osborn v. Bank of the United States, 22 U.s 738;,……..………….……....…4, 13

Picking v. Pennsylvania Railway 151 F2d 240…..;..……..................2, 3, 4, 6, 7

Pension Benefit Guaranty Corp  v. White Control
Indus Inc., 1998 F. 2d 1192, 1192, 1196- 97 (3rd Cir. 1993);…………..……..3, .6

Rod v. Dellarciprette, 845 F. 2d. 1195,
1207 (3d Cir. 1988)…………………………………………………..3, 5,

Ricci v.Destefano, 530 F. 3d 87
(case no 07-1428, 06/29/09);………………………………………4, 6

See Sameric Corp of Del. Inc v City of Phila., 142 F. 3d 582,
599 (3d Cir. 1998)"………………………………………………7

Saucher v. Katz, 533 U.S 194 (2001………………………………4, 13

Stringer v. Car Data Inc. 314 Or 576, 584, 841 P2d 1183 (1982)…………3

Taliaferro v. Darby Twp Zoning Bd,
458 F.3d 181, 188 (3d Cir. 2006)"……………………………………...7

Toledo (1980, U.S) 64 L Ed 2d 572, 100S. Ct 1920…………………3, .6

Walter Process Equipment v. Food Machinery 382 U.S 172
(1965);……………………………………………………4, 6

# STATUTES

Alien Tort Statute (ATS) of 1789……………………………………....… 12

28 U.S. C § 1291…………….…………………………………..……...1

42 U. S. C§ 1983………………………………………..1, 11, 12, 13, 14

42 U. S. C § 1985………………………………………1, 11, 12, 13, 14

Section 35 of the Judiciary Act of 1789, 1 Sat 73, 92,……………………12

# TABLE OF OTHER AUTHORITIES

3rd Cir. LAR 35 and 40……………………………………....…1, 15

Fed R. Civ. P. Rule 5(a)2……………………………………………13

Fed R. Civ. P. Rule 11 …………………………………………...…15

Fed R. Civ. P. Rule 12 (b)(6)……………...……………………7, 15

(FRAP 35 (b) (1) (B)…………………………………………...12

FRAP Rules 35 and 40; …………………………………...…1, 15

<u>PETITION FOR REHEARING AND EN BANC REHEARING</u>

STATEMENT OF SUBJECT MATTER AND

<u>APPELLATE JURISDICTION</u>

This petition is in pursuant to F.R.A.P Rules 35 and 40; and 3rd Cir. LAR 35

and 40, and is taken from the panel judgment entered on July 28, 2014, in the case

13-4076; John Opoku v. Educational Commission for Foreign Medical. Graduates,

et al, which is an appeal from the District Court Case Number 12-cv-03457

(Modified as 2-12-cv-03457; judgment entered on September 25, 2013). The panel

has appellate jurisdiction in this case pursuant to 28 U.S.C. §1291.


<u>STATEMENT OF CASE</u>


Opoku timely filed his complaint pro se in the District Court on June 19,

2012 alleging that ECFMG, Grese, Griffin, and Martinez, in various ways, some of

which overlap, have violated his Civil and human rights under Title 42 U.S.C 1983

(5). Opoku prayed the court for monetary punitive and compensatory damages

against all defendants, injunctions against ECFMG, and any other relief the Court

might deem appropriate against all defendants. See Doc. 1, Appendix 2 of

Appellant Opening Brief (App-2-G), p. 37. ECFMG, Grese, Griffin, and Martinez

defaulted on the summons and were also non-compliant in numerous procedural

rules. Through some trumped up technicalities they got the District Court to affirm

their motion to dismiss and the District Court entered judgment in their favor, which was entered on September 25, 2013.

Opoku timely filed a Notice of Appeal at the Third Circuit Court of Appeals and it was docketed on October 10, 2013 as 13-4076. In the Appellant Opening Brief, Opoku requested for both Substantial evidence review and plenary review. On July 22, 2014, Opoku's appeal was submitted, on the Briefs pursuant to 3rd Cir LAR 34. 1(a), to a Panel comprising Honorable CHAGARES, Honorable GARTH, and Honorable SLOVITER, Circuit Judges. The panel conducted only plenary review and upon modifying the District Court's judgment of September 25, 2013 affirmed it. The panel's judgment entered on July 28, 2014 is marked to be without prejudice and is accompanied by panel opinion marked "NOT PRECEDENTIAL" See Attachment 1 and 2.

## STATEMENT OF FACTS

The facts of the matter are set forth in detail in Opoku's complaint. The summary of the facts and case provided in the panel's opinion rather reflects the account by ECFMG, Grese, Griffin, and Martinez that is marred by many distortions, omissions, and additions.

## STANDARD OF REVIEW

The panel exercised Plenary that looked at technicality, Opoku requested Plenary and Substantial evidence. <u>Picking v. Pennsylvania Railway</u> 151 F.2d 240 (3d Cir. Court of Appeals); <u>Barry Young v. Tom Corbett (Attorney General) et al (PHRC Employees), in the Case No 09-2220. April 2009</u>. (3rd Cir. 2009), <u>Rod v. Dellarciprette</u>, 845 F. 2d. 1195, 1207 (3rd Cir 1988) cited in <u>Evancho v. Fisher</u>, 423 F. 3d 347, 353 (3rd Cir. 2005); <u>Stringer v. Car Data Inc</u>. 314 Or 576, 584, 841 P2d 1183 (3rd Cir. 1992),; <u>Gomez v. Toledo</u> (1980) (U.S) 64 L Ed 2d 572, 100s Ct, 1920

## **PETITION**

I (Opoku, pro se) express a belief, based on a reasoned and studied educational judgment, that the panel decision is contrary to decisions of the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States, and that consideration by <u>Rehearing and  En Banc Rehearing</u>  is necessary to secure and maintain uniformity of decisions in this court and the U.S Supreme Court, that is, the panel decision is contrary to the decision of this court, that of the U.S Supreme Court, and many other United States Courts of Appeals, as in <u>Picking v. Pennsylvania Railway</u> 151 F2d 240 (3rd Circuit)<u>, Pension Benefit Guaranty Corp v. White Control Indus Inc.</u>, 1998 F. 2d 1192, 1192, 1196- 97 (3rd Cir. 1993); <u>Barry Young v. Tom Corbett (Attorney General) et al (PHRC Employees), in the Case No 09-2220. April 2009</u>. (3rd Cir. 2009), <u>Rod v. Dellarciprette</u>, 845 F. 2d. 1195,

1207 (3rd Cir 1988) cited in <u>Evancho v. Fisher</u>, 423 F. 3d 347, 353 (3rd Cir. 2005); <u>Stringer v. Car Data Inc</u>. 314 Or 576, 584, 841 P2d 1183  (3rd Cir. 1992); <u>Dennis v. Sparks</u> 449 U.S 24, 101 S Ct 183; <u>Gomez v. Toledo</u> (1980) (U.S) 64 L Ed 2d 572, 100s Ct, 1920 <u>Saucher v. Katz 553 </u> U.S 194 (2001), <u>Osborn v. Bank of the United States,</u> 22 U.s 738; <u>Walter Process Equipment v. Food Machinery</u> 382 U.S 172 (1965); <u>Griffen v. Brekridge</u> 403 U.S 88, 102 (1971); <u>Bray v. Alexandra Women's Health Clinic,</u> 113 S. ct 733 (1993); <u>Davis v. Scherer</u>, 468 U.S 183, 194 (1984); <u>Ricci v.Destefano</u>, 530 F. 3d 87 (case no 07-1428, 06/29/09); <u>Filartiga v. Pena-Irala</u>, 630 F. 2d 876 (1980); <u>Haines v. Kerner</u>, 404 U.S 519, 520-21 (1972).

I

The panel's decision overlooks the substantial evidence embodied in the briefs presented by Opoku in these proceedings, including Opoku's complaint designated and included in the Opening brief appendix, Reply Briefs, and other supporting documents. In total, Opoku has submitted in these proceedings a large volume of documents that on the surface may qualify as imperfect only due to its length, but nevertheless constitute solid preponderance of evidences that can support substantial justice. In <u>Picking v. Pennsylvania Railway Cor,</u>151 F. 2d. 240 (3rd Circuit), this court noted that the plaintiff's civil rights pleading was 150 pages, as was described by a federal judge as "inept". Nevertheless, it was held that "where a plaintiff pleads pro se in a suit for protection of civil rights, the court

should endeavor to construe the plaintiff's pleadings without regard to technicalities. See also <u>Gomez v. Toledo</u> (1980, U.S) 64 L Ed 2d 572, 100S. Ct 1920.

This Court has, in every instance held **substantial evidence review** to a very high standard and produced judgments that smack of substantial justice and are precedential. In <u>Barry Young v. Tom Corbett (Attorney General) et al (PHRC Employees), Case No 09-2220. April 2009</u> (3rd Cir. 2009), a case construed by this court as a claim in pursuant to 42 U.S. C § 1983, this court reasoned that all that was required of Appellant Barry Young was to show, through allegations of personal direction, or of actual knowledge and acquiescence ([on solid evidence]), that the Appellees had personal involvement in the alleged wrongdoings.

Substantial evidence review of Opoku's briefs in the appeal would reveal that he passes the above test, if even, as non-lawyer pro se, he lacks the skills to adorn those facts with too many legal precedencies, which in fact he believes do exist and he would find them if he were a professional lawyer . See <u>Rod v. Dellarciprette</u>, 845 F. 2d. 1195, 1207 (3rd Cir 1988) cited in <u>Evancho v. Fisher</u>, 423 F. 3d 347, 353 (3rd Cir. 2005). <u>Haines v. Kerner</u>, 404 U.S 519, 520-21 (1972).

In noting, as pertains to 42 U.S. C § 1983, that "Liability would only attach, if a private party conspired with a state actor." <u>Dennis v. Sparks</u>, 449 U.S 24, 27-

28 (1980) (See panel opinion, Doc. 003111690592, p. 4), the panel needed to consider Opoku's Appellant briefs for substantial evidence proving that ECFMG and Grese, as private parties, conspired with Griffin and Martinez, as State officials, to deny Opoku his due process rights at PHRC. In ignoring substantial evidence review and conducting only plenary review, in which the trumped up technicalities of the professionals more likely than not would have more advantage,[1] the panel was more likely to reward skills rather than material facts. Picking v. Pennsylvania Railway Cor,151 F. 2d. 240 (3rd Circuit), Gomez v. Toledo (1980, U.S) 64 L Ed 2d 572, 100S. Ct 1920.

## II

The panel overlooked the substantial evidence in the Appellant Reply Brief proving that Griffin and Martinez were misleading them into construing that the federal two year statute of limitation had expired on Opoku's allegation against them under Title 42 U.S.C 1983 (5). To this effect the panel noted in error, as the indisputable fact from the docket entry (13-4076) indicate, stating in their "NON PRECEDENTIAL" opinion that,

> "Opoku did not file his complaint in the District Court on June 19, 2012, more than two years after Griffin's last involvement in handling his PHRC

---

[1] As it is indicative of the panel opinion: "We also exercise plenary review over a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (6). Taliaferro v. Darby Twp Zoning Bd, 458 F.3d 181, 188 (3d Cir. 2006)"

claim on January 29, 2010. Because Opoku's complaint suggests that he was aware of Griffin's alleged actions at the time they occurred, his §1983 claim accrued on the same day. See <u>Sameric Corp of Del. Inc v City of Phila.</u>, 142 F. 3d 582, 599 (3d Cir. 1998)" See Doc. 003111690592, p. 7.

On October 15, 2010, Opoku was hinted at PHRC Central office in Harrisburg that the docket number **200804756,** of the form 2008xxxxx, assigned to his case filed at PHRC in 2009, (which should have been of the form 2009XXXXX,) was not authentic and that his case was not officially recognized. Opoku was also hinted that a letter he supposedly had received from a former PHRC official in her official capacity was inauthentic because the person, for a long time, had stopped working at PHRC.

Opoku believed that he was inept, to some extent, in legal matters and finding another Lawyer to replace the one he had who had been rendered redundant by Griffin, would help him get to the bottom of the issue. He finally found another lawyer and trusted everything to him. When Opoku finally became fully aware that Griffin and her conspiracy partners, ECFMG, Grese, and Martinez, had tactically aimed at getting federal statute of limitation to expire on his matter with ECFMG and they were not cooperating with his new lawyer, he took an urgent action to file his complaint pro se in the federal court.

Substantial evidence embodied in the records of the District Court's proceedings and that of the 3rd Cir. Court of Appeals do substantiate that on June

19, 2012, Opoku filed in the District Court his complaint against ECFMG, Grese, Griffin, and Martinez. The persistent and continuous actions of the conspiracy involving these parties culminated in their last noticeable action[2] that occurred about April 24, 2012, having started about 32 months earlier on March 10, 2009. Notably, Opoku getting clues at the PHRC Central Office in Harrisburg on October 15, 2010 about the existence of this conspiracy and its illegal deeds did not stop it from moving forward into April 24, 2012.

Judging from the fact that the last false documents borne out of the illegal deeds of the illegal alliance of the parties became evident about April 24, 2012, which is just two months before Opoku filed his complaint at the District Court, there is absolutely no support for Griffin and Martinez's statute of limitation defenses, which according to federal regulations is two years for this kind of civil right violation. See Garvin v. City of Phila, 354 F. 3d 215, 220 (3rd Cir.).

Moreover, substantial evidence review would support that some statements, made by ECFMG and Grese, in their illicit motion to dismiss they submitted to the District Court, and no better interpretation they attempted in their compliance

---

[2] (Until it resurfaced in the federal court about June 27, 2012 after Opoku served summons on them. Griffin and Martinez boldly marking and submitting to the federal court in deception copies of the false documents they created during March 10, 2009 and April 24, 2012 is an indication that the conspiracy to obstruct justice is still going, not to mention their concerted action to default on the summons or forging a waiver or ECFMG and Grese filing documents deceptively by a counsel who had not filed notice of appearance on their behalf.)

deficient Appellees' Reply Brief in the appeal, provide circumstantial evidence substantiating that Griffin and Martinez have been lying to the Courts for ECFMG and Grese about the material facts of the case, and have thus misled the panel into construing that the authentic PHRC investigated Opoku,s Complaint and dismissed it for lack of evidence.[3]

As aforementioned, ECFMG and Grese stated in the District Court by Ms. Elisa McEnroe, Esq., that,

> Under Pennsylvania law, "[p]unitive damages may be rewarded for the conduct that is outrageous, because of defendant's evil motive or his reckless indifference to the rights of others..... Punitive damages must be based on conduct which is 'malicious' 'wanton' 'reckless' 'wilful' or 'oppressive' <u>Feld v. Merriam</u>, 485 A 2d 742, 747 -48 (Pa 1984) See also Grant v. Kingswood Apts, 2001 WL 1178796, at 5 (E.D. Pa, Oct. 2, 2001). "The State of mind of the actor is vital. The act or the failure to act must be exceedingly high standard required for

---

[3] Taking Opoku out of context, Griffin and Martinez appropriated a part of his account in his complaint on Griffin and Martinez's deceptive deeds at PHRC during their conspiracy and states that, "In letters dated January 23 and April 24, 2012, the PHRC Executive Director "reinforce[d] the decision by Ms. Martinez to dismiss [Mr. Opoku's] case without prior unbiased investigation and examination of the key material evidence or without the involvement {of} PHRC commissioners" (¶ 78). See Doc. 003111466719, p.15.

The above is a modified statement of Griffin and Martinez by their new counsel, Ms. Claudia M.Tesero at the third circuit court of appeals' case 13-4076. Their former counsel Mr. Barry N. Kramer Stated in the District Court, "After Opoku failed the requisite examinations to participate in graduate medical education in the United States, he filed a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") which, after investigation, dismissed the charge because the evidence did not establish that probable cause existed to credit the allegations." See Doc. 10, p. 3. (Designated to be on record for the appeal 13-4076)

a valid claim of punitive damages. Accordingly, should any of Plaintiff's Claims survive, Plaintiff's prayer for punitive damages should be stricken out and denied" See Doc. 5-1, p. 22 (Designated to be included in the appeal).

In their compliance deficient Appellees' Brief, they have also offered no better interpretation of their statement despite attempting to do so by stating that:

"Even if this Court found that Opoku has stated a claim upon which relief can be granted (which the ECFMG respectfully submits he has not) and if a fact finder ultimately managed to find that he is entitled to such relief, punitive damages would not be proper ......." See 003111469150, p. 31, Footnote 8.

Substantial evidence review analysis would show that the above two statements do not support Griffin and Martinez's false claim that the inauthentic PHRC they presented Opoku could thoroughly investigate Opoku's allegations intended to be presented at the real PHRC. Further substantial evidence review analysis of Opoku's Appellant Reply Brief to ECFMG and Grese, (Doc. 003111488948, pp. 9 – 18) would reveal the most likely reason why ECFMG and Grese believe that honest and authentic fact-finders, such as the panel, would find on fact-finding review (substantial evidence review), preponderance of evidence proving that they are lying to the Court in their numerous contradictory claims.

Of the intentions and the character of the well documented actions of all the opposing parties being "'malicious' 'wanton' 'reckless' 'wilful' or 'oppressive" [Feld v. Merriam, 485 A 2d 742, 747 -48 (Pa 1984) See also Grant v. Kingswood

Apts, 2001 WL 1178796, at 5 (E.D. Pa, Oct. 2, 2001]", Griffin and Martinez, who

have demonstrated tremendous influence of ECFMG and Grese, provide a

formidable clue in their own words, as they state:

> "Indeed, as discussed in section 3, above, as a matter of law, the
> PHRC investigation into Mr. Opoku's allegations did not implicate his
> purported right to due process. If no such right was at stake to begin
> with, there cannot have been an actionable conspiracy to deprive Mr.
> Opoku of a right he did not possess." See Doc 003111466719, p. 29.

The same parties having stated what is quoted above also state that, "By

identifying himself as a foreigner [a good and patriotic foreign national resident in

the United States and a federal taxpayer], Mr. Opoku may arguably be part of a

"class" potentially entitled to proceed under § 1985(3)" (See Doc. 003111466719,

p. 28). It becomes self-evident, therefore, that Griffin and Martinez and their co-

conspirators have never accepted that Opoku is a dignified being.

Again, substantial evidence consideration would also support, why the solid

facts embodied in the document Docs. 003111658190, 003111606193,

003111606194, labeled in the 3rd Cir. Court of Appeals' records as "supporting

documents", would more likely than not identify these opposing parties as the

hidden conspirators, who through their revealed accomplices, have been trying

hard with plots to demonize Opoku to make life much harder for him than they

have already made it.

III

In the light of the above consideration, I, Opoku, observe that the proceeding raises many questions of exceptional importance that make Rehearing and En Banc Rehearing an urgent necessity. (FRAP 35 (b) (1) (B). The panel's decision cuts Opoku out of humanity, and even worse completely out of existence in the United States or anywhere else in the Universe, as even trees in America have rights. (E.g. one cannot just go and mess with a tree because one just wants to do that and then not expect to be held liable under some law or Tort when caught.)

As an outcome of the panel's judgment Opoku is automatically cut off, not only from the merits of Title 42 U.S.C 1983 (5), just because he has America at heart, but also from the merits of <u>Section 35 of the Judiciary Act of 1789, 1 Sat 73, 92.</u> As a highlight of the fundamentality of the human and civil rights embodied in the Constitutional provisions, the District of Columbia Court of Appeals wrote, "Private individuals have a Constitutional right of access to the court, that is, the right to sue and defend in the Courts." <u>Bounds v. Smith,</u> 430 U.S 817. 821 (1977)". Taking the foregoing established and accepted authorities as premises, Opoku's understanding of the panel's judgment, like his understanding of the actions and claims of ECFMG, Grese, Griffin, and Martinez, is not conclusory but rather a reasonable inference, which is further fortified not only by the fact that the panel's judgment is marked "NOT PRECEDENTIAL" and yet "without prejudice", but

also by the fact that  the cost of the lawsuit is taxed to Opoku for the benefit of the defendants who love litigation and yet, in principles, chose not to appear boldly and answer questions about their unlawful actions but have been running away on technicalities. See Federal Rules of Civil Procedure Rule 5(a) (2),

A Little worse than the foregoing outcomes of the panel's decision, is how sadly Opoku, without basis, is cut off completely from the good and patriotic foreign nationals resident in the United States who are guaranteed Constitutional protection under Title 42 U.S.C 1983 (5). Foreign nationals go to the federal court to enforce these rights under Alien Tort Statute (ATS) of 1789 from which emerged Filartiga v. Pena-Irala, 630 F. 2d 876 (1980) (New York State Court of Appeals) and Floyd v. City of New York. 739 F Supp, 2d 376 (2010) etc.

The panel's decision to affirm the 11th Amendment defenses raised by Griffin and Martinez poses conflict with the previous decisions of this Court, that of other Courts of Appeals, and that of the U.S Supreme Court. See Barry Young v. Tom Corbett (Attorney General) et al (PHRC Employees), Case No 092220, April 2009; Osborn v. Bank of the United States, 22 U.S. 738; and in Saucher v. Katz, 533 U.S 194 (2001), where the court held that, "In determining whether qualified immunity applies in civil rights cases, Courts must determine whether a right was clearly established in the case's specific context not as a broad general proposition".

## IV

The panel's decision to overlook Opoku's claims under 42 U.S. C § 1983 (5) as federal law claims, and not State Law claims, conflicts with this Court's position. Of note, the panel has at the same time acknowledged the U.S Supreme Court citing that, "Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Ashcroft v. Iqbal</u>, 556 U.S. 679 (2009).[4]

The proceeding also involves one or more questions of exceptional importance regarding the non-compliance stance taken by the counsels of ECFMG, Grese, Griffin and Martinez that have given them advantage in the proceeding.

---

[4] As the panel has rightly noted above, it would be a matter of common sense to construe that the violation of a person's fundamental human and civil rights, would result in some unpleasant and undesirable outcomes for the person. In Opoku's case the opposing parties intentional violations of his Constitutional rights under 42 U.S. C § 1983 and 42 U.S. C § 1985 in the specific way laid out in the complaint have caused him to suffer (a) intentional deprivation of his rights and privileges guaranteed by the Constitution of the United Sates (b) intentional infliction of emotional distress by way of defrauding, exploitation, retaliation, discrimination, marginalization, and obstruction of justice (c) deprivation of due process, and (d) intentional deprivation of the right to be represented by an attorney (at PHRC). The foregoing outcomes, if even can be handled by State law, do not negate the parties' violation of Opoku's Constitutional rights under 42 U.S. C § 1983 and 42 U.S. C § 1985.

Ordinarily appealing to the State law would be an option for Opoku but he could no longer choose because it became impossible as a result of Griffin, Martinez, ECFMG and Grese holding his complaint in bondage for statutes of limitation on the wrongful actions of ECFMG to expire at the state level.

This is in reference to the perhaps the unprecedented massive non-compliance to the FRAP, 3rd Cir. LAR,, Fed R. Civ. Ps, and L. R. Civ. Ps, by counsels of parties that have benefited in this case from trumped up technicalities dangled around the Fed R. Civ. P. Rule 12 (b) (6). Perhaps the most serious question is how is the future of Fed R. Civ. P. Rule 11, discipline and decorum in the Federal Courts?

## CONCLUSION

The panel's decision confers sovereignty and indemnity upon ECFMG and Grese. The panel's decision confers unconditional indemnity, and sovereignty upon Griffin and Martinez. Opoku is made more vulnerable for retaliation. Opoku is wrongly cut off from humanity and existence to the satisfaction of ECFMG, Grese, Griffin, and Martinez, Procedural rules of the Federal Court dishonored by the counsels of the opposing parties. Rehearing and En Banc Rehearing to the rescue Pursuant to FRAP 35 & 40; 3rd Cir. LAR 35 & 40

Respectfully presented

...................................    Date:.................................... August 5, 2014

John Paul Opoku (Petitioner –Appellant).

2110 Bronx Park East 2A

Bronx, New York 10462. Tel: 718-829-8978

This is in reference to the perhaps the unprecedented massive non-compliance to the FRAP, 3rd Cir. LAR,, Fed R. Civ. Ps, and L. R. Civ. Ps, by counsels of parties that have benefited in this case from trumped up technicalities dangled around the Fed R. Civ. P. Rule 12 (b) (6). Perhaps the most serious question is how is the future of Fed R. Civ. P. Rule 11, discipline and decorum in the Federal Courts?

## CONCLUSION

The panel's decision confers sovereignty and indemnity upon ECFMG and Grese. The panel's decision confers unconditional indemnity, and sovereignty upon Griffin and Martinez. Opoku is made more vulnerable for retaliation. Opoku is wrongly cut off from humanity and existence to the satisfaction of ECFMG, Grese, Griffin, and Martinez, Procedural rules of the Federal Court dishonored by the counsels of the opposing parties. Rehearing and En Banc Rehearing to the rescue Pursuant to FRAP 35 & 40; 3rd Cir. LAR 35 & 40

Respectfully presented

Date:....August 5, 2014

John Paul Opoku (Petitioner –Appellant).

2110 Bronx Park East 2A

Bronx, New York 10462. Tel: 718-829-8978

## **ATTACHMENT 1**

## **OPINION PER CURIAM**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 13-4076

———————

JOHN PAUL OPOKU,

Appellant

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES;
KIMBERLY GRIFFIN; SUZANNE MARTINEZ; CHRISTINA JOY F. GRESE

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-03457)
District Judge:  Honorable Petrese B. Tucker

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2014
Before:  CHAGARES, GARTH and SLOVITER, Circuit Judges

(Filed: July 28, 2014)

———————

OPINION

———————

PER CURIAM

John Opoku appeals from an order of the District Court granting Defendants'

motions to dismiss his complaint.  For the reasons that follow, we will modify the District

Court's judgment and affirm it as modified.

The facts being well-known to the parties, we set forth only those pertinent to this appeal. Opoku graduated from a medical school located outside the United States. Around 2007, he registered for the United States Medical License Examination, which is administered by the Educational Commission for Foreign Medical Graduates ("ECFMG"). After taking the examination and receiving failing scores, Opoku filed a complaint with the Pennsylvania Human Rights Commission ("PHRC") alleging that, among other things, ECFMG had fabricated his testing scores and discriminated against him. ECFMG moved to dismiss the complaint, and the PHRC replied on Opoku's behalf. After Opoku amended his complaint, by letter dated January 23, 2012, the PHRC wrote to inform Opoku that it had determined that his complaint would be dismissed for lack of evidence. The PHRC then denied Opoku's request for a hearing and advised him that the case had been closed.

Thereafter, Opoku filed suit in the District Court against ECFMG; Christina Joy F. Grese ("Grese"), a private lawyer who represented ECFMG in proceedings before the PHRC; and PHRC employees Kimberly Griffin ("Griffin") and Suzanne Martinez ("Martinez"). The complaint alleged violations of Opoku's constitutional rights under 42 U.S.C. § 1983 and conspiracy by the Defendants to deprive him of his constitutional rights under 42 U.S.C. § 1985. He also appeared to raise state law claims of intentional infliction of emotional distress and fraud. The complaint sought compensatory and punitive damages against all Defendants as well as injunctive relief against ECFMG.

Defendants ECFMG and Grese filed a motion to dismiss Opoku's complaint for

failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants

Griffin and Martinez filed a motion to dismiss the complaint filed a motion to dismiss the

complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil

Procedure 12(b)(1), and for failure to state a claim under Rule 12(b)(6). Instead of

responding in opposition to the motions to dismiss, Opoku filed what he styled as a

motion for summary judgment. All Defendants opposed Opoku's motion, and the

District Court denied it. At the same time, the District Court ordered Opoku to respond

to the motions to dismiss. Opoku filed lengthy oppositions to the motions to dismiss, and

later filed a motion to amend his memorandum in opposition to the motion to dismiss

filed by ECFMG and Attorney Grese. In a succinct order entered on September 25, 2013,

the District Court denied Opoku's motion to amend, granted both defense motions to

dismiss, and closed the case. Opoku filed a timely notice of appeal.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. The standard of

review over dismissal for lack of subject matter jurisdiction is plenary. Gould Elecs. Inc.

v. United States, 220 F.3d 169, 176 (3d Cir. 2000). We also exercise plenary review over

a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Taliaferro v.

Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). A District Court need not

permit amendment of a complaint that is vulnerable to dismissal if amendment would be

futile. See, e.g., Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). We

are of course mindful that a pro se litigant's complaint is to be construed liberally. See

3

Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A well-pleaded complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice. Id. (citing Twombly, 550 U.S. at 555). The plausibility standard requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct. Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## III.

We affirm the dismissal of Opoku's claims pursuant to 42 U.S.C. § 1983.[1] To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Grese and ECFMG, a private not-for-profit organization, are private parties and not state actors. Liability would only attach if a private party conspired with a state actor, Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). However, for reasons discussed later, the vague allegations of a conspiracy to deprive

---

[1] As a preliminary matter, we reject Opoku's bald assertion in his opening brief that the defendants fabricated certain documents that they submitted in support of their motions to dismiss. Opoku raised similar allegations in his motion to amend his response to the Defendants' motions to dismiss. Given that, we perceive no error in the District Court's refusal to further amend his response.

Opoku of his constitutional rights did not satisfy the plausibility standard of Rule

12(b)(6). Dismissal of Opoku's claims against ECFMG and Grese was therefore

appropriate.

We also affirm the dismissal of Opoku's § 1983 claims against PHRC employees

Griffin and Martinez. The Eleventh Amendment provides a state with immunity "from

liability for damages in a suit brought in federal court by one of its own citizens."

Dellmuth v. Muth, 491 U.S. 223, 229 n.2 (1989). This immunity extends to state

agencies. See MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001).

While states can waive their Eleventh Amendment immunity, see id., Pennsylvania has

not done so, see 42 Pa. Cons. Stat. § 8521(b). The PHRC is an administrative

commission within the executive department of the Commonwealth of Pennsylvania and,

as such, it shares in the Commonwealth's Eleventh Amendment immunity. See 43 Pa.

Stat. Ann. §§ 956-7. Thus, because the PHRC was immune from suit, to the extent that

Griffin and Martinez were sued in their official capacities, they too were immune from

suit.

To the extent Griffin and Martinez were sued in their individual capacities, the

District Court also properly dismissed Opoku's claims against them. According to the

complaint, Griffin became involved in Opoku's administrative case in June 2009, when

she was assigned to investigate his discrimination claim against ECFMG. Opoku alleged

that a letter Griffin sent to him shortly after she was assigned to his case violated his

constitutional right to counsel because she advised him that he was not required to obtain

5

counsel to represent him in the PHRC proceedings. Opoku retained counsel in any event.
Shortly after Opoku's attorney entered an appearance in the case, Opoku claimed that
Griffin incorrectly advised his attorney that he had accepted a settlement offer from
ECFMG. Opoku also alleged that Griffin violated his constitutional rights again on
August 17, 2009, when Griffin advised him in a letter that, on behalf of his position, the
PHRC Office of Legal Counsel would submit a memorandum in opposition to ECFMG's
motion to dismiss and that Opoku's counsel could submit a brief as well. Griffin's
alleged final violation occurred on January 29, 2010, when she verified in an affidavit
that, as a PHRC representative, she was involved in the PHRC's investigation of Opoku's
charges against ECFMG and that the facts set forth in the PHRC's memorandum in
opposition to ECFMG's motion to dismiss were true and correct.

Opoku appears to assert that Griffin's actions violated his Fourteenth Amendment
due process rights and his Sixth Amendment right to counsel. To the extent that Opoku
asserts that Griffin violated his right to counsel, the claim was not cognizable. The
United States Supreme Court has not recognized a constitutional right to counsel in a
civil case or in a civil matter before an administrative agency.[2] See Kentucky West
Virginia Gas Co. v. Pennsylvania Pub. Util. Comm'n, 837 F.2d 600, 618 (3d Cir. 1988);
see also Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). To the extent Opoku
asserts that Griffin's role in processing his case constituted a due process violation, we
agree with Griffin that the claim is time-barred. Claims under section 1983 are subject to

---

[2] Moreover, Opoku ultimately retained counsel to represent him in the proceedings.

a two-year statute of limitations. See Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir.

2003) (noting that there is a two-year statute of limitations for 42 U.S.C. § 1983 actions

in Pennsylvania); 42 Pa. Cons. Stat. Ann. § 5524. Opoku did not file his complaint in the

District Court on June 19, 2012, more than two years after Griffin's last involvement in

handling his PHRC claim, on January 29, 2010. Because Opoku complaint suggests that

he was aware of Griffin's alleged actions at the time they occurred, his §1983 claim

accrued on the same day. See Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582,

599 (3d Cir. 1998). Thus, the statute of limitations expired before he filed his complaint

in the District Court, and Opoku has provided no basis for equitable tolling.

Opoku's allegations against Martinez are vague and reflect that he is suing her

merely because his administrative case was assigned to her for completion. However, he

does not allege that Martinez was personally involved in any constitutional violations.

Other than his repeated claim that she engaged in a larger conspiracy against him, Opoku

did not indicate what specific actions, if any, Martinez undertook during the PHRC

investigation or how she violated his rights. Because it is well-established that liability in

a section 1983 action must be predicated upon personal involvement, see Rode v.

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998), Opoku's complaint was properly

dismissed as to Martinez.

We also affirm the dismissal of Opoku's conspiracy claim. Opoku appeared to

allege that the Defendants conspired against him to deprive him of his rights on account

of his national origin. Although Opoku made various references in his complaint to a

7

conspiracy among the Defendants to falsify his test scores and other documents, he failed to state, in a non-conclusory fashion, facts from which one could infer an agreement or understanding among the Defendants to violate his constitutional rights, or to discriminate against him on account of his national origin. See D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992). The mere fact that ECFMG ultimately prevailed before the PHRC does not suggest that the Defendants conspired to deprive Opoku of his rights.

All that remains before us are Opoku's state law claims. Because the District Court had discretion to exercise supplemental jurisdiction over Opoku's state law claims, see 28 U.S.C. § 1367(c)(3), and since the District Court did not issue an opinion providing its reasoning for declining to do so, we construe the judgment as dismissing Opoku's state law claims without prejudice. Accordingly, we will modify the District Court's dismissal of those claims to reflect that its dismissal is without prejudice to Opoku's ability to pursue those claims in state court. We express no opinion on his likelihood of prevailing in that forum.[3]

---

[3] We are satisfied that amendment of Opoku's complaint as to the federal claims would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend. Phillips, 515 F.3d at 236.

**ATTACHMENT 2**

**COPY OF JUDGMENT**

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

No. 13-4076

---

## JOHN PAUL OPOKU,
Appellant

v.

## EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES; KIMBERLY GRIFFIN; SUZANNE MARTINEZ; CHRISTINA JOY F. GRESE

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 12-cv-3457)
District Judge: Honorable Petrese B. Tucker

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2014
Before: CHAGARES, GARTH and SLOVITER, Circuit Judges

---

## JUDGMENT

---

This cause came to be considered on the record from the United States District

Court for the Eastern District of Pennsylvania and was submitted pursuant to Third

Circuit LAR 34.1(a) on July 22, 2014.  On consideration whereof, it is now hereby

ORDERED and ADJUDGED by this Court that the judgment of the District Court

entered September 25, 2013, is modified and affirmed as modified.  Costs taxed against

Appellant.  All of the above in accordance with the opinion of this Court.

ATTEST:


s/Marcia M. Waldron
Clerk

Dated: July 28, 2014

## CERTIFICATE OF COMPLIANCE

I certify to the best of my knowledge, in pursuant to  F.R.A.P Rule 32(a) (7) (C) (i), I have written this **pro se Petition for Rehearing and En Banc Rehearing** to the specifications below in compliance with F.R.A.P 32 (a) (7) (B), & (C)

a.  Number of Pages: 15 pages

b.  Word Count: 3, 814 (excluding tables, Certificate of compliance, and Certificate of Service) (the maximum set by F.R.A.P 32 is 15 pages)

c.  Typeface: 14 points or larger; Theme Fonts: Times New Roman; proportionally spaced,

d.  Double spaced typing (except indented quotations, footnotes, and headings that are single spaced)

e.  Certificate of Compliance included

f.  Certificate of Service included

g.  Brief typed on 8 ½ by 11 inches light paper, opaque and unglazed, typed only on one side of the paper in black ink

h.  Bound,

i.  Paper has at least one inch margin on the sides

Declared and signed by

Date *August 5, 2014*

John Paul Opoku (Appellant- Pro-Se)

## CERTIFICATE OF SERVICE

I certify that, by US certified MAIL, I have served on the Court of Appeals for the Third Circuit, the Office of the Clerk, Maria Reyes, Case Manager, 601 Market Street, 21400 U.S CourtHouse, Philadelphia, PA 19106, **MORE THAN ONE BOUND PAPER COPY** (including the original) of the Pro se Petition for **Rehearing and En Banc Rehearing** by Appellant John Paul Opoku,

I also certify that, by U.S certified MAIL, I have served on Education Commission for Foreign Medical Graduates and Christina Joy F. Grese, through their Counsel (s) of record, at Brian W. Shaffer Esq. 1701 Market Street, Philadelphia, PA 19103, **ONE BOUND IDENTICAL PAPER COPY** of the Pro se **Petition for Rehearing and En Banc Rehearing** by Appellant John Paul Opoku.

I certify that, by U.S certified MAIL, I have served on Kimberly Griffin and Suzanne Martinez, through their Counsel of record, at Ms. Claudia M. Tesoro, Office of Attorney General of Pennsylvania, 21 South 12th ST, Philadelphia, PA 19107, **ONE BOUND PAPER COPY** of the Pro se **Petition for Rehearing and En Banc Rehearing** by Appellant John Paul Opoku,.

Declared and signed by

Date ...August 5, 2014

John Paul Opoku (Appellant)

x