No. 13-4076

_____

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

_____

JOHN PAUL OPOKU,

Plaintiff-Appellant,

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,
KIMBERLY GRIFFIN, SUZANNE MARTINEZ, AND CHRISTINA JOY F. GRESE

Defendants-Appellees.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania, No. 12-CV-3457
Petrese B. Tucker, United States District Judge

_____

**DEFENDANTS–APPELLEES' PETITION FOR PARTIAL REHEARING BY PANEL**

_____

Brian W. Shaffer (PA Bar #78851)
Elisa P. McEnroe (PA Bar #206143)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
215.963.5103
215.963.5917
bshaffer@morganlewis.com
emcenroe@morganlewis.com

*Counsel for Defendants-Appellees
Educational Commission for
Foreign Medical Graduates and
Christina Joy F. Grese*

**TABLE OF CONTENTS**

**Page**

I.    SUMMARY OF ISSUE FOR RECONSIDERATION ...................... 1

II.   STATEMENT OF FACTS RELEVANT TO PETITION FOR REHEARING ..... 3

III.  ARGUMENT .................................................. 4

    A.    The District Court Exercised Jurisdiction Over
       Opoku's State Law Claims When Dismissing The
       Entire Case ......................................... 4

    B.    Alternatively, This Court Should Remand This
       Matter To The District Court For Clarification ....... 7

IV.   CONCLUSION ................................................ 7

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Douris v. Cnty. of Bucks*,
   No. 99-3357, 2001 WL 695019 (E.D. Pa. June 18, 2001) ........ 5

*Figueroa v. Buccaneer Hotel Inc.*,
   188 F.3d 172 (3d Cir. 1999) ............................. 4-5, 6

*Growth Horizons, Inc. v. Delaware Cnty., Pa.*,
   983 F.2d 1277 (3d Cir. 1993) ................................ 4

*Hagans v. Lavine*,
   415 U.S. 528 (1974) ......................................... 6

**STATUTES AND RULES**

28 U.S.C. § 1367 .......................................... 4, 5

28 U.S.C. § 1367(a) ......................................... 4

28 U.S.C. § 1367(c) ....................................... 4, 5

28 U.S.C. § 1367(c)(3) ...................................... 4

Defendants-Appellees, the Educational Commission for Foreign Medical Graduates ("ECFMG") and Christina Joy F. Grese ("Attorney Grese") (collectively, "ECFMG Defendants"), submit the instant Petition for Partial Rehearing pursuant to F.R.A.P. 40. The ECFMG Defendants respectfully submit that the portion of the *per curium* ruling wherein the Panel construed the District Court's dismissal of Plaintiff-Appellant's state law claims as *without prejudice* was erroneous. Chief Judge Tucker clearly intended to and did dismiss all of Plaintiff-Appellant John Paul Opoku's ("Opoku") claims, including his state law claims, *with prejudice*. However, if this Court believes that a question exists as to whether the District Court's dismissal of Opoku's state law claims was with or without prejudice, the ECFMG Defendants respectfully request that, in order to avoid costly, duplicative and meritless litigation in another forum, the Panel remand this case to Judge Tucker to clarify her ruling in this respect.

## I.  SUMMARY OF ISSUE FOR RECONSIDERATION

On July 28, 2014, this Court affirmed the District Court's Order granting the ECFMG Defendants' motions to dismiss, but modified the District Court's Order to reflect that, while Opoku's federal claims were dismissed with prejudice, his state law claims were dismissed "without prejudice to Opoku's ability to pursue those claims in state court" (the "July 28, 2014

1

Opinion" at 8).  The ECFMG Defendants bring the instant petition

and seek rehearing only as to the Panel's ruling regarding

Opoku's state law claims.

   This Court reasoned that "[b]ecause the District Court had

discretion to exercise supplemental jurisdiction over Opoku's

state law claims, *see* 28 U.S.C. § 1367(c)(3), and since the

District Court did not issue an opinion providing its reasoning

for declining to do so, we construe the judgment as dismissing

Opoku's state law claims without prejudice."  July 28, 2014

Opinion at 8.  Based on this rationale, the Panel apparently

concluded that the District Court declined to exercise

supplemental jurisdiction over Opoku's state law claims, rather

than dismissing those claims on the merits.  There is nothing in

Chief Judge Tucker's ruling, or elsewhere in the record,

however, which supports that interpretation.  In fact, the

circumstances clearly indicate the opposite.  The ECFMG

Defendants sought dismissal of Opoku's entire case under Rule

12(b)(6), did not argue that the District Court should decline

to exercise supplemental jurisdiction over any claims, and the

District Court unequivocally granted ECFMG's motion.

Accordingly, this Court should have affirmed the District

Court's Order without modification or, if some uncertainty

existed, remanded the case to the District Court for

clarification.

## II.  **STATEMENT OF FACTS RELEVANT TO PETITION FOR REHEARING**

After having his allegations rejected by the PHRC, Opoku filed his complaint in the District Court for the Eastern District of Pennsylvania in June 2012.  *See* ECFMG's Response Brief at 7.  On July 23, 2012, the ECFMG Defendants filed a motion to dismiss Opoku's entire case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Id.* Opoku opposed the ECFMG Defendants' motion.  *See id.* at 7-8.

By Order dated September 24, 2013, Chief Judge Tucker unequivocally granted the ECFMG Defendants' motion to dismiss.[1] *See* District Court's Order.  The District Court did not carve out or otherwise distinguish Opoku's state law claims from his federal claims, gave no indication that it was declining to exercise supplemental jurisdiction over Opoku's state law claims, and did not otherwise suggest that it was dismissing any part of the case for jurisdictional reasons.  Opoku appealed the Order to this Court.

---

[1]  The other defendants also filed a motion to dismiss under Rules 12(b)(1) and (6), which Opoku also opposed.  Chief Judge Tucker granted all the defendants' motions to dismiss.

3

III.   **ARGUMENT**

    A.   **The District Court Exercised Jurisdiction Over Opoku's State Law Claims When Dismissing The Entire Case.**

This Court modified the District Court's Order to dismiss the state law claims without prejudice on the basis that "the District Court did not issue an opinion providing its reasoning for declining" to exercise its supplemental jurisdiction. July 28, 2014 Opinion at 8.  This confuses the law on supplemental jurisdiction.

Under 28 U.S.C. § 1367, District Courts "'shall have supplemental jurisdiction' over claims which are 'part of the same case or controversy' as a claim over which the court exercises original jurisdiction." *Growth Horizons, Inc. v. Delaware Cnty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (citing 28 U.S.C. § 1367(a)).  Under Section 1367(c)(3), a District Court has the option, in its discretion, to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* at 1284 (quoting 28 U.S.C. § 1367 (c)(3)).  Neither the statute nor the case law suggests that a District Court must affirmatively declare an intention **to exercise** supplemental jurisdiction. Instead, the District Court must declare its intention **not to exercise** that jurisdiction, providing a valid reason for doing so under 28 U.S.C. § 1367(c).  *See, e.g., Figueroa v. Buccaneer*

4

*Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999) (finding that when a court dismisses state claims based on lack of subject matter jurisdiction because it declines to exercise supplemental jurisdiction, it should state its reasons for doing so, although noting that a full explanation is not necessary if it is clear from context that court declined based on a consideration in Section 1367(c)).

This Court correctly acknowledged that the District Court had discretion to exercise supplemental jurisdiction over Opoku's state law claims under Section 1367. *See* July 28, 2014 Opinion at 8. If the District Court intended not to exercise supplemental jurisdiction over Opoku's state law claims, however, the court would have had to expressly disclaim it or note that it was dismissing Opoku's state law claims for lack of jurisdiction. That did not happen.[2]

This Court should not have modified the District Court's Order to have the state law claims dismissed without prejudice

---

[2] The District Court also gave no indication that any part of the dismissal was meant to be without prejudice. The District Court granted the ECFMG Defendants' motion pursuant to Rule 12(b)(6), and did not otherwise specify that the dismissal was without prejudice or on jurisdictional, venue, or joinder grounds. *See* District Court Order; *supra* § III(A). By law, such a dismissal is with prejudice, even if the District Court's Order does not explicitly say as much. *See, e.g., Douris v. Cnty. of Bucks*, No. 99-3357, 2001 WL 695019, at *4 (E.D. Pa. June 18, 2001)(holding dismissal was with prejudice even though order did not specify whether with or without prejudice because dismissal was pursuant to Rule 12(b)(6) and did not concern jurisdiction, venue, or joinder).

on the basis that "the District Court did not issue an opinion

providing its reasoning for declining" to exercise its

supplemental jurisdiction.  July 28, 2014 Opinion at 8.  This is

because the District Court **did exercise** supplemental

jurisdiction.  The District Court granted the ECFMG Defendants'

12(b)(6) motion to dismiss in its entirety, and gave no

indication that it was dismissing Opoku's state claims for lack

of jurisdiction.  *Cf. Figueroa*, 188 F.3d at 181 (modifying

District Court order dismissing state law claims to be without

prejudice because District Court specified claims were being

dismissed for lack of subject matter jurisdiction).

Instead, the District Court simply and unequivocally

granted the ECFMG Defendants' 12(b)(6) motion to dismiss all

claims.  *See* District Court's Order.  The ECFMG Defendants did

not move to dismiss on jurisdictional grounds and Chief Judge

Tucker granted the ECFMG Defendants' motion to dismiss, so there

is no basis to suggest that the Court's dismissal of any of

Opoku's claims against ECFMG Defendants was on jurisdictional

grounds.[3]  Therefore, the District Court necessarily exercised

jurisdiction over Opoku's state law claims (*see Hagans v.*

*Lavine*, 415 U.S. 528, 542 (1974)), and dismissed all of Opoku's

---

[3] That the other defendants moved to dismiss on the basis of both
Rules 12(b)(1) and (6) does not change that Chief Judge Tucker
granted the ECFMG Defendants' motion to dismiss Opoku's claims
solely on the basis of Rule 12(b)(6).

claims, including his state law claims, under Rule 12(b)(6).

Under the circumstances, one would not expect or need to find

any statement by the District Court about supplemental

jurisdiction.  Accordingly, this Court should not modify Chief

Judge Tucker's complete dismissal of Opoku's case with

prejudice.

**B.    Alternatively, This Court Should Remand This Matter
To The District Court For Clarification.**

In the event this Court still has questions as to whether

the District Court exercised its supplemental jurisdiction to

dismiss Opoku's state law claims with prejudice, Defendants

respectfully request the Court remand to the Chief Judge Tucker

for clarification of her basis for the dismissal of Opoku's

state law claims, and a statement as to whether the District

Court exercised supplemental jurisdiction over the state law

claims for purposes of ruling on the ECFMG Defendants' motion to

dismiss.  Such a step would further the interests of judicial

economy and avoid unnecessary, costly and duplicative

litigation.

**IV.    CONCLUSION**

For the reasons stated herein, Defendants respectfully

request that the Court issue a revised Order affirming the Order

of Chief Judge Petrese B. Tucker of the United States District

Court for the Eastern District of Pennsylvania, as signed on

September 24, 2013 and filed on September 25, 2013, granting

Defendants' Motion to Dismiss and dismissing Opoku's claims in

their entirety **with** prejudice.

|  | Respectfully submitted, |
|---|---|
| | /s/ Brian W. Shaffer |
| August 11, 2014 | Brian W. Shaffer (PA Bar #78851) |
| | Elisa P. McEnroe (PA Bar #206143) |
| | Morgan, Lewis & Bockius LLP |
| | 1701 Market Street |
| | Philadelphia, Pennsylvania 19103 |
| | 215.963.5103 |
| | 215.963.5917 |
| | bshaffer@morganlewis.com |
| | emcenroe@morganlewis.com |
| | |
| | *Counsel for Defendants-Appellees* |
| | *Educational Commission for* |
| | *Foreign Medical Graduates and* |
| | *Christina Joy F. Grese* |