IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

---

Docket No: 13-4076

---

JOHN PAUL OPOKU

Appellant

V.

EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES; KIMBERLY GRIFFIN; SUZANNE MARTINEZ; CHRISTINA JOY F. GRESE

---

ON APPEAL FROM THE JUDGMENT OF DISMISSAL OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C Civil Action No 12-cv-3457)

District Judge: HONORABLE PETRESE B TUCKER

---

IN REFRENCE TO PRO SE PETITION FOR REHEARING AND EN BANC REHEARING TAKEN FROM PANEL JUDGMENT ENTERED ON JULY 28, 2014

CIRCUIT JUDGES: HONORABLES: CHAGARES, GARTH, AND SLOVITER

Pursuant FRAP 35 AND 40, 3RD Cir LAR 35 AND 40

Filed on 08/06/2014

---

OPOKU'S MOTION TO REQUEST A LEAVE TO RESPOND TO ECFMG AND GRESE'S PETITION FILED ON AUGUST 11, 2014

---

i

John Paul Opoku (APPELLANT)

2110 Bronx Park East 2A

Bronx, NY 10462

Tel.: 718-829-8978

Email: johnopk42@aol.com

(PRO SE)


Ms. Claudia M. Tesoro, Esq.

21 South 12th Street

Office of Attorney General

Of Pennsylvania

Philadelphia, PA 19107

Elisa P. McEnroe, Esq.

Brian W. Shaffer Esq.

1701 Market Street

Philadelphia, PA 19103

(Counsel for ECFMG & Grese)

Appellees

# TABLE OF CONTENTS

Page (s)

INTRODUCTION... ...............................................................................1
ARGUMENT........................................................................................1- 4
CONCLUSION......................................................................................5
CERTIFICATE OF SERVICE ........................................................iv

# TABLE OF AUTHORITIES

Haines v. Kerner, 404 U.S 519, 520-21 (1972). ..........................................1

Picking v. Pennsylvania Railway 151 F2d 240..........................................1

# TABLE OF OTHER AUTHORITIES

Fed R. Civ. P. Rule 11...............................................................................3
FRAP Rule 46. 2......................................................................................2
FRAP 35 and 40; 3rd Cir. LAR 35 and 40................................................3
**3rd Circuit LAR. Rule 46.2**..................................................................2

# AN URGENT MOTION TO REQUEST THE COURT'S LEAVE TO RESPOND TO ECFMG AND GRESE'S PETITION FOR PARTIAL REHEARING OR REMANDING THE DECISION OF A HIGHER COURT TO A LOWER COURT

## Introduction

Now comes Opoku and for a motion to request the Court's leave to respond to the petition filed on 08/11/14 by ECFMG and Grese in their attempt to stop Opoku's petition for full Rehearing and En Banc Rehearing. Haines v. Kerner, 404 U.S 519, 520-21 (1972); Picking v. Pennsylvania Railway 151 F2d 240

## Arguments

Opoku understands that a motion to respond to a petition for Rehearing and Rehearing En Banc has to be ordered by the Third Circuit Court of Appeals, as the Federal Rules of Appellate Procedure or the 3rd Circuit Local Appellate Rules prescribe. However, without any such order from the Court, ECFMG and Grese subtly take the law into their own hands and submit some petition meant to delay the process and provoke more cost. Ms. Elisa P. McEnroe's (Esq.) action is consistent with the blatant disregard she has shown to the Federal Rules of Civil Procedure, Local Rules of Civil Procedure, Federal Rules of Appellate Procedure, and the 3rd Circuit Local Appellate Rules, to place Opoku at undue disadvantage in these proceedings.

a. Ms. Ms. Elisa P. McEnroe illicitly represented ECFMG and Grese in the District Court in the case 12-cv-03457 while she had not filed a notice of appearance on behalf of the parties and illicitly signed all the documents submitted to the District Court on behalf of ECFMG and Grese while the parties were in inexcusable default. Fed R. Civ. P. Rule 11

b. Again, as against **Federal Rules of Appellate Procedure Rule 46. 2, and 3rd Circuit Local Appellate Rules Rule 46.2,** Ms. Elisa P. McEnroe filed notice of appearance to represent ECFMG and Grese after the 14 days stipulated by the rules had expired.[1] The discipline of the Court does not leave the obligation of complying with these rules to the discretion of the individuals interested in the case. As the records in the case 13-4076 indicate, however, Ms. McEnroe filed her notice of appearance in this court after the fourteen days had expired.

Despite Opoku pointing out these irregularities in the proceedings over and over again, Ms. McEnroe has maintained a position to take the laws into her own hands, and continues to offend Opoku (who is appearing pro se and is getting no

---

[1] "Within 14 days of notification of the docketing of a case, counsel for the appellant or petitioner must file an entry of appearance which must include an address where notices and papers may be mailed to or served upon him or her. No later than 14 days after the docketing of the appeal, counsel for all parties in the trial court or agency below and nay other persons entitled to participate in the proceedings as appellees or respondents and desiring to do so must file a similar appearances..."

help from any lawyer even though he would enjoy that help if he were to disrespect the court and engage in non-compliance by following the footsteps of the Counsels of ECFMG and Grese) by her non-compliance stance to the Federal Rules of Appellate Procedure or the 3rd Circuit Local Appellate Rules that govern all parties in the proceedings. See FRAP 35 and 40; 3rd Cir. LAR 35 and 40.

Opoku prays the Third Circuit Court of Appeals, not only to take note and grant Opoku a leave to file a motion to deny Ms. Elisa P. McEnroe the petition she has filed on behalf of ECFMG and Grese in pursuit of another trumped up technicality meant to derail justice, but also as reinforcement to administer the necessary response in accordance with Federal Rules of Civil Procedure Rule 11.

In addition to what is said, the substance of the petition of ECFMG and Grese, similar to the their arguments in their motion to dismiss, is diametrically opposed to the material facts uncovered as substantial evidence in Opoku's Appellant Reply briefs, principal brief and all the supporting documents. There is no question that the District Court was misled or greatly offended by the trumped up technicalities and indiscipline put forth by the counsels of the parties in the District Court and was influenced by those actions to grant their motion to dismiss on some technicalities that the court apparently believed could not stand the test going forward.

Moreover, common sense would support that the panel would not go through their deliberations of the District Court's judgment that was not represented in detail by a written opinion without having any kind of consultation in private with the judge involved in the decision. Common sense would also support that remanding the decision of a higher court to a lower court would not only break the tradition and the practice known of the courts but also would not save money or time, not to mention the picture it gives of the offensive attempts by the parties to manipulate the Courts to the demerits of civilization and substantial justice.

ECFMG and Grese wrongly argued in their unlawful motion to dismiss that time was barred on Opoku's State law claims, and also that the District Court had no jurisdiction over Opoku's State Law claims. Aside being fallacious, their arguments and actions are only a clinch for the Third Circuit Court of Appeals to be on the notice that the District Court was misled by the same trumped up technicalities to grant their motions to dismiss (but not because of any merits they had, which, in fact, do not exist) and it was left to a higher court to look into the matter with eagle eyes. Reversing now to take opposite position to the arguments in their motions that have produced "not precedential" outcomes is self- evident of the parties' apparent belief in some entitlement to winning every case in the Courts by any means, hook or crook, which was echoed by Ms. Faye Riva Cohen Esq.

during the drama of ECFMG and Grese at the fake PHRC between March 10, 2009 and April 24, 2012.[2]

## Conclusion

The kind of response the parties have shown in the post-panel judgment orders of the Court bring to climax the truth Opoku has been revealing to the Courts about their lies all along. It is certain that the District Court would not willingly dehumanize Opoku to save the apparent unconventional image the parties have shown of themselves despite their Counsels' plea for that unconventional favor unless the District Court was made to. On account of the foregoing misleading step taken by ECFMG and Grese, through Elisa P. McEnroe Esq., Opoku prays the Court for leave to respond to their styled petition for partial Rehearing, and so kindly consider it filed when granted.

Respectfully submitted

*[signature]*                    Date August 13, 2014

John Paul Opoku (Pro se)

---

[2] Ms. Cohen Esq. said: "I spoke last week to ECFMG's Vice President of Operations and Yesterday I spoke with the attorney for USMLE (Grese). She says that some of the information is confidential and if that is the case, the only way we can gain access to it and that isn't certain is if a judge forces them to provide it, that would be a very expensive proposition, especially if Morgan Lewis is involved…" See Doc. 003111488948, p. 11"

## CERTIFICATE OF SERVICE

I certify that, by US certified MAIL, I have served on the Court of Appeals for the Third Circuit, the Office of the Clerk, Maria Reyes, Case Manager, 601 Market Street, 21400 U.S CourtHouse, Philadelphia, PA 19106, a copy of this supplementary petition.

I also certify that, by U.S certified MAIL, I have served on Education Commission for Foreign Medical Graduates and Christina Joy F. Grese, through their Counsel (s) of record, at Brian W. Shaffer Esq. 1701 Market Street, Philadelphia, PA 19103 an identical paper copy of this supplementary petition.

I certify that, by U.S certified MAIL, I have served on Kimberly Griffin and Suzanne Martinez, through their Counsel of record, at Ms. Claudia M. Tesoro, Office of Attorney General of Pennsylvania, 21 South 12th ST, Philadelphia, PA 19107 an identical paper copy of this supplementary petition.

Declared and signed by

*[signature]*                                                    Date *August 13, 2014*

John Paul Opoku (Appellant)