**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4076
_____

JOHN PAUL OPOKU,

          Appellant

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES;
KIMBERLY GRIFFIN; SUZANNE MARTINEZ; CHRISTINA JOY F. GRESE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-03457)
District Judge: Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2014
Before: CHAGARES, GARTH and SLOVITER, Circuit Judges

(Filed: July 28, 2014)
_____

OPINION
_____

PER CURIAM

    John Opoku appeals from an order of the District Court granting Defendants' motions to dismiss his complaint. For the reasons that follow, we will modify the District Court's judgment and affirm it as modified.

The facts being well-known to the parties, we set forth only those pertinent to this appeal. Opoku graduated from a medical school located outside the United States. Around 2007, he registered for the United States Medical License Examination, which is administered by the Educational Commission for Foreign Medical Graduates ("ECFMG"). After taking the examination and receiving failing scores, Opoku filed a complaint with the Pennsylvania Human Rights Commission ("PHRC") alleging that, among other things, ECFMG had fabricated his testing scores and discriminated against him. ECFMG moved to dismiss the complaint, and the PHRC replied on Opoku's behalf. After Opoku amended his complaint, by letter dated January 23, 2012, the PHRC wrote to inform Opoku that it had determined that his complaint would be dismissed for lack of evidence. The PHRC then denied Opoku's request for a hearing and advised him that the case had been closed.

Thereafter, Opoku filed suit in the District Court against ECFMG; Christina Joy F. Grese ("Grese"), a private lawyer who represented ECFMG in proceedings before the PHRC; and PHRC employees Kimberly Griffin ("Griffin") and Suzanne Martinez ("Martinez"). The complaint alleged violations of Opoku's constitutional rights under 42 U.S.C. § 1983 and conspiracy by the Defendants to deprive him of his constitutional rights under 42 U.S.C. § 1985. He also appeared to raise state law claims of intentional infliction of emotional distress and fraud. The complaint sought compensatory and punitive damages against all Defendants as well as injunctive relief against ECFMG.

Defendants ECFMG and Grese filed a motion to dismiss Opoku's complaint for

failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants Griffin and Martinez filed a motion to dismiss the complaint filed a motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Rule 12(b)(6). Instead of responding in opposition to the motions to dismiss, Opoku filed what he styled as a motion for summary judgment. All Defendants opposed Opoku's motion, and the District Court denied it. At the same time, the District Court ordered Opoku to respond to the motions to dismiss. Opoku filed lengthy oppositions to the motions to dismiss, and later filed a motion to amend his memorandum in opposition to the motion to dismiss filed by ECFMG and Attorney Grese. In a succinct order entered on September 25, 2013, the District Court denied Opoku's motion to amend, granted both defense motions to dismiss, and closed the case. Opoku filed a timely notice of appeal.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. The standard of review over dismissal for lack of subject matter jurisdiction is plenary. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). We also exercise plenary review over a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). A District Court need not permit amendment of a complaint that is vulnerable to dismissal if amendment would be futile. See, e.g., Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). We are of course mindful that a pro se litigant's complaint is to be construed liberally. See

Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A well-pleaded complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice. Id. (citing Twombly, 550 U.S. at 555). The plausibility standard requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct. Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

### III.

We affirm the dismissal of Opoku's claims pursuant to 42 U.S.C. § 1983.[1] To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Grese and ECFMG, a private not-for-profit organization, are private parties and not state actors. Liability would only attach if a private party conspired with a state actor, Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). However, for reasons discussed later, the vague allegations of a conspiracy to deprive

---

[1] As a preliminary matter, we reject Opoku's bald assertion in his opening brief that the defendants fabricated certain documents that they submitted in support of their motions to dismiss. Opoku raised similar allegations in his motion to amend his response to the Defendants' motions to dismiss. Given that, we perceive no error in the District Court's refusal to further amend his response.

Opoku of his constitutional rights did not satisfy the plausibility standard of Rule 12(b)(6). Dismissal of Opoku's claims against ECFMG and Grese was therefore appropriate.

We also affirm the dismissal of Opoku's § 1983 claims against PHRC employees Griffin and Martinez. The Eleventh Amendment provides a state with immunity "from liability for damages in a suit brought in federal court by one of its own citizens." Dellmuth v. Muth, 491 U.S. 223, 229 n.2 (1989). This immunity extends to state agencies. See MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001). While states can waive their Eleventh Amendment immunity, see id., Pennsylvania has not done so, see 42 Pa. Cons. Stat. § 8521(b). The PHRC is an administrative commission within the executive department of the Commonwealth of Pennsylvania and, as such, it shares in the Commonwealth's Eleventh Amendment immunity. See 43 Pa. Stat. Ann. §§ 956-7. Thus, because the PHRC was immune from suit, to the extent that Griffin and Martinez were sued in their official capacities, they too were immune from suit.

To the extent Griffin and Martinez were sued in their individual capacities, the District Court also properly dismissed Opoku's claims against them. According to the complaint, Griffin became involved in Opoku's administrative case in June 2009, when she was assigned to investigate his discrimination claim against ECFMG. Opoku alleged that a letter Griffin sent to him shortly after she was assigned to his case violated his constitutional right to counsel because she advised him that he was not required to obtain

counsel to represent him in the PHRC proceedings. Opoku retained counsel in any event. Shortly after Opoku's attorney entered an appearance in the case, Opoku claimed that Griffin incorrectly advised his attorney that he had accepted a settlement offer from ECFMG. Opoku also alleged that Griffin violated his constitutional rights again on August 17, 2009, when Griffin advised him in a letter that, on behalf of his position, the PHRC Office of Legal Counsel would submit a memorandum in opposition to ECFMG's motion to dismiss and that Opoku's counsel could submit a brief as well. Griffin's alleged final violation occurred on January 29, 2010, when she verified in an affidavit that, as a PHRC representative, she was involved in the PHRC's investigation of Opoku's charges against ECFMG and that the facts set forth in the PHRC's memorandum in opposition to ECFMG's motion to dismiss were true and correct.

Opoku appears to assert that Griffin's actions violated his Fourteenth Amendment due process rights and his Sixth Amendment right to counsel. To the extent that Opoku asserts that Griffin violated his right to counsel, the claim was not cognizable. The United States Supreme Court has not recognized a constitutional right to counsel in a civil case or in a civil matter before an administrative agency.[2] See Kentucky West Virginia Gas Co. v. Pennsylvania Pub. Util. Comm'n, 837 F.2d 600, 618 (3d Cir. 1988); see also Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). To the extent Opoku asserts that Griffin's role in processing his case constituted a due process violation, we agree with Griffin that the claim is time-barred. Claims under section 1983 are subject to

---

[2] Moreover, Opoku ultimately retained counsel to represent him in the proceedings.

a two-year statute of limitations. See Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003) (noting that there is a two-year statute of limitations for 42 U.S.C. § 1983 actions in Pennsylvania); 42 Pa. Cons. Stat. Ann. § 5524. Opoku did not file his complaint in the District Court on June 19, 2012, more than two years after Griffin's last involvement in handling his PHRC claim, on January 29, 2010. Because Opoku complaint suggests that he was aware of Griffin's alleged actions at the time they occurred, his §1983 claim accrued on the same day. See Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Thus, the statute of limitations expired before he filed his complaint in the District Court, and Opoku has provided no basis for equitable tolling.

Opoku's allegations against Martinez are vague and reflect that he is suing her merely because his administrative case was assigned to her for completion. However, he does not allege that Martinez was personally involved in any constitutional violations. Other than his repeated claim that she engaged in a larger conspiracy against him, Opoku did not indicate what specific actions, if any, Martinez undertook during the PHRC investigation or how she violated his rights. Because it is well-established that liability in a section 1983 action must be predicated upon personal involvement, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998), Opoku's complaint was properly dismissed as to Martinez.

We also affirm the dismissal of Opoku's conspiracy claim. Opoku appeared to allege that the Defendants conspired against him to deprive him of his rights on account of his national origin. Although Opoku made various references in his complaint to a

7

conspiracy among the Defendants to falsify his test scores and other documents, he failed to state, in a non-conclusory fashion, facts from which one could infer an agreement or understanding among the Defendants to violate his constitutional rights, or to discriminate against him on account of his national origin.  See D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992).  The mere fact that ECFMG ultimately prevailed before the PHRC does not suggest that the Defendants conspired to deprive Opoku of his rights.

All that remains before us are Opoku's state law claims.  Because the District Court had discretion to exercise supplemental jurisdiction over Opoku's state law claims, see 28 U.S.C. § 1367(c)(3), and since the District Court did not issue an opinion providing its reasoning for declining to do so, we construe the judgment as dismissing Opoku's state law claims without prejudice.  Accordingly, we will modify the District Court's dismissal of those claims to reflect that its dismissal is without prejudice to Opoku's ability to pursue those claims in state court.  We express no opinion on his likelihood of prevailing in that forum.[3]

---

[3] We are satisfied that amendment of Opoku's complaint as to the federal claims would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend.  Phillips, 515 F.3d at 236.